1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# CENTRAL DISTRICT OF CALIFORNIA

10
11
12

BLACK LIVES MATTER LOS
ANGELES, et al.,

     Plaintiffs,

13

vs.

14

CITY OF LOS ANGELES, et al.,

15

     Defendants.

Case No.: 20-cv-5027-CBM-AS

**ORDER RE: NOTICE OF EX
PARTE APPLICATION FOR
TEMPORARY RESTRAINING
ORDER AND MOTION FOR
PRELIMINARY INJUNCTION
(DKT. NO. 14)**

16
17
18
19
20
21
22

     Pending before the Court is Plaintiffs' *ex parte* application for a temporary restraining order (the "Application") and motion for preliminary injunction (the "Motion"). (*See* Dkt. No. 14.) Defendants City of Los Angeles (the "City") and Chief of the Los Angeles Police Department ("LAPD") Michael Moore ("Chief Moore") (collectively, "Defendants") oppose the Application. (Dkt. No. 24 (Opp.).)

     Also pending before the Court is Plaintiffs' Request for Judicial Notice ("RJN"). (Dkt. No. 16.) Defendants do not oppose the RJN.

23

## I. BACKGROUND

24
25
26
27
28

     This putative class action concerns the response of the LAPD to protests and demonstrations which occurred throughout Los Angeles in the wake of the death of George Floyd. (*Compare* First Amended Complaint ("FAC") (Dkt. No. 9) at ¶

1 *with* Opp. at p. 3:5-11.)  Plaintiffs assert in the FAC four causes of action under
2 42 U.S.C. § 1983: (1) a claim for injunctive relief for violations of the First,
3 Fourth, and Fourteenth Amendments of the United States Constitution, California
4 Constitution Articles 1, 2, 3, 7, and 13, Cal. Pen. Code § 835.5, and Cal. Civ. Code
5 §§ 52.1, 815.6; (2) a claim for damages for violations of the Fourth and Fourteenth
6 Amendments of the United States Constitution arising from the arrests of certain
7 Plaintiffs; (3) a claim for damages for violations of the Fourth and Fourteenth
8 Amendments of the United States Constitution arising from force used against
9 certain Plaintiffs; and (4) a claim for damages for violations of the Fourth and
10 Fourteenth Amendments of the United States Constitution arising from the arrests
11 of certain Plaintiffs for infractions.

## II. JURISDICTION

13 The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal
14 question) and 28 U.S.C. § 1343 (civil rights jurisdiction).

## III. LEGAL STANDARD

16 The standard for issuing a temporary restraining order is similar to the
17 standard for issuing a preliminary injunction, and requires the parties seeking
18 relief to show (1) they are likely to succeed on the merits, (2) they are likely to
19 suffer irreparable harm in the absence of injunctive relief, (3) the balance of
20 equities is in their favor, and (4) injunctive relief is in the public interest.  *See*
21 *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).  Under this standard,
22 "serious questions going to the merits and a balance of hardships that tips sharply
23 towards the plaintiff can support issuance of a preliminary injunction, so long as
24 the plaintiff also shows that there is a likelihood of irreparable injury and that the
25 injunction is in the public interest."  *All. for the Wild Rockies v. Cottrell*, 623 F.3d
26 1127, 1135 (9th Cir. 2011) (internal quotations omitted).  Temporary restraining
27 orders "should be restricted to serving their underlying purpose of preserving the
28 status quo and preventing irreparable harm just so long as is necessary to hold a

1  hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto*

2  *Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974).

3  ### IV. DISCUSSION

4  **A.     Request for Judicial Notice**

5          Plaintiffs requested the Court take judicial notice of the following:

6  Publications from the U.S. Centers for Disease Control (Ex. 25-26, 29, 31); the

7  LAPD's Use of Force Directives (Ex. 27-28); and an order granting a temporary

8  restraining order and order to show cause in *Anti-Police Terror Project, et al. v.*

9  *City of Oakland, et al.*, No. 3:20-cv-03866-JCS (N.D. Cal. 2020) (Ex. 30).

10         The Court may take judicial notice of "information … made publicly

11  available by government entities" on their websites.  *Daniels-Hall v. Nat'l Educ.*

12  *Ass'n*, 629 F.3d 992, 998-999 (9th Cir. 2010).  The U.S. Centers for Disease

13  Control, Los Angeles Police Department, and the United States District Court for

14  the Northern District of California are government entities, and the documents

15  Plaintiffs attach as exhibits are publicly available online.  Therefore, the Court

16  **GRANTS** judicial notice of Ex. 25-31.

17  **B.     Plaintiffs have not demonstrated they are likely to suffer irreparable**

18  **       harm.**

19         For purposes of this order, the Court assumes Plaintiffs are likely to succeed

20  on the merits.  Therefore, Plaintiffs must demonstrate they are likely to suffer

21  irreparable harm in the absence of an injunction.  *Winter*, 555 U.S. at 20.

22  "Speculative injury does not constitute irreparable injury sufficient to warrant

23  granting a preliminary injunction … [A] plaintiff must *demonstrate* immediate

24  threatened injury as a prerequisite to preliminary injunctive relief."  *Caribbean*

25  *Marine Services Co. v. Baldridge*, 884, F.2d 668, 674 (9th Cir. 1988) (emphasis in

26  original; internal citations omitted).  "Issuing a preliminary injunction based only

27  on a possibility of irreparable harm is inconsistent with [the United States

28  Supreme Court's] characterization of injunctive relief as an extraordinary remedy

3

that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22 (citation omitted).

Plaintiffs dedicate one paragraph to discussing irreparable harm, stating:

> [I]n light of the potential for serious or even lethal injuries resulting from these practices, there is a clear possibility of irreparable harm in the absence of injunctive relief. *Cf., e.g., Black Lives Matter Seattle-King County* [*v. City of Seattle, Seattle Police Dept.*], [No. 2:20-cv-0887-RAJ,] 2020 WL 3128299, at *4 [(W.D. Wash. 2020) (Jones, J.)] ("Plaintiffs have established a threat of immediate, irreparable harm in the absence of a TRO. They have shown a likelihood of success on their First and Fourth Amendment claims, demonstrating that irreparable harm has already occurred."); *Abay* [*v. City of Denver*], [No. 20-cv-01616-RBJ,] 2020 WL 3034161, at *4 [(D. Colo. 2020) (Jackson, J.)] ("Indeed, irreparable harm has already occurred in the form of physical injury and the suppression of speech.").

(Application at p. 24:8-14.) Although they apparently concede they have shown only a "possibility of irreparable harm," Plaintiffs generally declare they wish to continue protesting, but fear they will be injured or arrested if they do so.

Defendants argue Plaintiffs were not diligent in seeking a temporary restraining order because they waited nineteen days to file this Application, which indicates there is a lack of urgency and irreparable harm. (*Compare* Dkt. No. 1 (Compl.) *with* Dkt. No. 14 (the Application).) The Ninth Circuit has held that a "long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm." *Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc.*, 762 F.2d 1374, 1377 (9th Cir. 1985). Here, Plaintiffs waited a significant period of time before seeking this temporary restraining order, which weighs against finding irreparable harm is likely to occur in the absence of a temporary restraining order. Plaintiffs' delay, however, is only "a factor to be considered in weighing the propriety of the relief," *Lydo Enterprises, Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984), and not a complete bar, as Defendants suggest.

1    Defendants argue next that the irreparable harm Plaintiffs face, if any, is

2    speculative, as it is premised on future actions of LAPD officers during protests

3    that have yet to occur.   Additionally, Defendants offer undisputed evidence that

4    the activity of the LAPD that forms the basis of Plaintiffs' Application has ceased

5    since June 4, 2020.  LAPD Commander Rimkunas declares that protests have

6    continued since June 4, 2020, but the "LAPD has not (1) declared an unlawful

7    assembly, (2) ordered crowds to disperse, (3) deployed [less-than-lethal weapons]

8    for crowd dispersal, or (4) used batons for crowd dispersal at these events."

9    (Rimkunas Decl. at ¶ 22.)  Rimkunas declares that "[m]ass arrests for violations of

10   an unlawful assembly dispersal order only occurred on May 29, May 30, and May

11   31, 2020.  No additional mass arrests for violation of an unlawful assembly

12   dispersal took place since June 3, 2020 at the latest."  (*Id.* at ¶ 27.)

13   Here, Plaintiffs have not demonstrated they are likely to suffer irreparable

14   harm based merely on speculation that LAPD officers may violate their rights

15   under the United States Constitution.  Although Plaintiffs proffer evidence that

16   they previously suffered irreparable harm while protesting and intend to continue

17   those activities, the irreparable harm Plaintiffs allege rests on the assumption that

18   more protests will lead to more constitutional violations.  Defendants have offered

19   undisputed evidence that protests have continued after June 3, 2020, but no mass

20   arrests or use of kinetic projectiles and batons has occurred, which tends to dispel

21   Plaintiffs' theory.

22   Therefore, Plaintiffs have not demonstrated they are likely to suffer

23   irreparable harm in the absence of a temporary restraining order.

24                        **V. CONCLUSION**

25   Because Plaintiffs have not demonstrated they are likely to suffer irreparable

26   harm in the absence of a temporary restraining order, the Court **DENIES** the

27   Application.  Although they captioned this Application as a "Notice of Ex Parte

28   Application for Temporary Restraining Order and Motion for Preliminary

1   Injunction," Plaintiffs do not request an order to show cause why a preliminary

2   injunction should not issue.  As the Court indicated by minute order, the Court

3   addresses in this order only Plaintiffs' request for a temporary restraining order.

4   (*See* Dkt. No. 21 ("The Court will review briefs for purposes of ruling on the *ex*

5   *parte* application for a temporary restraining order filed by Plaintiffs.")  Nothing in

6   this order precludes Plaintiffs from filing a noticed motion for a preliminary

7   injunction, consistent with Fed. R. Civ. P. 65 and the local rules of the Central

8   District of California.

9        **IT IS SO ORDERED.**

10

11   DATED: July 14, 2020

12

13   _____

14   CONSUELO B. MARSHALL
     UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28