Cynthia Anderson Barker, SBN 75764
NATIONAL LAWYERS GUILD
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
t. 213 381-3246  f. 213 381-3246
e. cablaw@hotmail.com

Paul Hoffman, SBN 71244
Michael D. Seplow, SBN 150183
Aidan McGlaze, SBN 277270
John C. Washington, SBN 315991
SCHONBRUN, SEPLOW, HARRIS,
HOFFMAN & ZELDES LLP
11543 W. Olympic Blvd.
Los Angeles, California 90064-1508
t. 310 396-0731; f. 310 399-7040
e. hoffpaul@aol.com
e. mseplow@sshhzlaw.com
e. amcglaze@sshhzlaw.com
e. jwashington@sshhlaw.com

Attorneys for Plaintiffs
Additional Counsel on Next Page

Barrett S. Litt, SBN 45527
Lindsay Battles, SBN 262862
KAYE, MCLANE, BEDNARSKI & LITT
975 E. Green Street
Pasadena, California 91106
t. 626 844-7660 f. 626 844-7670
e. blitt@kmbllaw.com
e. lbattles@kmbllaw.com

Pedram Esfandiary, SBN 312569
e. pesfandiary@baumhedlundlaw.com
Monique Alarcon, SBN 311650
e. malarcon@baumhedlundlaw.com
Bijan Esfandiari, SBN 223216
e. besfandiari@baumhedlundlaw.com
R. Brent Wisner, SBN 276023
e. rbwisner@baumhedlundlaw.com
BAUM, HEDLUND, ARISTEI &
GOLDMAN, P.C.
10940 Wilshire Blvd., 17th Floor
Los Angeles, CA 90024
t. 310 207-3233 f. 310 820-7444

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BLACK LIVES MATTER LOS ANGELES, CANGRESS (DBA LA CAN), STEVEN ROE, NELSON LOPEZ, TINA CRNKO, JONATHAN MAYORCA, ABIGAIL RODAS, KRYSTLE HARTFIELD, NADIA KHAN, CLARA ARANOVICH, ALEXANDER STAMM, MAIA KAZIM, ALICIA BARRERA-TRUJILO, SHANNON LEE MOORE, DEVON  YOUNG, LINUS SHENTU, individually and on behalf of a class of similarly situated persons,<br><br>               PLAINTIFFS,<br>v.<br><br>CITY OF LOS ANGELES, a municipal entity, CHIEF MICHEL MOORE, and DOES 1-10 inclusive,<br><br>               DEFENDANTS. | Case No.: 2:20-cv-05027 CBM-AS<br><br>**PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER TO HOLD RULE 26(F) CONFERENCE ON OR BEFORE AUGUST 14, 2020; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF PAUL L. HOFFMAN.**<br><br>Date and Time: TBA<br>Courtroom: 8B |

1   Carol A. Sobel, SBN 84483
    Katherine Robinson, SBN 323470          Jorge Gonzalez, SBN 100799
2   Weston Rowland, SBN 327599              A PROFESSIONAL CORPORATION
    LAW OFFICE OF CAROL A. SOBEL            2485 Huntington Dr., Ste. 238
3   725 Arizona Avenue, Suite 300           SAN MARINO, CA 91108-2622
    Santa Monica, CA 90401                  t. 626 328-3081
4   t. 310 393-3055                         e. jgonzalezlawoffice@gmail.com
    e. carolsobel@aol.com
5   e. klrobinsonlaw@gmail.com
    e. rowland.weston@gmail.com             Olu Orange, SBN 213653
6                                           Orange Law Offices
7   Colleen Flynn, SBN 234281               3435 Wilshire BLvd., Ste. 2910
    LAW OFFICE OF COLLEEN FLYNN             LOS ANGELES, CA. 90010-2015
8   3435 Wilshire Blvd., Suite 2910         T. 213 736-9900
    Los Angeles, CA 90010                   f. 213 417-8800
9   t. 213 252-9444                         e. o.orange@orangelawoffices.com
    r. 213 252-0091
10  e. cflynn@yahoo.com

11  Matthew Strugar, SBN 232951
    LAW OFFICE OF MATTHEW STRUGAR
12  3435 Wilshire Blvd., Suite 2910
    Los Angeles, CA 90039
13  t. 323 696-2299
    e. matthewstrugar@gmail.co
14

## EX PARTE APPLICATION FOR LIMITED EXPEDITED DISCOVERY

Plaintiffs Black Lives Matter Los Angeles, Cangress, Steven Roe, Nelson Lopez, Tina Črnko, Jonathan Mayorca, Abigal Rodas, Krystle Hartfield, Nadia Khan, Clara Aranovich, Alexander Stamm, Maia Kazin, Alicia Barrera-Trujillo, Shannon Lee Moore, Devon Young, and Linus Shentu hereby move ex parte for an order requiring Defendants to participate in a Rule 26(f) conference on or before August 14, 2020.

Good cause exists for filing this ex parte application. Defendants have refused to hold a Rule 26(f) conference with Plaintiffs as required by Fed. R. Civ. P. 26(f) and 16(b) within the applicable deadlines. The deadline by which the parties were required to confer under Rules 16 and 26 has recently lapsed, and Defendants have indicated that they will not participate in such a conference at this time without a court order. They base their position on what Plaintiffs contend is a misinterpretation of this Court's standing order regarding Rule 26 conferences and the law regarding the interpretation of local rules so as not to conflict with the Federal Rules of Civil Procedure. Defendants' position prevents the expeditious discovery in this case Rules 26(f) and 16(b) require and which is necessary for Plaintiffs to support a motion for a preliminary injunction and for effectively conducting this case. *See* Fed. R. Civ. P. 26(d)(1). A regularly scheduled motion would delay matters an additional several weeks. In part, Plaintiffs seek this discovery in order to move for possible injunctive relief, and to obtain discovery necessary for that motion, but additionally, Plaintiffs believe the Rules are clear that the time for a Rule 26(f) conference is already past due. Further, Plaintiffs need to investigate the claims made in Defendants' submission in opposition to Plaintiffs request for a temporary restraining order.

In support of their application, Plaintiffs submit the accompanying Memorandum of Points and Authorities, the declaration of Paul L. Hoffman, and

PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER REQUIRING 26(f) CONFERENCE

i

incorporate by reference the pleadings and motions on file in this action, and any oral argument or such other matters as the Court may consider.

The parties had a telephonic conference on August 4, 2020 and agreethat the meet and confer obligations are satisfied with respect to an application to compel Defendants to participate with Plaintiffs in a Rule 26(f) conference.  Hoffman Decl. ¶ 2.

The name, e-mail address, telephone number, and address for opposing counsel to be noticed is as follows:

Cory M. Brente, Senior Assistant City Attorney, cory.brente@lacity.org

Geoffrey R. Plowden, Deputy City Attorney, geoffrey.plowden@lacity.org

Gabriel S. Dermer, Assistant City Attorney, gabriel.dermer@lacity.org

Telephone Number: 213-978-7558

Facsimile: 213-978-7011

200 North Main Street, Room 675

Los Angeles, California 90012.

Respectfully submitted,

DATED: August 5, 2020

**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP**

**LAW OFFICE OF CAROL A. SOBEL**

**KAYE, MCLANE, BEDNARSKI & LITT**

By:  _/s/ Paul Hoffman_____
Paul Hoffman
Michael Seplow
Aidan McGlaze
John Washington
*Attorneys for Plaintiffs.*

PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER REQUIRING 26(f) CONFERENCE

ii

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### INTRODUCTION

Plaintiffs respectfully request the Court order that Defendants participate in a Rule 26(f) conference on or before August 14, 2020.  Under the Federal Rules, the deadline to do so was August 4, 2020, 21 days before the date by which a scheduling order would be due.  Fed. R. Civ. P. 26(f).  The date a scheduling order would be due under Rule 16 is August 25, 2020, 60 days after Defendants' appearance.  Fed. R. Civ. P. 16(b)(2); Dkt. 19 (Defendants appeared on June 25, 2020).   Nonetheless, Defendants refuse to hold the required Rule 26(f) conference. Defendants' rationale is that holding a Rule 26 conference before the issuance of a scheduling order contradicts this Court's rules, which is wrong for the reasons set for forth in Section I, *infra*. Defendants should be ordered to confer with Plaintiffs, as required by the Federal Rules.

This is particularly important here.  The Federal Rules limit discovery before a Rule 26(f) conference has occurred, and there is a need for discovery to begin without further delay.    Fed. R. Civ. P. 26(d)(1). Apart from the fact that this violates the Federal Rules, it impedes particularly significant discovery in this case. The Court has denied Plaintiffs' *ex parte* request for a temporary restraining order on the basis that, based on evidence propounded by Defendants, the application had not established a sufficient possibility of future harm, but Plaintiffs remain free to move for a preliminary injunction based on further relevant evidence.  Dkt. 28 at 5–6. The discovery Plaintiffs intend to seek here – concerning the City's extant policies, trainings, and supervision, and purported attempts to adjust them to avoid the abuses at issue here – would bear significantly on the appropriateness of injunctive relief.

In opposing the temporary restraining order, Defendants have touted purported evidence of a desire to change their practices at issue here, alleged

PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER REQUIRING 26(f) CONFERENCE

1

"investigations" and a task force analyzing the use of force by LAPD officers at issue to ensure LAPD officers engage in proper practices and customs with respect to protestors. Dkt. 24 at 8–9, 14. They also opposed a restraining order based on their assertions that injunctive relief would implicate complicated policies and LAPD assessments and realities of which the Court and Plaintiffs were ignorant. Dkt. 24 at 15–17. Plaintiffs should be permitted discovery to address Defendants' attempts to resist a preliminary injunctive relief and whether any of them are true. Defendants cannot simply hide behind a refusal to confer here, even apart from the fact that this is inconsistent with the Federal Rules.

## ARGUMENT

### I.   THE PARTIES WERE REQUIRED TO HAVE PARTICIPATED IN A RULE 26(F) CONFERENCE BY AUGUST 4.

Federal Rule of Civil Procedure 26(f) provides that the parties must engage in a discovery conference "as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or *a scheduling order is due under Rule 16(b)*." (Emphasis added). Under Rule 16(b), a scheduling order is due August 25th. Thus, the parties were required to conduct a Rule 26(f0 conference by August 4th.

Rule 16(b)(2) requires that a scheduling order issue "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared" absent good cause to delay. Defendants appeared June 25. Dkt. 19. The date the scheduling order is due under Rule 16(b) is 60 days after that, August 25. Though the scheduling conference must be held "as soon as practicable," the *deadline* by which to do so is 21 days before August 25, which here was August 4. Fed. R. Civ. P. 26(f). This is true whether or not a scheduling order is actually issued by August 25. Rule 26 does not require the actual issuance of such an order.

PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER REQUIRING 26(f) CONFERENCE
2

Defendants' position is that the Court's standing order alters operation of these Rules. The Court's standing order does not do so. It states that the parties shall engage in a Rule 26(f) conference "pursuant to Federal Rule of Civil Procedure 26(f) and applicable local rules *in anticipation of the court-ordered scheduling conference*. FED.R.CIV.P. 16(b)." Standing Order § 2. (Emphasis supplied.) The Court's order does not alter the timeline in Fed. R. Civ. P. 16(b) or 26(f); it directly cites the Rules. It is readily read to mean "in anticipation of the [already or yet to be scheduled] court-ordered scheduling conference."

This construction of this Court's rule is particularly appropriate in light of the fact that this court's rules may not contradict or conflict with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 83(a)-(b) (local rules and court orders may not be inconsistent with Federal Rules). "Local rules are 'laws of the United States.'" *Marshall v. Gates*, 44 F.3d 722, 724–25 (9th Cir. 1995), *as amended* (Jan. 27, 1995). They are valid only if "'not inconsistent' with the Federal Rules of Civil Procedure." *Id.* (citing Fed. R. Civ. P. 83). Thus, courts should "construe local rules so that they do not conflict with the federal rules, and we have exercised our ingenuity in doing so. . . . " *Id.* at 724–25. Here that is straightforward. This court's local rule that the Rule 26(f) conference occur as provided by the federal rule "in anticipation of the court-ordered scheduling conference as defined by Federal Rules of Civil Procedure 26(f) and 16(b)" is properly interpreted to mean that that the court-rendered scheduling conference need not have been yet scheduled, just that it is due as provided by Rule 16(b).

Defendants' interpretation also makes little sense. The deadline in Rule 26(f) is necessary to allow the Court to make decisions about the scheduling order in advance of when it would be due. *See generally* Rule 26(f), advisory committee note, 1999 amendments. The scheduling order cannot occur absent the conference occurring beforehand. Fed. R. Civ. P. 16(b)(1)(B). All parties who have appeared must

PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER REQUIRING 26(f) CONFERENCE

3

participate in this conference, including if they file Rule 12 motions, though Defendants have not said they will do so. *Id.* ("The obligation to participate in the planning process is imposed on all parties that have appeared in the case, including defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case.").

The Court could, of course, postpone the time by which to issue a scheduling order, and thus the time for a conference,[1] but only upon finding "good cause." Fed. R. Civ. P. 16(b). The Court's standing order obviously does not and could not hold otherwise to the extent Defendants suggest this. *See, e.g.*, Fed. R. Civ. P. 83(a)-(b) (local rules and court orders may not be inconsistent with Federal Rules); *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 949 (9th Cir. 1993).

Defendants have not even attempted to make a showing of good cause, or any other reason to avoid having the Rule 26(f) conference. There is no good reason to delay the discovery process. Defendants should be ordered to participate in the Rule 26(f) conference by August 14, 2020. *See, e.g.*, *ING Bank, fsb v. Fazah*, No. CIV S091174WBSEFBPS, 2009 WL 3824751, at *3 (E.D. Cal. Nov. 16, 2009), *report and recommendation adopted*, No. CIVS091174WBSEFBPS, 2009 WL 4507722 (E.D. Cal. Dec. 3, 2009). There is no good cause to delay a scheduling order in the case, and even if the antecedent conference were not past due, it should be ordered forthwith is necessary to inform the scheduling order, and to allow the parties time to file a report. Accordingly, Plaintiffs respectfully request that the Court require Defendants to participate in the 26(f) conference.

---

[1] Rule 16, advisory committee note, 2015 amendments ("Because the time for the Rule 26(f) conference is geared to the time for the scheduling conference or order, an order extending the time for the scheduling conference will also extend the time for the Rule 26(f) conference.")

PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER REQUIRING 26(f) CONFERENCE

## II. THERE IS NOT GOOD CAUSE TO POSTPONE A SCHEDULING ORDER AND THE ANTECEDENT CONFERENCE.

Even apart from the fact that the Rules ordinarily require a Rule 26(f) conference and discovery based on when the scheduling conference is due, there are ample reasons to require it here. Plaintiffs intend to use initial discovery to discover facts needed to support a possible preliminary injunction. The Court denied Plaintiffs' ex parte request for a temporary restraining order on the basis that, based on evidence propounded by Defendants, the application had not established a sufficient possibility of future harm, but Plaintiffs remain free to move for a preliminary injunction based on further relevant evidence. Dkt. 28 at 5–6. Given the likelihood of future mass demonstrations, it will be crucial for Plaintiffs to move quickly if Defendants continue to use the challenged practices. Plaintiffs intend to conduct discovery that would bear significantly on the appropriateness of injunctive relief, as the parties' briefing to date has shown.

In opposing the temporary restraining order, Defendants touted purported evidence of a desire to change their practices at issue here, alleged "investigations" and a task force analyzing the use of force by LAPD officers at issue to ensure LAPD officers engage in proper practices and customs with respect to protestors. Dkt. 24 at 8–9, 14. Plaintiffs should be permitted the opportunity to address whether the LAPD has made any meaningful efforts to revise its officers' practices in the wake of the egregious abuses alleged in Plaintiffs' complaint, and to do so without delay. The refusal to do so in the face of such abuses significantly bears on the potential for future harm and appropriateness of injunctive relief while the lawsuit is pending.

Furthermore, Defendants' opposition to the temporary restraining order was based on their assertions that injunctive relief would implicate complicated policies and LAPD assessments and realities of which the Court and Plaintiffs were ignorant. Dkt. 24 at 15–17. Defendants also argue that as a factual matter, injunctive relief

would hamper their ability to fight crime.  Dkt. 24 at 17.  Defendants introduced declarations in support of these assertions, including that of Kris Pitcher, the Deputy Chief of Police for the LAPD.  Dkt. 24-2.  Defendants may not shield themselves from a preliminary injunction with such assertions and declarations, while avoiding discovery that could address them.

Furthermore, the limited discovery at issue now is fundamental to Plaintiffs' case and would advance the litigation, and there is no reason to postpone such discovery. The LAPD's current policies, and any corrections to them bear significantly on Plaintiff's claims for injunctive and damages relief – indeed, it is the foundation for many of them – and discovery on these particular issues would advance this litigation.  Defendants will be required to produce such documents regardless, and a momentary stay slowing progress in the case and Plaintiffs' preliminary injunction is not warranted.  Additionally, the information currently contemplated is not overly onerous.  Defendants would need to provide evidence related to the LAPD's policies during the recent events at issue, and any changes to them.  Defendants themselves contend they have been reviewing and assessing the uses of force here, including through a task force, and have suggested that they are implementing changes.  *E.g.* Dkt. 24 at 2, 8, 20.  If this were true, Defendants are presumably very much aware of their applicable policies concerning these incidents and discovery concerning the same is not particularly onerous. In any case, it is the kind of information Defendants would ultimately be required to provide even if there were a stay.

Plaintiffs understand that Defendants refuse to confer about the issues in this case because Plaintiffs may not begin discovery until the conference has occurred, absent a court order, and Defendants' refusal to confer creates a *de facto* bar on discovery. *See* Fed. R. Civ. P. 26(d)(1).  But there must be good cause to postpone the Court's

PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER REQUIRING 26(f) CONFERENCE

6

scheduling order or stay discovery.  Fed. R. Civ. P. 16(b); *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995).

Defendants have established no such good cause.  To the extent Defendants maintain that they could theoretically file a motion to dismiss and this amounts to good cause to postpone a scheduling order and the 26(f) conference and to stay discovery, they are mistaken.  First, Defendants have not asserted they are filing motions to dismiss.  Second, even if they did intend to, this would not warrant "good cause."  *See, e.g.*,  *Vista del Sol Health Care Servs., Inc. v. Nat'l Labor Relations Bd., Region 31*, No. CV1402193MMMFFMX, 2014 WL 12631660, at *2 (C.D. Cal. May 16, 2014) (Court does not refrain from discovery or setting case management dates where a motion to dismiss is pending unless a party provides good reason for doing so); *Skellerup Indus. Ltd.*, 163 F.R.D. at 600–01 ("Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect."); *Novelposter v. Javitch Canfield Grp.*, No. 13-CV-05186-WHO, 2014 WL 12618174, at *1 (N.D. Cal. May 23, 2014) ("The Federal Rules of Civil Procedure do not provide for stays of discovery simply because a motion to dismiss is pending. . . . .Courts have not looked favorably upon granting stays of discovery in these circumstances. . . .  The party seeking a stay must make a "strong showing" of "good cause" for its request."); *Adams v. AllianceOne, Inc.*, No. 08-CV-0248 JAH (LSP), 2008 WL 11336721, at *2 (S.D. Cal. Oct. 22, 2008); *In re Valence Tech. Sec. Litig.*, No. C 94-1542-SC, 1994 WL 758688, at *2 (N.D. Cal. Nov. 18, 1994).

Even if Defendants did file a motion to dismiss, where a party cannot show a motion to dismiss would resolve all issues in the case, a blanket stay on discovery is inappropriate. *E.g. San Francisco Tech. v. Kraco Enterprises LLC*, No. 5:11-CV-00355 EJD, 2011 WL 2193397, at *2 (N.D. Cal. June 6, 2011)  And even then, there is no good cause to postpone discovery in light of a motion to dismiss unless the

PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER REQUIRING 26(f) CONFERENCE

7

Defendants demonstrate a substantial likelihood the motion would dispose of all claims.  *See, e.g., Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.*, No. CIV. S-070142LKKGGH, 2007 WL 1146607, at *2 (E.D. Cal. Apr. 18, 2007) (postponing discovery is not warranted unless the party demonstrates an "immediate and clear possibility the Court will grant the dispositive motion.").  Here, Defendants have not asserted they are filing motions to dismiss at all.  Much less do they suggest that such a motion would have a significant likelihood of disposing of all claims in the case.

Even if a motion were filed, it is by no means apparent that it could dispose of all claims for which Plaintiffs seek discovery given the strength of the claims and allegations in the complaint, and Defendants' own filings. The parties have already briefed the likelihood of the success of the merits of Plaintiffs claims, and Defendants have understandably failed to contest the merits of Plaintiffs' claims. *See, e.g.*, Dkt. 24 at 4 ("[I]t is not the intent or the purpose of the City in this opposition to in any way suggest that the claims of the individual Plaintiffs or declarants do nor do not lack merit . . . .")

In sum, there is not good cause for the Court to depart from the requirements in the Federal Rules that the scheduling order is due by August 25 and postpone discovery, and Defendants have not shown otherwise. Indeed here there are particularly strong reasons to allow discovery to begin without further delay.

PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER REQUIRING 26(f) CONFERENCE

## **<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiffs respectfully request that the Court order Defendants to participate in a Rule 26(f) conference on or before August 14, 2020.


Dated: August 5, 2020


<u>s/ Paul Hoffman</u>
Paul L. Hoffman
Attorney for Plaintiffs

PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER REQUIRING 26(f) CONFERENCE

9

# DECLARATION OF PAUL HOFFMAN

I, Paul L. Hoffman, declare as follows:

1.      I am an attorney at law duly licensed and entitled to practice in the state of California and Central District of California.  I am one of the lead counsel for the plaintiffs in this action.  If called upon as a witness I could and would testify thereto under oath.

2.      On August 4, 2020, counsel for plaintiffs met and conferred by telephone on issues relating to the scheduling of a Rule 26(f) conference and other discovery matters.   The parties disagree on the application of the Federal Rules on the scheduling of a Rule 26(f) conference.  Defendants take the view that such a conference should not occur until after they have responded to the Amended Complaint.  Plaintiffs have given Defendants an extension until August 24th to respond but did not agree to postpone the Rule 26(f) conference when they did so.  The parties agreed to disagree on their respective interpretations of the rules and that this issue should be presented to this Court for decision.  Defendants agreed that Plaintiffs have met their Rule 7.3 meet and confer obligations with respect to the within Application.

3.      The parties did reach agreement that Defendants will arrange for Rule 30(b)(6) deposition within the next 2-3 weeks without the need for a Rule 26(f) conference.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed this 5th day of August at Hermosa Beach, California.

_____
Paul L. Hoffman
Attorney for Plaintiffs