1  **MICHAEL N. FEUER**, City Attorney SBN 111529x
   **KATHLEEN A. KENEALY,** Chief Assistant City Attorney SBN 212289
2  **SCOTT MARCUS,** Senior Assistant City Attorney SBN 184980
   **CORY M. BRENTE,** Senior Assistant City Attorney SBN 115453
3  **GEOFFREY PLOWDEN**, Deputy City Attorney SBN 146602
   200 No. Main Street, 6th Floor City Hall East
4  Los Angeles, California 90012
   Email:  geoffrey.plowden@lacity.org
5  Phone:  (213) 978-7038 Fax No: (213) 978-8785

6  *Attorneys for Defendants* **CITY OF LOS ANGELES and CHIEF MICHEL MOORE**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BLACK LIVES MATTER LOS ANGELES, CANGRESS (DBA LA CAN), STEVEN ROE, NELSON LOPEZ, TINA ČRNKO, JONATHAN MAYORCA, ABIGAIL RODAS, KRYSTLE HARTFIELD, NADIA KHAN, CLARA ARANOVICH, ALEXANDER STAMM, MAIA KAZIM, ALICIA BARRERA-TRUJILO, SHANNON LEE MOORE, DEVON  YOUNG, LINUS SHENTU, individually and on behalf of a class of similarly situated persons,<br><br>PLAINTIFFS,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity, CHIEF MICHEL MOORE , and DOES 1-10 inclusive,<br><br>DEFENDANTS. | CASE NO. **CV20-05027 CBM-AS**<br><br>**DEFENDANTS CITY OF LOS ANGELES AND CHIEF MICHEL MOORE'S OPPOSITION TO PLAINTIFFS'** ***EX PARTE*** **APPLICATION TO HAVE THE COURT FORCE DEFENDANTS TO CONDUCT AN EARLY RULE 26(f) CONFERENCE; DECLARATION OF GEOFFREY PLOWDEN** |

**TO THE HONORABLE COURT AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

1

Defendants City of Los Angeles and Chief Michel Moore submit the following opposition to plaintiffs' latest *ex parte* application for an order forcing defendants to conduct a Rule 26(f) conference before they have appeared in the case.

The bases for the opposition are as follows:

1. There is no emergency, warranting *ex parte* relief, at this time.

2. Contrary to plaintiffs' assertions, defendants are not refusing to conduct a Rule 26(f) conference, so there is no need for the Court to order defendants to do so.

3. Defendants have not yet responded to plaintiffs' operative complaint and the Court has not set a scheduling conference. Thus, there is no emergent need or legal basis to order defendants to conduct a pre-answer Rule 26(f) conference.

This opposition is based on the following Memorandum of Points and Authorities, Declaration of Geoffrey Plowden, and the Court's files and papers herein.

DATED: August 6, 2020

        **MICHAEL N. FEUER**, City Attorney
        **KATHLEEN A. KENEALY,** Chief Asst. City Atty.
        **SCOTT A MARCUS**, Senior Assistant City Attorney
        **CORY M. BRENTE**, Senior Assistant City Attorney

        By:   /s/ *Geoffrey Plowden*
            **GEOFFREY PLOWDEN**
            Deputy City Attorney

        *Attorneys for Defendants* **CITY OF LOS ANGELES and CHIEF MICHEL MOORE**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Defendants have not yet filed a responsive pleading to the operative complaint. Plaintiffs stipulated that defendants may file that responsive pleading by August 24, 2020, approximately two weeks from now. There was no discussion between the parties that the stipulation was contingent upon an expedited Rule 26(f) meeting of counsel. See, accompanying Declaration of Geoffrey Plowden ("Plowden Decl.") Now, plaintiffs apparently wish they had not stipulated, because they want to deluge the defendants with discovery as soon as possible.

Defendants submit there is no emergency warranting *ex parte* relief. Any claimed emergency is a product of plaintiffs' own creation. Defendants are not refusing to conduct a Rule 26(f) conference. In fact, defendants have agreed to allow plaintiffs to set a Rule 30(b)(6) deposition of Los Angeles Police Department's person most knowledgeable in the upcoming weeks to allow plaintiffs to conduct limited discovery pertaining to a possible motion for preliminary injunction. Plowden Decl. This deposition alleviates the "emergency" plaintiffs claim in their application.

Plaintiffs' latest *ex parte* application must be denied.

## II.

## THERE IS NO EMERGENCY WARRANTING *EX PARTE* RELIEF AT THIS TIME.

Plaintiffs' application fails to set forth exigent circumstances warranting *ex parte* relief. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Plaintiffs' *ex parte* application fails address why plaintiffs waited over six weeks since defendants were served to request an expedited Rule 26(f) conference.

"Ex parte applications throw the system out of whack. They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden

on opposing counsel who are required to make a hurried response under pressure, usually for no good reason." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)). This admonition rings true here. Plaintiffs' *ex parte* application is an unnecessary burden on the Court, staff and defendants to consider a motion that is unnecessary.

In order for *ex parte* relief to be warranted, the applicant must make the following showing: "First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to a regular noticed motion procedures." *Mission Power Eng'g Co.*, 883 F. Supp. at 492. Plaintiffs' application fails to consider that even before a Rule 26(f) conference is being held, defendants agreed to a critical Rule 30(b)(6) deposition. There is no irreparable prejudice to plaintiff to have to wait a couple of more weeks.

Second, "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief…." *Id.* "To show that the moving party is without fault, or guilty only of excusable neglect, requires more than a showing that the other party is the sole wrongdoer. It is the creation of the crisis—the necessity for bypassing regular motion procedures—*that requires explanation*." *Id.* at 493 (emphasis added); *see also In re Intermagnetics America, Inc.*, 101 B.R. at 193.

Plaintiffs' *ex parte* application fails to address why emergency *ex parte* relief is appropriate or necessary here. As set forth below, defendants are not refusing to conduct a Rule 26(f) conference, and have agreed to allow plaintiffs to conduct limited discovery prior to filing a responsive pleading and having the Court set a scheduling conference. Plaintiffs' primary reason for emergency relief is that they want to conduct a Rule 30(b)(6) deposition on LAPD policies (p. 6). However, defendants will be producing persons most knowledgeable on that very subject for depositions in the next three weeks. Plowden Decl. Thus, there is no actual emergency here.

# III.

# DEFENDANTS ARE NOT REFUSING TO CONDUCT A RULE 26(f) CONFERENCE, SO THERE IS NO NEED FOR THE COURT TO ORDER DEFENDANTS TO DO SO.

Plaintiffs incorrectly claim that defendants are refusing to conduct a Rule 26(f) conference. Plowden Decl. Defendants will conduct that conference in the near future, as an answer will soon be filed, and the Court will undoubtedly set a scheduling conference shortly thereafter.  Plowden Decl.

There are 18 lawyers for plaintiffs listed on the Court's docket. It would be impracticable for defendants, with just one or two lawyers handling the file, to rush into a Rule 26(f) conference. This is a complicated case. There is injunctive, declaratory and actual damages being sought here. There is not only a contemplated preliminary injunction, but also class certification, which must be considered. There are claims and defenses that have to be worked out. Documents and witnesses need to be culled in order to make meaningful initial disclosures. As the Rule 26(f) says, defendants should meet and confer *as soon as practicable.* Defendants submit that today it is not practicable for defendants to conduct such a conference. Plowden Decl.

# IV.

# THERE IS NO LEGAL BASIS TO ORDER DEFENDANTS TO CONDUCT A PRE-ANSWER RULE 26(f) CONFERENCE.

Fed. R. Civ. P. Rule 26 (f) Conference of the Parties; Planning for Discovery. (1) Conference Timing. Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is held *or* a scheduling order is due under Rule 16(b).

Rule 26(f) does not state the deadline is by whichever event is earliest.

Plaintiffs cite to portions of Rule 26 and Rule 16, but have inadvertently overlooked the part of Rule 26(f)(1) that says **"Except...when the court orders otherwise."** This Court's standing order addresses the Rule 26(f) meeting and provides that "Counsel for the parties shall meet personally pursuant to Federal Rule of Civil Procedure 26(f) and applicable Local Rules *in anticipation of the court-ordered scheduling conference.* FED.R.CIV.P. 16(b)." (Emphasis added). Thus, it is defendants' position that this Court has determined that the triggering event for the Rule 26(f) conference of counsel is the court-ordered scheduling conference and not when a scheduling order is due under plaintiffs' interpretation of Rule 16(b). Given that the Court has not yet issued an order regarding the scheduling conference (most likely because no defendant has yet filed an answer or other responsive pleading), defendants do not believe a Rule 26(f) meeting is in order at this time.

*Henry v. Gill Industries, Inc*., cited by plaintiffs, dealt with a summary judgment motion and a local rule, not the interplay between Rule 26 and this Court's standing orders. Thus, *Gill Industries* offers no support for plaintiffs' position.

There is likewise no justification for Plaintiffs' request to compel the City to engage in an early Rule 26(f) conference. Plaintiffs argue that the deadline for a Rule 26(f) conference has "come and gone." But this argument is based on a misreading of the Federal Rules.

Rule 26(f) provides that "the parties must confer *as soon as practicable*—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. Proc. Rule 26(f) (emphasis added). Apparently displeased that the Court has not entered a Scheduling Order, and wholly ignoring the rule's common-sense requirement of "practicability," Plaintiffs argue that a Scheduling Order is "due" under Rule 16(b). In support, Plaintiffs selectively quote only the portion of Rule 16(b) that says "the judge must issue [a Scheduling Order] within the earlier of 90 days after a defendant has been served with the complaint or 60 days after

the defendant has appeared." But this quotation omits a critical portion of the rule. The full rule says that "[t]he judge must issue the scheduling order *as soon as practicable*, but *unless the judge finds good cause for delay*, the judge must issue it within the earlier of 90 days after a defendant has been served with the complaint or 60 days after the defendant has appeared." Fed. R. Civ. Proc. Rule 16(b) (emphasis added).

Thus, the key concept in both Rule 26(f) and Rule 16(b) is "practicability." As the Committee Notes to Rule 16(b) instruct:

> The time to issue the scheduling order is [] the earlier of 90 days [] after any defendant has been served, or 60 days [] after any defendant has appeared. This [] will reduce delay at the beginning of litigation.
>
> At the same time, a new provision recognizes that the court may find good cause to extend the time to issue the scheduling order. *In some cases it may be that the parties cannot prepare adequately for a meaningful Rule 26(f) conference and then a scheduling conference in the time allowed…*
>
> Because the time for the Rule 26(f) conference is geared to the time for the scheduling conference or order, *an order extending the time for the scheduling conference will also extend the time for the Rule 26(f) conference.*

Fed. R. Civ. Proc. Rule 16(b), Committee Notes (2015 Amendment) (emphasis added).

Plainly, it is premature and "not practicable" to hold a Rule 26 conference at this early stage, when the pleadings are wholly unsettled and the parties cannot engage in a meaningful discussion regarding a discovery plan, proportionality of discovery, and the other topics required by Rule 26 and Local Rule 26-1. *See Zavala v. Kruse-Western, Inc.,* 2019 U.S. Dist. LEXIS 119230, at *6 (E.D. Cal. July 17, 2019). The City has not "refused" to engage in a Rule 26(f) conference, it has simply taken the eminently reasonable position that such a conference is not practicable until the parties know what claims are disputed and what defenses the City will assert. Plaintiffs' request to compel a premature Rule 26(f) conference should be denied.

7

## V.

## THIS APPLICATION IS REALLY A MOTION TO COMPEL EARLY DISCOVERY, AND IT MUST BE DENIED.

Because discovery generally may not commence until after the parties conduct a Rule 26(f) conference, plaintiffs' application is actually a motion to compel early discovery. This should not be allowed.

First, defendant has agreed to the 30(b)(6) deposition that plaintiffs claim is of such urgency. No compulsion from the Court is needed.

Second, *ex parte* motions may not be used to compel discovery: Local Rule 37-3 states that "Unless the Court in its discretion otherwise allows, no discovery motions may be filed or heard on an *ex parte* basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party."

Plaintiffs have not shown irreparable injury or prejudice.

Plaintiffs stipulated that defendants until August 24, 2020 to respond to the First Amended Complaint, which became the order of the Court. Plaintiffs knew that it was likely going to be at least August 24, 2020, or shortly thereafter, that defendants would be conducting a Rule 26(f) conference as anyone who practices in this District knows that the court sets a scheduling conference after the case is at issue. Thus, discovery would not be had until after that date. Plaintiffs did not seek an order compelling defendants to meet earlier via a regularly-noticed motion. Instead they seek to compel early discovery via an *ex parte* application, which is forbidden by L.R. 37-3.

## CONCLUSION

Defendants submit the *ex parte* application should be denied. Defendants have agreed to the Rule 30(b)(6) deposition, which is the central piece of discovery cited in plaintiffs' application, prior to a Rule 26(f) meeting being held. Defendants have not refused to conduct a Rule 26(f) conference, and will do so when practicable and in anticipation of the upcoming scheduling conference, pursuant to Rule 26(f) and the

8

1 Court's standing order. That meeting should be just a few weeks from now. Defendants need a reasonable amount of time in order to meaningfully meet and confer and get prepared to respond to what will certainly be a deluge of discovery from 18 lawyers. Defendants have not yet responded to plaintiffs' operative complaint and the Court has not set a scheduling conference.  Thus, there is no emergent need or legal basis to order defendants to conduct a pre-answer Rule 26(f) conference.

　　　　The *ex parte* application should be denied.

DATED: August 6, 2020　　　　Respectfully submitted,

**MICHAEL N. FEUER**, City Attorney
**KATHLEEN A. KENEALY,** Chief Asst. City Atty.
**SCOTT A MARCUS**, Senior Assistant City Attorney
**CORY M. BRENTE**, Senior Assistant City Attorney

By: /s/ *Geoffrey Plowden*
　　　　**GEOFFREY PLOWDEN**
　　　　Deputy City Attorney

*Attorneys for Defendants* **CITY OF LOS ANGELES and CHIEF MICHEL MOORE**

# DECLARATION OF GEOFFREY PLOWDEN

I, Geoffrey Plowden, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Court. I represent Chief Michel Moore and the City of Los Angeles in the matter of *Black Lives Matter v City of Los Angeles*. I make the following declaration in support of defendants' opposition to plaintiffs' latest *ex parte* application to compel defendants to engage in a pre-answer Rule 26(f) conference.

2. Currently, I am one of two city attorneys assigned to work on this aspect of the case. The docket reveals 18 lawyers on plaintiffs' behalf. If such a large number of lawyers propounded discovery upon defendants at this time, I would be ill equipped to meaningfully respond. This serves no purpose.

3. I have practiced in this District for 20 years and I have never held a Rule 26(f) conference before answering a complaint. I have never seen a Central District judge issue a scheduling conference order prior to at least one defendant filing a responsive pleading.

4. When I discussed an extension of time to respond to the operative complaint with plaintiffs' counsel, we never mentioned that a Rule 26(f) conference would need to be held prior to defendants' responsive pleading. This subject just came up three days ago.

5. Although defendants were under no obligation to do so prior to a Rule 26(f) conference, I agreed to provide plaintiff with a person most knowledgeable (Rule 30(b)(6) deposition pertaining to policies regarding less lethal munitions and baton strikes, crowd control, and mass arrests which plaintiffs cite on page 6 of their *ex parte* application. This deposition relates to a possible preliminary injunction motion by plaintiffs.

6. Defendants have not refused to conduct a Rule 26(f) conference. Defendants will participate in that conference in the next few weeks. We have so

advised plaintiffs of this. However, it is not practicable for defendants to conduct that conference today. This is a complicated case. The LAPD is collecting documents and information to allow me to meaningfully participate in such a conference. Not only does a Rule 26(f) discuss a discovery plan, it also involves claims and defenses, dates and deadlines, and such. Thus, I need time to get up to speed on what the evidence shows and our possible defenses.

7. I anticipate filing an answer in this matter in the next two weeks. I do not expect to file a 12(b)(6) motion and request a stay of discovery. Plaintiffs are incorrect that defendants are seeking a lengthy delay in commencing discovery.

8. Unlike most 42 U.S.C. section 1983 cases where an investigation is generally complete by the time I conduct a Rule 26(f) conference, the investigation into the events relating to plaintiffs' claims just got started and is incomplete. This investigation has actually been hampered by plaintiffs' counsel refusing to let LAPD investigators speak to persons who contend excessive force was used against them in this case. Thus, I need time to learn what the Department has learned. By rushing discovery, plaintiffs will not be furthering their cause, and it prejudices defendants as discovery responses will be far from complete.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 6th day of August, 2020 at Los Angeles, California.

_____
Geoffrey Plowden, Declarant