Cynthia Anderson Barker, SBN 75764
NATIONAL LAWYERS GUILD
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
t. 213 381-3246  f. 213 381-3246
e. cablaw@hotmail.com

Paul Hoffman, SBN 71244
Michael D. Seplow, SBN 150183
Aidan McGlaze, SBN 277270
John C. Washington, SBN 315991
SCHONBRUN, SEPLOW, HARRIS,
HOFFMAN & ZELDES LLP
11543 W. Olympic Blvd.
Los Angeles, California 90064-1508
t. 310 396-0731; f. 310 399-7040
e. hoffpaul@aol.com
e. mseplow@sshhzlaw.com
e. amcglaze@sshhzlaw.com
e. jwashington@sshhlaw.com

Attorneys for Plaintiffs
Additional Counsel on Next Page

Barrett S. Litt, SBN 45527
Lindsay Battles, SBN 262862
KAYE, MCLANE, BEDNARSKI & LITT
975 E. Green Street
Pasadena, California 91106
t. 626 844-7660 f. 626 844-7670
e. blitt@kmbllaw.com
e. lbattles@kmbllaw.com

Pedram Esfandiary, SBN 312569
e. pesfandiary@baumhedlundlaw.com
Monique Alarcon, SBN 311650
e. malarcon@baumhedlundlaw.com
Bijan Esfandiari, SBN 223216
e. besfandiari@baumhedlundlaw.com
R. Brent Wisner, SBN 276023
e. rbwisner@baumhedlundlaw.com
BAUM, HEDLUND, ARISTEI &
GOLDMAN, P.C.
10940 Wilshire Blvd., 17th Floor
Los Angeles, CA 90024
t. 310 207-3233 f. 310 820-7444

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| BLACK LIVES MATTER LOS ANGELES, CANGRESS (dba LA CAN), STEVEN ROE, NELSON LOPEZ, TINA CRNKO, JONATHAN MAYORCA, ABIGAIL RODAS, KRYSTLE HARTFIELD, NADIA KHAN, CLARA ARANOVICH, ALEXANDER STAMM, MAIA KAZIM, ALICIA BARRERA-TRUJILO, SHANNON LEE MOORE, DEVON YOUNG, LINUS SHENTU, individually and on behalf of a class of similarly situated persons, <br><br> PLAINTIFFS, <br> v. <br><br> CITY OF LOS ANGELES, a municipal entity, CHIEF MICHEL MOORE, and DOES 1-10 inclusive, <br><br> DEFENDANTS. | Case No.: 2:20-cv-05027 CBM-AS <br><br> **REPLY IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER TO HOLD RULE 26(F) CONFERENCE ON OR BEFORE AUGUST 14, 2020** <br><br> Date and Time: TBA <br> Courtroom: 8B |

Carol A. Sobel, SBN 84483
Katherine Robinson, SBN 323470
Weston Rowland, SBN 327599
LAW OFFICE OF CAROL A. SOBEL
725 Arizona Avenue, Suite 300
Santa Monica, CA 90401
t. 310 393-3055
e. carolsobel@aol.com
e. klrobinsonlaw@gmail.com
e. rowland.weston@gmail.com

Colleen Flynn, SBN 234281
LAW OFFICE OF COLLEEN FLYNN
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
t. 213 252-9444
r. 213 252-0091
e. cflynn@yahoo.com

Matthew Strugar, SBN 232951
LAW OFFICE OF MATTHEW STRUGAR
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90039
t. 323 696-2299
e. matthewstrugar@gmail.co

Jorge Gonzalez, SBN 100799
A PROFESSIONAL CORPORATION
2485 Huntington Dr., Ste. 238
SAN MARINO, CA 91108-2622
t. 626 328-3081
e. jgonzalezlawoffice@gmail.com

Olu Orange, SBN 213653
Orange Law Offices
3435 Wilshire Blvd., Ste. 2910
LOS ANGELES, CA. 90010-2015
T. 213 736-9900
f. 213 417-8800
e. o.orange@orangelawoffices.com

## .REPLY IN SUPPORT OF APPLICATION FOR AN ORDER REQUIRING DEFENDANTS TO PARTICIPATE IN A RULE 26(f) CONFERENCE

Defendants do not seriously contest that a Rule 26 conference is required at this time. None of their excuses amount to good cause for postponing the conference. Defendants appear to believe that the alternative language of Rule 26 (conference is held 21 days before the scheduling conference order is issued or due) sets no deadline, but the plain meaning of "or" in this context is that it is to occur at the earlier of these events. To the extent they rely on this court's standing order, they do not meaningfully address the construction of that language that prevents a conflict between Rule 26 and this court's standing order.

Initially, Plaintiffs agreed to Defendants' requested extension to file their Answers. Plaintiffs did not agree to a postponement of the Rule 26 conference, nor did Defendants request one. An Answer is not required for a Rule 26 Conference. Indeed, it is often "desirable . . . for the parties to have their Rule 26(f) meeting early in the case, perhaps before a defendant has answered the complaint or had time to conduct other than a cursory investigation. . . ." Rule 26, advisory committee note, 1993 amendments. Provided Defendants who have not answered are allowed up to 60 days after service of the complaint to file their initial disclosures, which would be the case here, such scheduling "should be adequate and appropriate in most cases." *Id.* Even Defendants' own authority emphasizes that "in most cases it will be desirable to hold at least a first scheduling conference in the time set by the rule." Fed. R. Civ. P. 16(b), advisory committee note, 2015 amendments. Defendants have had ample time with complaint, and to prepare for a Rule 26(f) conference.

Defendants take the affirmative obligation that the conference must be conducted "as soon as practicable" to mean they need not confer within the specific deadline the Rules state here. This simply ignores that the same rules set

an express deadline – while the parties must confer as soon as practicable, "*in any event*" the parties must confer at least 21 days before a scheduling order is due under Rule 16(b), *see* Fed. R. Civ. P. 26(f), and such an order "*must issue* within . . . 60 days after the Defendant has appeared. Fed. R. Civ. P. 16(b). The "as soon as practicable" language is to encourage an even earlier Rule 26 conference; it is not a license to ignore the express mandate setting the time to hold the conference.

As to Defendants' contention that an ex parte application is in appropriate here, they are proper to seek a "routine order" permissible under the rules (e.g., an overlong brief). *In re Intermagnetics Am., Inc*., 101 B.R. 191, 193–94 (C.D. Cal. 1989). That is essentially what Plaintiffs are doing here – seeking an order requiring defendants to comply with the rules.

Defendants make much of the fact that they intend to allow a 30(b)(6) deposition in the coming weeks. But this is not a substitute for discovery, particularly here. Plaintiffs may need to seek injunctive relief given the reality of demonstrations and they are entitled to investigate the evidence Defendants placed before this Court in opposing Plaintiffs' request for a TRO, for example, by deposing the declarants used to oppose injunctive relief. Indeed, such discovery must be permitted even *before* a Rule 26(f) conference is required, let alone after the Rules have already required it and discovery. *See, e.g.*, *Washington v. Lumber Liquidators, Inc.,* No. 15-CV-01475-JST, 2015 WL 2089992, at *3 (N.D. Cal. May 5, 2015) (ordering expedited depositions to address assertions made by Defendants in opposing a preliminary injunction given that "fairness dictates" it); *KWB & Assocs., Inc. v. Marvin*, No. EDCV 18-289-DMG (KKx), 2018 WL 5094923, at *3 (C.D. Cal. Mar. 6, 2018) (granting expedited discovery when a preliminary injunction was pending and plaintiffs sought "an opportunity to cross-examine Defendants regarding their declarations in order to support their Motion for

REPLY IN SUPPORT OF APPLICATION FOR AN ORDER REQUIRING
DEFENDANTS TO PARTICIPATE IN A RULE 26(F) CONFERENCE
2

Preliminary Injunction."); *Kraho GmbH v. Overlord Ltd.*, No. CV 19 04050- AB (KSx), 2019 WL 8064249, at *2 (C.D. Cal. Dec. 20, 2019).

Defendants' other purported reason to postpone the Rule 26(f) conference is that they will face a "deluge" of discovery otherwise. First, since the rules allow discovery within the timeframe sought by Plaintiffs, the fact that a party will have substantial discovery obligations is not a reason not to proceed with a Rule 26 conference. Second, as repeatedly addressed in the application – and wholly ignored by Defendants – Plaintiffs initially are seeking discovery related to a preliminary injunction, Dkt. 34 at 5–6, which is a well-recognized basis for expedited discovery even if Plaintiffs were seeking it. If Defendants have discovery issues they may raise them in the Rule 26 conference or seek relief from the Court.

Dated: August 8, 2020

           _s/Paul Hoffman_
           Paul Hoffman
           Attorney for Plaintiffs

REPLY IN SUPPORT OF APPLICATION FOR AN ORDER REQUIRING DEFENDANTS TO PARTICIPATE IN A RULE 26(F) CONFERENCE
3