Cynthia Anderson Barker, SBN 75764
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
t. 213 381-3246  f. 213 381-3246
e. cablaw@hotmail.com

Paul Hoffman, SBN 71244
Michael D. Seplow, SBN 150183
Aidan McGlaze, SBN 277270
John C. Washington, SBN 315991
SCHONBRUN, SEPLOW, HARRIS,
HOFFMAN & ZELDES LLP
200 Pier Avenue, Suite 226
Hermosa Beach, California 90254
t. 310 396-0731; f. 310 399-7040
e. hoffpaul@aol.com
e. mseplow@sshhzlaw.com
e. amcglaze@sshhzlaw.com
e. jwashington@sshhlaw.com

Barrett S. Litt, SBN 45527
Lindsay Battles, SBN 262862
KAYE, MCLANE, BEDNARSKI & LITT
975 E. Green Street
Pasadena, California 91106
t. 626 844-7660 f. 626 844-7670
e. blitt@kmbllaw.com
e. lbattles@kmbllaw.com

Pedram Esfandiary, SBN 312569
e. pesfandiary@baumhedlundlaw.com
Monique Alarcon, SBN 311650
e. malarcon@baumhedlundlaw.com
Bijan Esfandiari, SBN 223216
e. besfandiari@baumhedlundlaw.com
R. Brent Wisner, SBN 276023
e. rbwisner@baumhedlundlaw.com
BAUM, HEDLUND, ARISTEI &
GOLDMAN, P.C.
10940 Wilshire Blvd., 17th Floor
Los Angeles, CA 90024
t. 310 207-3233 f. 310 820-7444

Attorneys for Plaintiffs
Additional Counsel on Next Page

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| BLACK LIVES MATTER LOS ANGELES, et al.,<br><br>PLAINTIFFS,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>DEFENDANTS. | Case No.: 2:20-cv-05027 CBM-AS<br><br>**RESPONSE TO DEFENDANTS' REQUEST TO STRIKE PLAINTIFFS' RENEWED APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND OSC RE PRELIMINARY INJUNCTION**<br><br>Date and Time: TBA<br>Courtroom: 8B |

1  Carol A. Sobel, SBN 84483
   Katherine Robinson, SBN 323470
2  Weston Rowland, SBN 327599
   LAW OFFICE OF CAROL A. SOBEL
3  1158 26th Street, #552
   Santa Monica, CA 90403
4  t. 310 393-3055
   e. carolsobel@aol.com
5  e. klrobinsonlaw@gmail.com
   e. rowland.weston@gmail.com
6

7  Colleen Flynn, SBN 234281
   LAW OFFICE OF COLLEEN FLYNN
8  3435 Wilshire Blvd., Suite 2910
   Los Angeles, CA 90010
9  t. 213 252-9444
   r. 213 252-0091
10 e. cflynn@yahoo.com

11 Matthew Strugar, SBN 232951
   LAW OFFICE OF MATTHEW STRUGAR
12 3435 Wilshire Blvd., Suite 2910
   Los Angeles, CA 90039
13 t. 323 696-2299
   e. matthewstrugar@gmail.co
14

Jorge Gonzalez, SBN 100799
A PROFESSIONAL CORPORATION
2485 Huntington Dr., Ste. 238
SAN MARINO, CA 91108-2622
t. 626 328-3081
e. jgonzalezlawoffice@gmail.com


Olu Orange, SBN 213653
Orange Law Offices
3435 Wilshire BLvd., Ste. 2910
LOS ANGELES, CA. 90010-2015
T. 213 736-9900
f. 213 417-8800
e. o.orange@orangelawoffices.com

15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs request for a temporary restraining order has been made for reasons that postdate this Court's consideration of their first Application last June. First, despite Defendants' representations last June, the LAPD has misused the 37mm and 40mm munitions covered by plaintiffs' Application – which are intended to cause serious injury, incapacitate the target and may be lethal when used as LAPD does -- repeatedly since then, including twice in the last month and as recently as March 25, 2021. Second, the City's ownreport on the response to protests in May and June 2020 confirms in great detail that the LAPD lacks even minimum adequate training, policies and supervision to allow these dangerous munitions to be deployed for crowd control purposes. Finally, this Application is urgent because of the impending verdict in the Chauvin trial in Minneapolis, which is highly likely to lead to large demonstrations on the scale of last Spring. Plaintiffs need this Court's protection urgently to safeguard their constitutional rights and prevent serious physical harm.

Defendants' Motion to Strike is nothing short of a delay tactic. Yesterday morning, well before Defendants' attorneys asked the Court to reject out-of-hand Plaintiffs' renewed application for a Temporary Restraining Order, the Los Angeles Police Commission ordered the LAPD to submit priorities for critical reform of crowd control policies within five weeks. *See* Ex. 1 (Los Angeles Times.[1]

As the agenda reflects and as the Times reported, at yesterday's meeting the Police Commission heard testimony from the authors of the three reports submitted by Plaintiffs as Exhibits 1, 2 and 3 in support of their renewed application for a TRO. Lizabeth Rhodes, Director of the Office for Constitutional Policing and Policy for the LAPD, testified about the LAPD's report. If Defendants' attorneys have not yet read the LAPD's report (or the others), they need only consult with LAPD Commander Rhodes. It is unlikely, if not improbable, that Defendants' attorneys in

---

[1] Meetings of the Los Angeles Board of Police Commissioners are televised on the City Channel. During the pandemic restrictions, the public Zoom meetings are posted approximately two days after the meeting date. The videos are available at this link: LA Police Department Commission Meeting | LA CITYVIEW 35

1

this matter would make a markedly different argument than Commander Rhodes made in the After-Action Report and to the Police Commission, or that they would argue that this Court should not recognize the serious concerns of the Los Angeles Police Commission which caused the Board to order the LAPD to submit proposed priorities for changing flawed policies in the LAPD's response to protests. At a minimum, there is no reason why this Court should not place a hold on the use of 40 mm and 37 mm munitions to disperse protestors – a use never intended for these "bullets" – while the Police Commission reviews what policy changes for crowd control are necessary.

Defendants complain that the TRO should not go forward as requested because Plaintiffs submitted more than 450 pages of evidence that they have not had time to review. That argument does not pass the smell test. All but 45 pages of Plaintiffs' evidence consists of three reports analyzing the LAPD's failures in its response to the Floyd protests last May and June. The majority of those 45 pages are photographs of injuries caused the LAPD. The LAPD's own After-Action Report is more than half of the pages. Certainly, Defendants have read their own report. Moreover, reading the LAPD's report, it is clear that the author, Lizebeth Rhodes, is very familiar with the other reports, especially the Chaleff Report (Pl.. Ex. 1), which found the LAPD officers were not properly trained on the use of the larger munitions that caused serious injuries to the Plaintiffs and others who exercised their First Amendment rights to condemn the killing of George Floyd and a long list of other men and women of color.

There is no bar to bringing a renewed Application for a Temporary Restraining Order when there are new circumstances and a need for court action on a more expedited basis than the ordinary briefing for a motion for a preliminary injunction. Notably, Defendants cite no authority to such an assertion. As Plaintiffs' Memorandum shows, similar equitable relief has been issued across the country in recent months.

2

In sum, the City's request for two weeks to respond to plaintiffs' Application completely ignores the urgency created by the Chauvin trial. This delay could prevent the Court from issuing timely relief to protect protestors from the challenged use of force after a verdict. The greater harm in this instance is clearly on the side of the Plaintiffs. The LAPD has other lesser caliber weapons than those intended to incapacitate and. Especially when used improperly, as Plaintiffs' evidence supports. Plaintiffs request that the City be required to respond to Plaintiffs' Application by close of business on Friday.

Respectfully submitted,

DATED: April 14, 2021                 LAW OFFICE OF CAROL A. SOBEL

By: _/s/ Carol A. Sobel_
    CAROL A. SOBEL
    *Attorneys for Plaintiffs*.

3

# EXHIBIT 1

1

Los Angeles Times

CALIFORNIA

# Police Commission gives LAPD two weeks to set priorities for improvements



Protester Diego Martinez takes a knee in front of LAPD officers in Hollywood on June 2, 2020. (Al Seib / Los Angeles Times)

By KEVIN RECTOR | STAFF WRITER

APRIL 13, 2021 6:36 PM PT



The Los Angeles Police Commission on Tuesday gave top LAPD officials two weeks to consolidate three recent reports on the department's handling of last spring's protests into a single plan of action that identifies top reform priorities, estimates associated costs and sets a timeline for implementation.

"Let's get everything on the table as to what we need to do," said Commissioner Eileen Decker, president of the civilian oversight panel.

The order followed presentations on each of the three reports — which all found glaring issues with the LAPD's training, preparation and response — and questions from

commissioners on how their recommendations overlapped.

The commissioners did not address which recommendations they agreed with, but said the LAPD's consolidation report would help inform a collaborative effort in coming weeks and months by the commission, the City Council and Mayor Eric Garcetti's office to formulate an official path forward.

Decker said she looked forward to a "robust list of improvements."



CALIFORNIA

Two more reports find fault in LAPD's handling of summer protests

April 9, 2021

The underlying reports — one from the LAPD, one for the City Council from attorney Gerald Chaleff and one for the commission from the National Police Foundation — all concluded that the LAPD's response to the historic protests against police brutality was hampered by poor planning, training and leadership in the field.

Among other issues, the reports found that officers armed with hard–foam projectile weapons were not properly trained on how to use them, that the department lacked sufficient resources and plans to efficiently and safely process the thousands of people they arrested, and that commanders had contributed to the chaos by issuing contradictory orders and diverging from best practices for mass demonstrations.

They recommended more training for officers, a more constant and regular assessment by LAPD leaders of needs related to future demonstrations, and streamlined processes for documenting such encounters.

The protests in late May and early June, which followed police killings of Black people in other cities including George Floyd in Minneapolis and Breonna Taylor in Louisville, Ky., devolved in L.A. into intense clashes between officers in riot gear and large crowds of demonstrators while shops and other businesses were burglarized and set ablaze — costing, by one LAPD estimate, nearly $170 million in private losses.

were produced without sufficient community input and ignored calls for the police to be defunded, not pumped with more resources.

Greg Akili, an activist with Black Lives Matter Los Angeles, said the city responded to major protests and unrest in the 1960s and 1990s by giving the department more resources, only for the LAPD to keep abusing protesters.

**CALIFORNIA**

**LAPD promised to curb violence on protesters for two decades, but has yet to deliver**

July 22, 2020

"It's the same thing: more studies, more money for this or that, and the result is always the same," Akili said.

Hamid Khan, of the Stop LAPD Spying Coalition, said an honest reflection on last year's protests would lead officials to start dismantling the LAPD.

"At what point do we start realizing in this post-mortem that this body is rotten to the core, that you can't salvage this?" Khan asked.

Police officials and commissioners struck a more optimistic tone, but acknowledged that the issues confronting the department are thorny.

They said the LAPD's rank-and-file has already been reduced in size, and that adding more training to the already crowded schedules of front-line officers could be complicated. They said the LAPD's command staff has been depleted through attrition, and needs to be built back with competent leaders who are well-versed in crowd control scenarios to be effective at future demonstrations.

LAPD Chief Michel Moore said he intended to return a report that sets benchmarks for the next three to six months and longer-term goals while considering current demands and constraints on the department. He said he hopes to address the changing landscape of protests by identifying "new strategies, new techniques [and] new tools" for protecting protesters, the community and officers while preventing violence and destruction.

"This is only going to become more complex," Moore said.

Lizbeth Rhodes, director of the LAPD's Office of Constitutional Policing and Policy, said her goal was to return in two weeks with "as good a product as we can" on the most effective path forward for implementing prioritized reforms.

"This is a very long journey that we have to go on," she said.

At one point in the discussion, Commissioner William Briggs asked the authors of the three reports if they believed the LAPD should ban the use of 40-millimeter projectiles in crowd control settings. Protesters and other litigants have alleged in lawsuits that [such weapons were used in abusive ways](#) and caused serious injuries, some of which the Times has documented.

This was an event where rocks, bottles, other material, fireworks, bleach was thrown at officers, and while many, many in the crowd were peaceful, there were those in the crowd that would do harm both to property and to individuals, specifically police officers," Rhodes said. "You need something to direct at those rogue members of the crowd." he Times has documented.

Kevin Rector is a reporter for the Los Angeles Times covering the Los Angeles Police Department. He started with The Times in 2020. He previously worked at the Baltimore Sun for eight years, where he was a police and investigative reporter and part of a team that won the 2020 Pulitzer Prize in local reporting. He is from Maryland.