**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| BLACK LIVES MATTER LOS ANGELES, CANGRESS (dba LA CAN), STEVEN ROE, NELSON LOPEZ, TINA CRNKO, JONATHAN MAYORCA, ABIGAIL RODAS, KRYSTLE HARTFIELD, NADIA KHAN, CLARA ARANOVICH, ALEXANDER STAMM, MAIA KAZIM, ALICIA BARRERA-TRUJILO, SHANNON LEE MOORE, DEVON YOUNG, LINUS SHENTU, individually and on behalf of a class of similarly situated persons,<br><br>PLAINTIFFS,<br>v.<br><br>CITY OF LOS ANGELES, a municipal entity, CHIEF MICHEL MOORE, and DOES 1-10 inclusive,<br><br>DEFENDANTS. | Case No.: 2:20-cv-05027 CBM-AS<br><br>**[REVISED][PROPOSED] ORDER GRANTING PLAINTIFFS' RENEWED APPLICATION FOR A TEMPORARY RESTRAINING ORDER, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

The Court has considered Plaintiffs' Application for a Temporary Restraining Order and Preliminary Injunction and the memorandum and evidence in support thereof. The Court grants the application, and issues the included order to show cause why the Los Angeles Police Department ("LAPD") should not be preliminarily enjoined from the use of 40 mm and 37 mm projectiles in public demonstrations.

Plaintiffs' evidence raises a likelihood of success on the merits of their claims that the LAPD's use of 40 mm and 37 mm "less-lethal" projectiles which may cause severe injuries to fire on protestors who did not appear to pose a threat amounts to unreasonable force and violated Plaintiffs' Fourth and First Amendment rights. The Court understands that these weapons may be used constitutionally in some circumstances but the evidence before the Court indicates that these weapons have been used in an unconstitutional manner on enough occasions to indicate that the requested relief is required.

Plaintiffs' evidence and argument that the 37 mm and 40 mm weapons were and are used improperly is supported by the Independent Examination of the Los Angeles Police Department 2020 Protest Response, referred to as the Chaleff Report. The Report documents the inadequacy of training, as well as the lack of proper supervision and direction in the deployment of these weapons. Most of the serious injuries documented to the head, chest, neck and eyes are believed to be a result of the improper deployment of the 40 mm weapon in particular. Ex. 1,

Plaintiffs also show an irreparable injury from the LAPD's continued use of 40 mm and 37 mm weapons unreasonably and against non-violent protestors. *See, e.g, Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) ("[T]he deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'") (citing *Elrod v. Burns*, 427 U.S. 347, 343 (1976)). Plaintiffs have established a likelihood of similar injuries given the fact that after the complaint, and after investigative reports critical of the LAPD's use of these weapons, they have continued fire them on non-violent protestors unreasonably, including as recently as March 25, 2021.

These injuries are particularly likely to recur given the verdict from the trial of Derek Chauvin will soon be announced. This will likely cause more protests, as is also noted in the declaration of Melina Abdullah, and more, similar uses of these weapons.

The balance of equities and public interest are in Plaintiffs' favor and warrant the temporary restraining order sought, particularly given the severe injuries inappropriate use of these weapons cause; the LAPD's continued misuse of these weapons; and a recent report commissioned by the City to investigate the demonstrations giving rise to this complaint, which indicates that the LAPD does not have the proper training for the safe or effective use of the 40 mm or 37 mm launchers in public demonstrations.

Accordingly, IT IS HEREBY ORDERED that pending time for the determination of the Order to Show Cause Why a Preliminary Injunction Should Not Issue and for a hearing therefor, Defendants shall be and hereby are restrained and enjoined from using 40 mm and 37 mm projectiles in the context of public demonstrations with the following exceptions:

1. Defendants may use the 40mm weapons when deployed by officers with proper training and certification and only when faced with an imminent serious threat of serious bodily injury from a single subject/suspect as a target specific less lethal option. The 40mm may not be deployed when the single subject/suspect believed to present a threat or engaged in serious criminal activity is behind other individuals whose are not engaged in the threatening conduct believed to warrant use of the 40mm weapon.

2. Defendants may use 37mm projectile launchers to disperse a crown after an unlawful assembly has been declared and when it is possible to deploy this weapon without hitting demonstrators with 37mm projectiles in their upper bodies. These weapons should not be aimed at the upper bodies of demonstrators at close range (within five feet)

IT IS FURTHER ORDERED that the parties shall appear at _____ a.m./p.m. on _____, 2021 before the Honorable Consuelo B. Marshall, in Courtroom 8B, 8th Floor, located at 350 W. 1st Street, Los Angeles, California 90012 for a hearing to show cause why the Los Angeles Police Department should not be preliminarily enjoined from the use of 40 mm and 37 mm projectiles in public demonstrations.

**IT IS SO ORDERED.**

Dated: _____,          _____
    at __:___ AM/PM                   Honorable Consuelo B. Marshall
                                                   UNITED STATES DISTRICT JUDGE