Cynthia Anderson Barker, SBN 75764
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
t. 213 381-3246  f. 213 381-3246
e. cablaw@hotmail.com

Paul Hoffman, SBN 71244
Michael D. Seplow, SBN 150183
Aidan McGlaze, SBN 277270
John C. Washington, SBN 315991
SCHONBRUN, SEPLOW, HARRIS,
HOFFMAN & ZELDES LLP
200 Pier Avenue, Suite 226
Hermosa Beach, California 90254
t. 310 396-0731; f. 310 399-7040
e. hoffpaul@aol.com
e. mseplow@sshhzlaw.com
e. amcglaze@sshhzlaw.com
e. jwashington@sshhlaw.com

Barrett S. Litt, SBN 45527
Lindsay Battles, SBN 262862
KAYE, MCLANE, BEDNARSKI & LITT
975 E. Green Street
Pasadena, California 91106
t. 626 844-7660 f. 626 844-7670
e. blitt@kmbllaw.com
e. lbattles@kmbllaw.com

Pedram Esfandiary, SBN 312569
e. pesfandiary@baumhedlundlaw.com
Monique Alarcon, SBN 311650
e. malarcon@baumhedlundlaw.com
Bijan Esfandiari, SBN 223216
e. besfandiari@baumhedlundlaw.com
R. Brent Wisner, SBN 276023
e. rbwisner@baumhedlundlaw.com
BAUM, HEDLUND, ARISTEI &
GOLDMAN, P.C.
10940 Wilshire Blvd., 17th Floor
Los Angeles, CA 90024
t. 310 207-3233 f. 310 820-7444

Attorneys for Plaintiffs
Additional Counsel on Next Page

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BLACK LIVES MATTER LOS ANGELES, et al.,<br><br>PLAINTIFFS,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>DEFENDANTS. | Case No.: 2:20-cv-05027 CBM-AS<br><br>**SUPPLEMENTAL FILING PER STATUS CONFERENCE OF APRIL 15, 2021 IDENTIFYING PLAINTIFFS' EVIDENCE ON 40MM AND 37MM WEAPONS**<br><br>Date and Time: TBA<br>Courtroom: 8B |

Carol A. Sobel, SBN 84483
Katherine Robinson, SBN 323470
Weston Rowland, SBN 327599
LAW OFFICE OF CAROL A. SOBEL
1158 26th Street, #552
Santa Monica, CA 90403
t. 310 393-3055
e. carolsobel@aol.com
e. klrobinsonlaw@gmail.com
e. rowland.weston@gmail.com

Colleen Flynn, SBN 234281
LAW OFFICE OF COLLEEN FLYNN
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
t. 213 252-9444
r. 213 252-0091
e. cflynn@yahoo.com

Matthew Strugar, SBN 232951
LAW OFFICE OF MATTHEW STRUGAR
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90039
t. 323 696-2299
e. matthewstrugar@gmail.com

Jorge Gonzalez, SBN 100799
A PROFESSIONAL CORPORATION
2485 Huntington Dr., Ste. 238
SAN MARINO, CA 91108-2622
t. 626 328-3081
e. jgonzalezlawoffice@gmail.com

Olu Orange, SBN 213653
Orange Law Offices
3435 Wilshire BLvd., Ste. 2910
LOS ANGELES, CA. 90010-2015
T. 213 736-9900
f. 213 417-8800
e. o.orange@orangelawoffices.com

Pursuant to the directive of the Court at the status conference in this matter on April 15, 2021, Plaintiffs submit the following references to the evidence previously submitted in the record before the Court concerning the deployment of the 37mm and 40mm weapons at recent public protests.

**40mm Less Lethal Weapons:**

The use of the 40mm impact projectile is discussed at Ex. 1, beginning at p.41 (An Independent Examination of the Los Angeles Police Department 2020 Protest Response ("Chaleff Report")).

The Chaleff Report relies on the description and use of the weapon provided by the manufacturer. *Id* fn 18 (40 mm Exact iMpact Sponge Round Spec Sheet (Defense Techologies, December 30, 2020) www.defense-technologies.com).

The basic LAPD "Use of Force – Tactics Directive" is cited by the Chaleff Report at fn. 19.

> [L}ess lethal options are only permissible when an officer reasonably believes that a suspect or subject is violently resisting arrest or poses an immediate threat of violence or physical harm. The 40 mm shall not be used to target the head, neck, face, eyes or spine unless lethal force is authorized.

The Chaleff Report cites the LAPD's specific directive for the use of the 40 mm launcher. *Id.* fn. 20 (USE OF FORCE – TACTICS DIRECTIVE: 40mm LESS-LETHAL LAUNCHER, 2. *See also* Ex. 1, p.94 and n.53-55.

The 40mm launcher may be used in crowd control situations against a single subject/suspect as a target specific less lethal option because the 40mm round is target specific. It cannot be used to disperse a crowd. Ex. 1, pp. 42-43.

The Chaleff Report concluded that the majority of the injuries reported were a result of the 40mm launcher. Ex. 1, p.44. ("Finding 35"). The Report's findings noted injuries included strikes to the head, back, neck and eye *Id.* Finding 36.

1

The report also issued a Finding 37 that "officers quickly fired the 40 mm rounds at distant targets which increases the likelihood of hitting an unintended target." *Id.* at 44.

The use of the less lethal munitions was often done without proper direction, supervision, or coordination, with officers using these impact weapons in the front of a skirmish line. Ex. 1, p. 45, Finding 38.

The two hours of training provided on the 40mm weapon was inadequate and did not meet the need for "recurring certification and training." Ex. 1, Finding 39, 40. In particular, the training is inadequate for deploying a 40mm weapon in "public order policing situations. Finding 41. The last training on this weapon occurred in 2018, other than for those who joined the LAPD after that date. Finding 42.

The LAPD's Use of Force Tactics directive on the use of the 40 mm launcher does not provide "detailed guidance on use in public order policing situations." Finding 44.

**37mm Less Lethal Weapons**

The Chaleff Report discusses the use of 37mm weapons at Ex. 1, p. 94 in Appendix 12 ("LAPD Less Lethal Tools"). Notably, and contrary to Defendants' representation during the status conference of this date, this weapon may be used in a target-specific manner, as well as skip-fired. ("The round is intended to be fired at a target; however, may be skip fired at the direction of the operator.")

In "A Crisis of Trust," prepared by the National Police Foundation at the request of the Los Angeles Police Commission, the report concluded that the use of less lethals was "inconsistent" and that "[s]ome LAPD personnel had not been provided contemporary training on … the use of less-lethal instruments prior to" the Floyd Protests. Vol. I, Ex. 2, p. 74 (Findings 1.3 and 1.4). Specifically, the

2

Police Foundation report found that many of LAPDs policies and directives on the use of less-lethals were "outdated." *Id.* (Finding 1.4).

**EVIDENCE OF INJURIES FROM LESS LETHALS**

Declaration of Dr. Haar (submitted at Dkt. 15-1):

    Seventy percent of 1,925 individuals struck by kinetic impact projectiles ("KIP") severe injuries, 295 were permanently disabled by the projectiles, and 53 were killed by them. Haar Decl. ¶ 1. Severe injuries are more common when fired at close range, though indiscriminate firing at longer distances still risks striking protestors in vulnerable locations and cause severe injuries. *Id.* ¶ 13; *see also, e.g., id.* ¶ 12(A) ("Direct trauma to the eye from KIPs nearly always causes . . . total blindness in that eye, due to ruptured globe (eyeball).[1] KIPs have also entered the brain through the eye socket and caused extensive and irreversible damage.").

    The Declaration of Dr. Haar describes the types of serious injuries that result from the improper use of these projectiles, including loss of an eye, brain trauma and death. Dkt. 15-1, Haar Decl. ¶ 12.

    When KIPs are fired at close range, the risk for more severe injury is increased. Haar Decl. ¶ 12 (H) At close range, travel can be comparable to live ammunition and, can penetrate the body, causing injuries, disabilities and death, especially when they strike the head or face. *Id.* When launched or fired from afar, these weapons are inaccurate and can strike vulnerable body parts, as well as cause unintended injuries to bystanders and peaceful demonstrators. Haar Decl. ¶ 12 (H).

---

[1] This specific injury – "exploded eyeball" – was reported as an injury to a bystander struck with a projectile by the LAPD at the response to the recent Lakers Championship. Dkt. 54-1 (Memorandum) Los Angeles Times, LAPD Projectiles Fired at Lakers Crowd Causes Severe Injuries (Oct. 15, 2020), https://www.latimes.com/california/story/2020-10-15/lapd-projectiles-gruesomeinjuries- lakers-celebration

**RECENT EVIDENCE OF INJURIES CAUSED BY 37MM AND 40MM**

In support of the renewed application for a temporary restraining order, Plaintiffs submitted documentation of injuries from the use of these weapons by the LAPD at demonstrations since the Floyd protests last Spring. These exhibits evince the findings in the Chaleff Report that the LAPD is inadequately trained on these "less-lethal" weapons and deploys them in ways that are contrary to LAPD directives and manufacturers specifics.

The video and photographs of Christina Astorga at a demonstration in Tujunga last summer shows an officer shooting directly at her upper body with the distance of the end of the rifle barrel barely 3-feet from Ms. Astorga's chest. Dkt. 58-2 (Decl. of Astorga and Ex. 4 and 5 (video manually filed).

At the Breonna Taylor solidarity protest one month ago, Austin Baffa, wearing a vest clearly marked with the word "PRESS," was shot in the back, near the base of the skull, when he was approximately 50 feet from the nearest LAPD officer and walking away from the skirmish line, filming as he walked. Based on the distance at which the projectile was fired and the force with which it struck Baffa, Plaintiffs believe he was struck with a 40mm munition. Dkt. 58-3 and Exhibits 6 (video manually filed) and 7.

Just three weeks ago, at protests against the closure of an encampment of unhoused persons at Echo Park, videos showed the LAPD deployed a variety of less-lethal weapons, including 37mm and 40mm weapons. Dkt. 58-4 (Barbadillo Decl. and Ex. 8 and 9 (video manually filed). Exhibits 8 and 9 depict these weapons deployed at very close range to the protestors and carried by officers moving protestors backwards.

Plaintiffs submitted documentation of injuries to three individuals struck by impact projectiles at Echo Park on March 25, 2021, including one member of the press who was publicly displaying his press credentials. *See* Dkt. 58-7 struck in

upper arm (Kanegawa Decl. and Ex. 13,14); Dkt. 58-8 struck in chest (Kim Decl. and Ex. 15).

Plaintiffs cited to, but inadvertently omitted from the filing, the Declaration of Christian Monterrosa and the documentation of his injuries when he was struck by a projectile close to his heart. The declaration and photographs of his injury are included as an exhibit to this document. Also attached is an image he posted on line of the officer aiming the rifle directly at Mr. Monterrosa's chest at close range. Mr. Monterrosa was hit at the recent Echo Park protests. He is a member of the press and had LAPD credentials as press. Monterrosa Decl. at ¶2 and Exhibits 16 and 17.

Based on the image posted online by Mr. Monterrosa, the LAPD officer is believed to be deploying a 37mm rifle. There is insufficient distance between the officer and Mr. Monterrosa to "skip fire" the munitions. Moreover, the documentation of Mr. Monterrosa's upper chest injury is consistent with a direct strike and inconsistent with a skip-fire shot that strikes in the lower extremities and supposedly stings but causes little injury.

Respectfully submitted,

DATED: April 15, 2021  LAW OFFICE OF CAROL A. SOBEL

By: */s/ Carol A. Sobel*
CAROL A. SOBEL
*Attorneys for Plaintiff*