MICHAEL N. FEUER, City Attorney
KATHLEEN A. KENEALY, Chief Assistant City Attorney (SBN 212289)
SCOTT MARCUS, Senior Assistant City Attorney (SBN 184980)
CORY M. BRENTE, Senior Assistant City Attorney (SBN 115453)
GABRIEL S. DERMER, Assistant City Attorney (SBN 229424)
GEOFFREY R. PLOWDEN, Deputy City Attorney (SBN 146602)
200 North Main Street, Room 600
Los Angeles, California 90012
Telephone: 213-978-7038
Facsimile: 213-978-8785
geoffrey.plowden@lacity.org

Attorneys for Defendants City of Los Angeles and Chief Michel Moore

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACK LIVES MATTER LOS ANGELES, CANGRESS (DBA LA CAN), STEVEN ROE, NELSON LOPEZ, TINA ČRNKO, JONATHAN MAYORCA, ABIGAIL RODAS, KRYSTLE HARTFIELD, NADIA KHAN, CLARA ARANOVICH, ALEXANDER STAMM, MAIA KAZIM, ALICIA BARRERA-TRUJILO, SHANNON LEE MOORE, DEVON YOUNG, LINUS SHENTU, individually and on behalf of a class of similarly situated persons;<br><br>        Plaintiffs,<br>  vs.<br><br>CITY OF LOS ANGELES, a municipal entity, CHIEF MICHEL MOORE, and DOES 1-10 inclusive,<br><br>        Defendants. | Case No.: 2:20-cv-05027 CBM-AS<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER (Doc. 54)** |

Defendants City of Los Angeles and Chief Michel Moore object to the following evidence submitted in support of Plaintiffs' Application for Temporary Restraining Order filed by Plaintiffs (Dkt. 54).

**1.    Defendants object to the Court taking judicial notice of the contents, but not the existence of the Chaleff After Action Report (Dkt. 56)**

First, there are no findings as to the 37 mm launcher, making the report irrelevant as to that aspect of the temporary restraining order. Fed. R. Evid. 401

Second, the contents of the report are subject to dispute, making the Report unsuitable for judicial notice. A fact is "not subject to reasonable dispute," if it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.  As the Court can see from defendants' evidence, the accounts of protesters alleging they were injured by 37 mm or 40 mm less-lethal munitions are subject to a massive factual dispute, In fact, many of the protesters' accounts that they were peacefully protesting, are not accurate, indeed they are in fact false. The authority cited by the *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (holding that courts may take judicial notice of official information posted on a government website *if its accuracy is undisputed*) is thus distinguishable.

Plaintiff's citation to the Chaleff Report in several areas demonstrates why the report is subject to reasonable dispute. For example, the report at page 44, states, "it is believed the majority of injuries reported injuries that were sustained by persons in crowds were the result of less lethal munitions from the 40 mm, …many who reported being injured claim that they were not involved in violent hostile acts." Such a finding is subject to dispute and cannot be readily determined. Further, anyone can claim they're were not involved in hostile acts, but that does not make it true. As set forth in defendants' response, many of the declarants the TRO application relies upon were not true: they were engaged in hostile acts.

1

Further, the finding that the last training for the 40 mm was in 2018 (p. 45) is not accurate. As this report was based on information from 11 months ago, it is subject to reasonable dispute at this time. Thousands of officers have undergone training since the events of last May. Aside from the fact that defendants are disputing the reports, the state of LAPD's training and use of less-lethals in March 2021 is not a generally known fact within California. After all, it took months-long investigatory reports to form opinions on the state of that training and use. Furthermore, the accuracy of these reports cannot be accurately and readily determined because they are based on anecdotal recollections from individuals and because LAPD's training and less-lethal usage from March 2021 is completely different than in May and June of 2020.

All of plaintiff's cited authorities in support of the Court taking judicial notice are inapposite and distinguishable. Unlike *DeHoog v. Anheuser-Busch InBev SA/NV*, 899 F.3d 758, 763 n.5 (9th Cir. 2018), dealing with documents made in the regular course of business, here, the reports were made for the singular, unique protests that happened in May and June of 2020. Unlike *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) and *Democratic Nat'l Comm. v. Reagan*, 904 F.3d 686, 710 n.13 (9th Cir. 2018), dealing with reports from administrative bodies, these reports are not from administrative bodies.

Finally, even if noticeable, ". . . government records generally may be noticed only to establish their existence, not for their truth." 1 Weinstein's Federal Evidence § 201.12 (2021); see also *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 999 (9th Cir. 2018) (holding that district court abused discretion in noticing disputed substance of SEC record when only notice of existence was proper). The substance of the reports then, are not noticeable, only their existence. Otherwise, the City could publish a report whose substance indicates that there was sufficient training and no misuse of less-lethals. And that substance would be judicially noticeable.

2. **Defendants object to certain opinions of Roger Clark (Dkt. 60-1)**

Mr. Clark's opinions about the conduct of LAPD officers as alleged in plaintiffs' application lack sufficient facts and data foundation. Fed. R. Evid. 702(b); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 119 S.Ct. 1167 (1999). He based none of his opinions on any declarations, photos or videos. Mr. Clark simply parroted the plaintiffs' complaint and the Chaleff Report. (Clark Decl., p. 4, (Doc. 60-1)

He also conflates the 37 mm skip round launcher with target specific munitions such as the 40 mm (Paragraph 14 at p. 5*)*, making those opinions irrelevant. Fed. R. Evid. 401

He offers no personal knowledge of how LAPD officers are trained or whether any use of force at issue in this case was in fact unreasonable. (Para. 15)  Fed. R. Evid 702(b)

His conclusion at para. 20, p. 6 is not based on evidence, just the allegations in the unverified complaint, and contains inadmissible legal opinions**.** *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004): "an expert witness cannot give an opinion as to [his] legal conclusion, which is effectively an opinion on an ultimate issue of law."  See, also, *Taylor v. Lemus, No*. CV 11-9614 FMO (SSx), 2015 WL 12698306, at *6 (C.D. Cal. June 17, 2015) (citing *Sloman v. Tadlock,* 21 F.3d 1462, 1468 (9th Cir. 1994))

3. **Defendants object to portions of the Dr. Haar declaration.**

Dr. Haar's declaration, cited in Plaintiffs' current application, but attached to plaintiffs' unsuccessful first attempt to restrain defendants, contains two opinions which are inadmissible. First, Dr. Haar, who has no education, training or experience in crowd control or police practices, concludes "there is significant doubt that these weapons can be used in a manner that is simultaneously safe and effective." (para. 12-13, Dkt. 15-1) Fed. R. Evid. 702(a).  She offers no evidence that the specific munitions at issue in this

case are unsafe or ineffective. In fact, she does not mention the 40mm or 37mm launchers at all. Fed. R. Evid. 702(b)

Secondly, her study that she cites offers no information as to the scope of the use of KIP's. Was it over 10 years, 20? Did it involve hundreds of thousands of rounds or just a few hundred? Were the persons injured posing a serious threat to police when they were injured? In short, the Dr. Haar declaration lacks reliable scientific methods and data. Fed. R. Evid. 702(b); *Daubert*, 509 U.S. 579 (1993), *Kumho Tire Co.*, 119 S.Ct. 1167 (1999). Thus, these opinions of Dr. Haar are inadmissible, per Rule 702.

DATED: April 26, 2021       MICHAEL N. FEUER, City Attorney
KATHLEEN A. KENEALY, Chief Asst. City Attorney
SCOTT MARCUS, Senior Assistant City Attorney
CORY M. BRENTE, Senior Assistant City Attorney
GABRIEL S. DERMER, Assistant City Attorney
GEOFFREY R. PLOWDEN, Deputy City Attorney

/s/ Geoffrey R. Plowden
Attorneys for Defendants City of Los Angeles and Chief Michel Moore