| | |
|---|---|
| 1 | Cynthia Anderson Barker SBN 75764<br>NATIONAL LAWYERS GUILD<br>3435 Wilshire Blvd., Suite 2910<br>Los Angeles, California 90010<br>t. 213 381-3246  f. 213 381-3246<br>e. cablaw@hotmail.com | Barrett S. Litt, SBN 45527<br>Lindsay Battles SBN 262862<br>MCLANE, BEDNARSKI & LITT<br>975 E. Green Street<br>Pasadena, California 91106<br>t. 626 844-7660 f. 626 844-7670<br>e. blitt@mbllaw.com<br>e. lbattles@mbllaw.com |

Paul Hoffman, SBN 71244
Michael Seplow SBN 150183
Aidan McGlaze SBN 277270
John Washington SBN 315991
SCHONBRUN, SEPLOW, HARRIS, HOFFMAN & ZELDES LLP
9415 Culver Blvd, #115
Culver City, California 90230
t. 310 396-0731; f. 310 399-7040
e. hoffpaul@aol.com
e. jwashington@sshhlaw.com

Pedram Esfandiary SBN 312569
e. pesfandiary@baumhedlundlaw.com
Monique Alarcon SBN 311650
e. malarcon@baumhedlundlaw.com
Bijan Esfandiari SBN 223216
e. besfandiari@baumhedlundlaw.com
R. Brent Wisner SBN 276023
e. rbwisner@baumhedlundlaw.com
BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.
10940 Wilshire Blvd., 17th Floor
Los Angeles, California 90024
t. 310 207-3233 f. 310 820-7444

Attorneys for Plaintiffs
Additional Counsel on Next Page

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| BLACK LIVES MATTER LOS ANGELES, CANGRESS (DBA LA CAN), STEVEN ROE, NELSON LOPEZ, TINA RNKO, JONATHAN MAYORCA, ABIGAIL RODAS, KRYSTLE HARTFIELD, NADIA KHAN, CLARA ARANOVICH, ALEXANDER STAMM, MAIA KAZIN, ALICIA BARRERA-TRUJILLO, SHANNON LEE MOORE, DEVON YOUNG, LINUS SHENTU, EVA GRENIER, DAVID CONTRERAS, individually and for a class of similarly situated persons,<br><br>      Plaintiffs,<br>v.<br><br>CITY OF LOS ANGELES, a municipal entity, CHIEF MICHEL MOORE, and DOES 1-10 inclusive,<br><br>      Defendants. | Case No.: 2:20-cv-05027 CBM-AS<br><br>**MOTION TO FILE A SECOND AMENDED COMPLAINT**<br><br>DATE: JULY 27, 2021<br>TIME: 10:00 A.M.<br>CTRM: 8B<br><br>HON. CONSUELO B. MARSHALL<br><br>ACTION FILED: JUNE 5, 2020 |

1  Carol A. Sobel, SBN 84483
   Katherine Robinson SBN 323470
2  Weston Rowland  SBN 327599
   LAW OFFICE OF CAROL A. SOBEL
3  1158 26TH Street, #552
   Santa Monica, CA 90403
4  t. 310 393-3055
   e. carolsobel@aol.com
5  e. klrobinsonlaw@gmail.com
   e. rowland.weston@gmail.com
6

7  Olu Orange SBN 213653
   Orange Law Offices
8  3435 Wilshire Blvd., Ste. 2910
   LOS ANGELES, CA. 90010-2015
9  e. o.orange@orangelawoffices.com
   t. 213 252-9444
10 r. 213 252-0091

11 Matthew Strugar, SBN 232951
   Law Office of Matthew Strugar
12 3435 Wilshire Blvd., Suite 2910
   Los Angeles, CA 90010
13 t. 323 696-2299
   e. matthewstrugar@gmail.com

Jorge Gonzalez SBN 100799
A PROFESSIONAL CORPORATION
2485 Huntington Dr., Ste. 238
San Marino, CA 91108-2622
t. 626 328 3081
e. jgonzalezlawoffice@gmail.com

Colleen Flynn, SBN 234281
LAW OFFICE OF COLLEEN FLYNN
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010-2015
T. 213 736-9900    f. 213 417-8800
e. cflynn@yahoo.com
Los Angeles, CA 90010

James Do Kim    SBN 2310238
Law Offices of Do Kim, APLC
3435 Wilshire Blvd., Suite 2700
Los Angeles, CA 90010
t. 213 251 5440 f. 213 232-4919
e. dkim@dokimlaw.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**This Motion is made following the meet-and-confer with Defendants' counsel, Geoffrey Plowden and Gabriel Dermer.**

Notice is hereby given that, on July 26, 2021, at 10:00 a.m., in Courtroom 8B of the United States District Court for the Central District of California, 1st Street Courthouse, the Honorable Consuelo B. Marshall, district judge presiding, Plaintiffs will move the Court for an Order directing that the proposed Second Amendment Complaint be filed in this action.

The motion is made pursuant to FRCivP 15(a). The proposed Amended Complaint, showing all changes from the current operational pleading, is filed separately.. A copy of the proposed Amended Complaint with all proposed changes accepted is attached at Exhibit A to the Notice of Motion.

The Motion is based upon the Notice of Motion and Motion, the Memorandum of Points and Authorities, exhibits attached thereto, and all pleadings on file in this action, or as may be filed in reply to the Opposition to the motion, if any.

Dated: June 17, 2021              Respectfully submitted,

                                                   McLANE BEDNARSKI & LITT
                                                   SCHONBRUN SEPLOW HARRIS
                                                        HOFFMAN & ZELDES, LLP
                                                   LAW OFFICE OF CAROL A. SOBEL

                                                 /s/ Carol A. Sobel
                                                 BY: CAROL A. SOBEL
                                                 Attorneys for Plaintiffs

## I. PLAINTIFFS' MOTION IS TIMELY AND SHOULD BE GRANTED

Plaintiffs are entitled to amend their Complaint pursuant to Federal Rules of Civil Procedure 15(a)(2). This Rule provides that:

> (a) AMENDMENTS BEFORE TRIAL.
>
> ...
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court held that courts should freely grant leave to amend, absent specified factors, none of which exist here. The motion is timely: the parties did not propose and the Court's scheduling order did not set a cut-off date for amending the pleadings. The fact discovery cut-off date is August 31, 2021.

In the Joint Rule 26(f) report, Plaintiffs stated their intention to file a Second Amended Complaint, including to add their state law claims for damages. *See* Docket 42, p.8 ("Motions").

Apart from typographical corrections and the addition of the state law claims for damages and two new class representatives, the majority of the proposed amendments address the Monell issues and ratification by Chief Moore, specifically. Most of the new allegations are based on the three investigative reports analyzing the events at issue in this action: the Chaleff Report, the LAPD After Action Report and the The Police Foundation Report ("A Crisis in Trust") prepared for the Los Angeles Police Commission. The Chaleff Report issued in mid-March, while the other two both issued in April. In addition, Plaintiffs amendments incorporate allegations based on several other reports submitted by Defendant Chief Moore to the Board of Police Commissioners in April, including adjudication of several Categorical Use of Force Complaints submitted to the Board of Police Commissioners and the Safe LA Task

2

Force Update Report.

## II.  PLAINTIFFS' STATE LAW DAMAGES CLAIMS ARE PROPER

### A.  Plaintiffs' State Law Claims are Timely

In the course of the Parties' communications concerning the filing of this motion, Defendants' counsel asserted that Plaintiffs may not amend to add state law damages claims because, purportedly, they failed to meet government claim exhaustion requirements.[1] This assertion is flatly false.

Pursuant to California Government Code §911.2, Plaintiffs' filed a timely class claim on June 23, 2020 on behalf of the organizational plaintiffs and several individual plaintiffs. A true and correct copy of the government claim is attached at Exhibit D. The initiating Complaint was included as an attachment and incorporated by reference. Ex. C. The claim was deposited with Fed Ex, addressed to the Los Angeles City Clerk. The receipt for delivery is attached at Exhibit D.

The Tort Claims Act requires that "a claim be submitted to the clerk, ... or governing body of the public entity." Gov. Code §915(a). It may be delivered personally or by mail. §§915(a)(1-2), 915.2. Plaintiffs met these prerequisites.

At no time after the government claim was filed with the City did Plaintiffs' counsel receive any communication from the City regarding the claim. If the City felt that the claim suffered from a "substantial defect" in some manner, it was required to give notice and an opportunity for Plaintiffs to correct the problem. Ca. Gov. Code §910.8. Absent such notice and an oppotunity to redress, an alleged deficiency in the claim, if any, is waived and may not be asserted as a defense against the claim. Gov. Code § 911; *see also, Martinez v. County of Los Angeles*, 78 Cal.App.3d 242, 245 (1978). All that was required to comply with the Government Code on Plaintiffs' part

---

[1] Exhibit B is a true and correct copy of defense counsels' email making this assertion.

was to show substantial compliance with the claims statute. *See City of San Jose v. Superior Court*, 12 Cal.3d 447 (1974).

Because the City failed to act on Plaintiffs' government claim, the claim was deemed denied by operation of law after 45 days from Plaintiffs' service of the claim, plus five days for mail service. Gov. Code §912.4(b). When a claim is denied by "operation of law," Plaintiffs have two years to file suit rather than the usual six months from the date of denial. Gov. Code §945.6(a)(2).

### B. Compliance is Met by a Claim Filed on Behalf of a Class

Plaintiffs were not required to file a government claim for damages on behalf of each of the named plaintiffs. In this instance, Plaintiffs referenced the class both in the government claim and the Complaint filed with it. "[T]reating the class as claimant is consistent with treatment of the class for purposes of filing the complaint. ... [¶] It is therefore clear a class claim may satisfy the claims statutes requirements." *City of San Jose v. Superior Court*, 12 Cal. 3d at 457.

### III. CONCLUSION

Consistent with the liberal amendment provisions of F.R.Civ.P. 15, t.he Court should enter an Order approving the filing of Plaintiffs' proposed Second Amended Complaint. There is no legal or factual bar to doing so.

Dated: June 17, 2021	Respectfully submitted,

McLANE BEDNARSKI & LITT
SCHONBRUN SEPLOW HARRIS
   HOFFMAN & ZELDES, LLP
LAW OFFICE OF CAROL A. SOBEL

/s/ Carol A. Sobel
BY: CAROL A. SOBEL
Attorneys for Plaintiffs

4