Cynthia Anderson Barker SBN 75764
NATIONAL LAWYERS GUILD
3435 Wilshire Blvd., Suite 2910
Los Angeles, California 90010
t. 213 381-3246  f. 213 381-3246
e. cablaw@hotmail.com

Paul Hoffman, SBN 71244
Michael Seplow SBN 150183
Aidan McGlaze  SBN 277270
John Washington SBN 315991
SCHONBRUN, SEPLOW, HARRIS,
HOFFMAN & ZELDES LLP
9415 Culver Blvd, #115
Culver City, California 90230
t. 310 396-0731; f. 310 399-7040
e. hoffpaul@aol.com
e. jwashington@sshhlaw.com

Attorneys for Plaintiffs
Additional Counsel on Next Page

Barrett S. Litt, SBN 45527
Lindsay Battles SBN 262862
MCLANE, BEDNARSKI & LITT
975 E. Green Street
Pasadena, California 91106
t. 626 844-7660 f. 626 844-7670
e. blitt@mbllaw.com
e. lbattles@mbllaw.com

Pedram Esfandiary SBN 312569
e. pesfandiary@baumhedlundlaw.com
Monique Alarcon SBN 311650
e. malarcon@baumhedlundlaw.com
Bijan Esfandiari SBN 223216
e. besfandiari@baumhedlundlaw.com
R. Brent Wisner SBN 276023
e. rbwisner@baumhedlundlaw.com
BAUM, HEDLUND, ARISTEI &
GOLDMAN, P.C.
10940 Wilshire Blvd., 17th Floor
Los Angeles, California 90024
t. 310 207-3233 f. 310 820-7444

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BLACK LIVES MATTER LOS ANGELES, ET AL, <br><br> PLAINTIFFS, <br><br> v. <br><br> CITY OF LOS ANGELES, ET AL, <br><br> DEFENDANTS. | Case No.: 2:20-cv-05027 CBM-AS <br><br> **DISCOVERY MATTER** <br><br> **DECLARATION OF COUNSEL AND EXHIBITS RE: PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |

DECLARATION AND EXHIBITS RE MOTION TO COMPEL

Carol A. Sobel, SBN 84483
Katherine Robinson SBN 323470
Weston Rowland  SBN 327599
LAW OFFICE OF CAROL A. SOBEL
1158 26TH Street, #552
Santa Monica, CA 90403
t. 310 393-3055
e. carolsobel@aol.com
e. klrobinsonlaw@gmail.com
e. rowland.weston@gmail.com

Colleen Flynn, SBN 234281
LAW OFFICE OF COLLEEN FLYNN
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
t. 213 252-9444
r. 213 252-0091
e. cflynnlaw@yahoo.com

Matthew Strugar, SBN 232951
LAW OFFICE OF MATTHEW STRUGAR
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
t. 323 696-2299
e. matthewstrugar@gmail.com

Jorge Gonzalez SBN 100799
A PROFESSIONAL CORPORATION
2485 Huntington Dr., Ste. 238
SAN MARINO, CA 91108-2622
t. 626 328-3081
e. jgonzalezlawoffice@gmail.com

Olu Orange SBN 213653
Orange Law Offices
3435 Wilshire BLvd., Ste. 2910
LOS ANGELES, CA. 90010-2015
T. 213 736-9900
f. 213 417-8800
e. o.orange@orangelawoffices.com

JAMES DO KIM
LAW OFFICES OF DO KIM, APLC
3435 Wilshire Blvd., Suite 2700
Los Angeles, CA 90010
t. 213 251-5440
f. 213 232 4919
e. dkim@dkimlaw.com

DECLARATION AND EXHIBITS RE MOTION TO COMPEL

## DECLARATION OF CAROL A. SOBEL

**I, CAROL A. SOBEL,** declare as follows:

1. I am an attorney admitted to practice before the Supreme Court of California and the United States District Court for the Central District of California, among other federal courts.  I am counsel of record for the Plaintiffs in this action.  I make this declaration based on matters of which I have personal knowledge.  If called to testify to these attestations, I could and would do so competently.

2. Attached to my declaration at Exhibit 1 is the initial letter I sent to Defendants' counsel in September, 2021, initiating the meet and confer process.

3. Attached at Exhibit 2 is Defendants' Response to Request for Production Set. No. 2.

    I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of December, 2021 at Los Angeles, California.

                    /s/      Carol A. Sobel            .

**EXHIBIT 1**

LAW OFFICE OF CAROL A. SOBEL
1158 26TH STREET, #552
SANTA MONICA, CALIFORNIA 90403
T. 310 393 3055  E. CAROLSOBELLAW@GMAIL.COM

By email: geoffrey.plowden@lacity.org

September 3, 2021

Geoffrey Plowden
Deputy City Attorney
200 N. Main Street, CHE 6th Fl.
Los Angeles, CA 90010

Re: BLM v. CITY OF LA discovery

Dear Geoff:

I have now gone through all of the discovery the City produced to date.  There remain significant gaps in key areas.  Below I have listed several areas of deficiencies.  But before I get to these, I want to address the broad assertion of the "official information privilege" as a reason not to produce a broad range of documents.  The City objected to sweeping categories of requests based on a purported "official information privilege."  The first requirement of any government entity seeking to withhold documents on the basis of the alleged privilege is to file a declaration setting forth the specific reasons why, if at all, the privilege should be applied.  General assertions of "public interest" or "harm" are insufficient to meet this threshold.  In this case, the City provided no declaration in support of the asserted privilege for either the Request for Production Set #1, or the Request for Production Set #2.  Because of the failure to  do so, the City has waived any arguable official information privilege as a basis to withhold production.

"'[I]n this circuit that a party seeking to invoke the Privilege must first make a substantial threshold showing that the documents they seek to protect may be withheld pursuant to the Privilege.'' *Enriquez v. City of Fresno*, 2011 U.S. Dist. LEXIS 29998 *5 (E.D. CA. March 22, 2011), quoting *Kelly v. City of San Jose*, 114 F.R.D. 653, 669 (N.D. Cal. 1987) (internal quotation marks omitted). ... "'[W]ithin the time permitted by rule to respond or object, [a responding party must] serve and file an objection that invokes the official information privilege by name. The party must set forth this objection separately in response that would reach material covered by the privilege.'" *Id.*  In setting forth its objections, "the party seeking to invoke the Privilege [sic] a responsible official within the agency who has personal knowledge of the matters to be asserted must submit an affidavit or declaration[,]" addressing, *inter alia*, the specific "risk of harm to a significant governmental or privacy interests" and how that harm cannot be abated by a protective order.  *Id.* *6.  In the context of civil rights suits against police departments, this balancing approach should be 'moderately pre-weighed in favor of disclosure.'[Citation]."  *Id.*

While the *Enriquez* Court considered a supporting declaration filed by the Fresno Police at about the same time the Defendants filed their response to Plaintiffs' Motion to Compel, that declaration was found to be insufficient to preclude disclosure of internal affairs investigations and other materials sought to be withheld on the ground that they were part of a personnel file.  The

Geoffrey Plowden
September 3, 2021
Page 2

basis for withholding any documents in this instance is completely baseless given the nature of the City-wide protests and the multiple reports and public discussions of those events by the Los Angeles Police Department, including with the City Council and the Police Commission.

Turning to the documents sought in this case by Plaintiffs, the City has not produced a considerable amount of materials – documents, videos, etc. – used to prepare the After Action Report, the Safe LA Update Report, the recommendations and implementation plan submitted to the Police Commission, and the various force investigations and other allegations of possible misconduct the City described in another report, investigated both as CUOF and NCUF. Recently, we became aware based on the PMK deposition of Shannon Paulson that she was interviewed at least four times concerning the Floyd protest events of last Spring: once for the AAR, as well as once by Riek Webb for the Chaleff Report, once by FID, and once by Internal Affairs. We have none of those interviews. Moreover, we are certain that Acting Cmdr. Paulson was not the only command staff person interviewed to prepare the AAR. We are entitled to everything used to prepare the AAR.

Although we received a small amount of BWV, it looks like almost all of what we received was produced to the NPF and Bates marked NPF 004602. We are aware from reading various reports issued by the LAPD that the City collected an extraordinary amount of video from other sources, including surveillance cameras on businesses. The amount of BWV the City has produced is very small compared to what we believe exists. In particular, the investigation summaries that the City did produce frequently refer to review of BWV and other materials. Only the summary of the investigation was produced in almost every instance. For example, the document identified as Ex 200710089, also Bate-stamped as NPF 004602, states that the investigating officer used BWV to evaluate the complaint. We do not have that video, or have it in a manner that allows us to identify that we have it.

We are still at the same point with IA investigations generally. As we previously raised with you, and although we did receive some documents in the production of August 16, 2021, we do not have the full investigations of complaints concerning most of the named Plaintiffs or others the LAPD investigated. It appears that there is an investigation that exonerates the officer who shot Ms. Moore and that investigation relied on various BWV and media posts. According to the IA report, there is a disk with all video related to this incident. See, e.g., COLA 10353. We do not have any videos of Shannon Moore that appear to be what the IA report references: none appear to be from a surveillance camera on a nearby business and none is identifies as being from any media entity.

The same is true for the other IA investigations produced. Each references various documentation, including BWV and other video evidence. In some reports, the LAPD concludes that the evidence counters the claims of the plaintiffs. In all, the LAPD has considerable evidence that is directly responsive to our RPDs, which should have been produced long ago.

We advised you in our letter dated August 9, 2021 that it appears that there are no documents produced for the following categories for Plaintiffs' RPDs Set No. One: 4, 5, 7, 8, 11, 12, 14-17, 19, 20, 22-30, 31-25, 38-76. This is not to concede that the City's responses to the other categories are

Geoffrey Plowden
September 3, 2021
Page 3

sufficient or that no deficiencies exist in the City's Response to RPD Set Two. These categories
from RPD Set One seek, variously, all documentation of the use of force, including all documents
relating to incidents where individuals were struck with LLMs. We are aware that the LAPD
submitted several reports to the BOPC, including an Update Report in April on the UOF. The
documents described in and necessary to preparation of that report is directly responsive to several
categories in our RPDs. This report is identified to illustrate the categories of documents requested
but not produced in whole or in significant part.

     To illustrate, for RPD #79, the City identifies 2 pages responsive to this Request. *See* Bates
## 11203-11204. These documents are titled "Talking Points." The "Talking Points" relate to the
underlying report and documents used to prepaer the referenced Report. As the City is aware, the
AAR Update Report relied on and cited extensively to documentation. There can be no burden on
the City to produce the underlying documents LAPD personnel used for all of the various reports
filed with the Police Commission. This applies as well to the spreadsheet and memorandum re
implementation of reforms in response to the events and the AAR, Chaleff and NPF
recommendations.

     We also asked for documents concerning other events involving protests and the use of force
subsequent to the Spring Floyd Protests. In some instances, the City submitted declarations
concerning these incidents in opposition to the application for a Temporary Restraining Order and,
more recently, the Preliminary Injunction. To illustrate, the City designate Steve Lurie as a PMK.
He submitted a declaration in opposition to the Preliminary Injunction as the Incident Commander
for the Breonna Taylor protest. Where are the documents he relied on concerning shooting a
member of the press at that incident with a beanbag, rendering the individual unconscious?

     We are not going to go through every category of RPDs where the City's response is
deficient or completely lacking. We have identified the RPDs in Set One that have no response and
given examples of those that have inadequate responses, most because no video evidence has been
produced by the City. RPD Set One was served just short of a year ago. RPD Set Two was served
three months ago. The City's failure to produce these readily identifiable documents, all of which
are in your possession, is inexcusable at this point.

     It remains our intention to move forward with a motion to compel now. We ask your
participation in a meet and confer on Tuesday, September 14, after you return from vacation. We
can hold the meet and confer before we begin the plaintiffs' depositions that day. Please let us
know your availability. In the meantime, if we receive more documents next week while you are
on vacation, we can evaluate the scope of the motion to compel.

Sincerely,

/s/ Carol A. Sobel
Carol A. Sobel

**EXHIBIT  2**

1  **MICHAEL N. FEUER,** City Attorney
   **KATHLEEN A. KENEALY,** Chief Asst. City Attorney
2  **SCOTT MARCUS,** Senior Asst. City Attorney
   **CORY M. BRENTE,** Senior Asst. City Attorney
3  **GEOFFREY PLOWDEN,** Deputy City Attorney (SBN 146602)
   200 North Main Street, 6th Floor City Hall East
4  Los Angeles, CA, 90012
   Tel: (213) 978-7038; Fax: (213) 978-8785
5  E-Mail: Geoffrey.Plowden@lacity.org

6  *Attorneys for Defendants*
   **CITY OF LOS ANGELES, CHIEF MICHEL MOORE AND**
7  **COMMANDER RIMKUNAS**

8

9

10                    **UNITED STATES DISTRICT COURT**

11                    **CENTRAL DISTRICT OF CALIFORNIA**

12

13  BLACK LIVES MATTER LOS              )    **CASE NO: 2:20-cv-05027 CBM-AS**
    ANGELES, CANGRESS DBA LA            )
14  CAN, STEVEN ROE, NELSON             )
    LOPÉZ, TINA CRNKO, JONATHAN         )
15  MAYORCA, ABIGAIL RODAS,             )
    KRYSTLE HARTFIELD, NADIA            )    **DEFENDANTS CITY OF LOS**
16  KHAN, CLARA ARANOVICH,              )    **ANGELES, CHIEF MICHEL**
    ALEXÁNDER STAMM, MAIA               )    **MOORE AND COMMANDER**
17  KAZIM, ALICIA BARRERA-              )    **RIMKUNAS'S RESPONSE TO**
    TRUJILO, SHANNON LEE                )    **PLAINTIFFS BLACK LIVES**
18  MOORE, DEVON YOUNG, LINUS           )    **MATTER LOS ANGELES, ET**
    SHENTU, INDIVIDUALLY AND            )    **AL.'S REQUEST FOR**
19  ON BEHALF OF A CLASS OF             )    **PRODUCTION, SET TWO**
    SIMILARLY SITUATED PERSONS,         )
20                                      )
                                        )
21            PLAINTIFFS,               )
                                        )
22        vs.                           )
                                        )
23  CITY OF LOS ANGELES, A              )
    MUNICIPAL ENTITY, CHIEF             )
24  MICHEL MOORE, AND DOES 1-10         )
    INCLUSIVE,                          )
25                                      )
              Defendants.               )
26  _____ )

27

28
    L20-01783
                                        1

| PROPOUNDING PARTY: | Plaintiffs BLACK LIVES MATTER LOS ANGELES, et al. |
|---|---|
| RESPONDING PARTY: | Defendants CITY OF LOS ANGELES, CHIEF MICHEL MOORE AND CDR. RIMKUNAS |
| SET NUMBER: | TWO |

## **PRELIMINARY STATEMENT**

This responding party has not fully completed its investigation of the facts relating to this case nor fully completed its discovery in this action. All of the following responses are based only upon such information and documents that are presently available to and specifically known to this party and/or its attorneys and discloses only those contentions presently occurring to it.

It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish additions to, changes in and variations of the following responses. The following responses are given without prejudice to this party's right to produce evidence of any other fact or facts, which it may ascertain. This party reserves the right to change any and all responses herein as contentions are made. The responses contained herein are made in a good faith effort to supply as much factual information, and as much specification of legal contentions as is presently known, but in no way should be to the prejudice of this party in relation to supplemental discovery, research or analysis.

Subject to the above, Defendant City of Los Angeles, (hereinafter "Defendant City"), hereby responds to Plaintiffs Black Lives Matter Los Angeles, et al.'s Request for Production, Set Two as follows:

///

///

///

///

L20-01783

2

## RESPONSES TO REQUEST FOR PRODUCTION

**REQUEST NO. 77:**

ALL DOCUMENTS YOU used to prepare the LAPD's report dated April 21, 2021, concerning the After-Action Implementation Plan, submitted to the Los Angeles Police Commission and identified on the LAPD Police Commission's April 27, 2001 Agenda as BPC #21-0781.

**RESPONSE TO REQUEST NO. 77:**

Objection. This request is over broad and unduly burdensome. It seeks privileged official information. Notwithstanding said objections, defendant will comply to the best of its ability.

**REQUEST NO. 78:**

ALL DOCUMENTS YOU used to prepare the analysis of a $67 million cost to implement reforms related to the LAPD's response to THE SUMMER FLOYD PROTESTS, including any DOCUMENTS used by Chief Michel Moore and/or Deputy Chief Dominic Choi, who commands LAPD's Office of Support Services, from June, 2020 to the present, including any documents submitted to the Los Angeles Police Commission, Mayor Eric Garcetti, or any member of the Los Angeles City Council.

**RESPONSE TO REQUEST NO. 78:**

Objection. This request is over broad and unduly burdensome. It seeks privileged official information. It seeks documents already in plaintiff's possession. Notwithstanding said objections, defendant will comply to the best of its ability. AARIP Personnel Breakdown, AARIP Talking Points, Calculation Information, Chaleff After Action Report, LAPD After Action Report 2020 National Police Foundation After Action Report, Recommendations from AARs

**REQUEST NO. 79:**

ALL DOCUMENTS YOU used to prepare any submission to the Los Angeles Police Commission relating to THE SUMMER FLOYD PROTESTS for the Police

L20-01783

3

1  Commission's May 4, 2021 meeting and all subsequent meetings through the date of

2  YOUR production of documents responsive to RPD #2.

3  **RESPONSE TO REQUEST NO. 79:**

4       Objection. This request is over broad and unduly burdensome. It seeks

5  privileged official information. It seeks documents already in plaintiff's possession.

6  Notwithstanding said objections, defendant will comply to the best of its ability.

7  AARIP Talking Points.

8  **REQUEST NO. 80:**

9       ALL DOCUMENTS reflecting communications with the Los Angeles City

10  Council concerning the preparation of a report or reports concerning the LAPD's

11  response to THE SUMMER FLOYD PROTESTS, including but not limited to the

12  LAPD's "SAFE LA" After-Action Report, the "A Crisis of Trust Report" prepared

13  by the National Police Foundation, and "An Independent Examination Of The Los

14  Angeles Police Department 2020 Protest Response."

15  **RESPONSE TO REQUEST NO. 80:**

16       Objection. This request is over broad and unduly burdensome. It seeks

17  privileged official information. Defendant cites the LA City Council agendas, equally

18  available to requesting party, and the After Action Reports themselves, already in

19  plaintiff's possession. Discovery and investigation are continuing.

20  **REQUEST NO. 81:**

21       ALL DOCUMENTS reflecting communications with the Los Angeles City

22  Council concerning the preparation of "An Independent Examination of the Los

23  Angeles Police Department" or CHALEFF REPORT.

24  **RESPONSE TO REQUEST NO. 81:**

25       Objection. This request is over broad and unduly burdensome. It seeks

26  privileged official information. Defendant cites the LA City Council agendas, equally

27  available to requesting party, and the After Action Reports themselves, already in

28  plaintiff's possession. Discovery and investigation are continuing.

L20-01783

4

**RESPONSE TO REQUEST NO. 88:**

Objection. This request is over broad and unduly burdensome. It seeks privileged official information. Notwithstanding said objections, defendant will comply. Documents on order from Sgt. Eric Lee.

**REQUEST NO. 89:**

ALL interviews provided in connection with the "SAFE LA" LAPD AFTER ACTION REPORT.

**RESPONSE TO REQUEST NO. 89:**

Objection. This request is over broad and unduly burdensome. It seeks privileged official information. Notwithstanding said objections, defendant will comply. Documents on order from Sgt. Eric Lee.

**REQUEST NO. 90:**

ALL DOCUMENTS reflecting communications with the Los Angeles City Council concerning the preparation of what is now known as the A CRISIS OF TRUST REPORT.

**RESPONSE TO REQUEST NO. 90:**

Objection. This request is over broad and unduly burdensome. It seeks privileged official information. Defendant cites the LA City Council agendas, equally available to requesting party, and the After Action Reports themselves, already in plaintiff's possession. Discovery and investigation are continuing.

**REQUEST NO. 91:**

ALL DOCUMENTS reflecting communications with the Los Angeles Police Commission concerning the preparation of the A CRISIS OF TRUST REPORT.

L20-01783

**RESPONSE TO REQUEST NO. 91:**

Objection. This request is over broad and unduly burdensome. It seeks privileged official information. Defendant will comply at this time. NPF letters.

**REQUEST NO. 92:**

ALL COMMUNICATIONS with investigators or any other person involved in preparing the A CRISIS OF TRUST REPORT which in any way related to the LAPD's response to THE SUMMER FLOYD PROTESTS.

**RESPONSE TO REQUEST NO. 92:**

Objection. This request is over broad and unduly burdensome. It seeks privileged official information. Defendant will comply at this time. NPF letters.

**REQUEST NO. 93:**

ALL DOCUMENTS provided by YOU to investigators or any other person, including but not limited to the National Police Foundation, involved in preparing the A CRISIS OF TRUST REPORT which in any way related to the LAPD's response to THE SUMMER FLOYD PROTESTS.

**RESPONSE TO REQUEST NO. 93:**

Objection. This request is over broad and unduly burdensome. It seeks privileged official information. Defendant will comply at this time. NPF letters.

**REQUEST NO. 94:**

ALL interviews provided in connection with the A CRISIS OF TRUST REPORT.

**RESPONSE TO REQUEST NO. 94:**

Objection. This request is over broad and unduly burdensome. It seeks privileged official information. Defendant will comply at this time. NPF letters.

**REQUEST NO. 95:**

ALL communications from May 25, 2020 to June 7 concerning whether there were expected to be substantial protests in Los Angeles following the death of George Floyd.

L20-01783

8

**RESPONSE TO REQUEST NO. 95:**

Objection. This request is over broad and unduly burdensome. It seeks privileged official information. Defendant will comply to the best of its ability. Emails

**REQUEST NO. 96:**

ALL communications from May 25, 2020 to June 7 among those responsible for planning or coordinating LAPD responses to protests following the death of George Floyd.

**RESPONSE TO REQUEST NO. 96:**

Objection. This request is over broad and unduly burdensome. It seeks privileged official information. Defendant will comply to the best of its ability. Emails

**REQUEST NO. 97:**

All DOCUMENTS reflecting information YOU collected concerning purported threats posed by persons in THE SUMMER FLOYD PROTESTS.

**RESPONSE TO REQUEST NO. 97:**

Objection. This request is over broad and unduly burdensome. It seeks privileged official information. Defendant will comply to the best of its ability. Emails re: social media

**REQUEST NO. 98:**

All evidence which you contend establishes it was difficult to isolate or remove persons who posed a risk of violence during THE SUMMER FLOYD PROTESTS.

**RESPONSE TO REQUEST NO. 98:**

Objection. This request is over broad and unduly burdensome. It seeks privileged official information. Notwithstanding said objections, defendant will comply to the best of its ability. Body cams and crimes against officers; vandalism reports.

**REQUEST NO. 99:**

All DOCUMENTS which reflect communications from undercover officers during THE SUMMER FLOYD PROTESTS.

L20-01783

**RESPONSE TO REQUEST NO. 99:**

Objection. This request is over broad and unduly burdensome. It seeks privileged official information. Notwithstanding said objections, defendant cannot comply at this time. Simplex communications do not record. Discovery and investigation are continuing.

**REQUEST NO. 100:**

All DOCUMENTS that reflect the location and deployment of "Shadow Teams" during THE SUMMER FLOYD PROTESTS, as the term "Shadow Team" is used by YOU in the SAFE LA After Action Report issued by YOU in April 2021.

**RESPONSE TO REQUEST NO. 100:**

Objection. This request is over broad and unduly burdensome. It seeks privileged official information. Notwithstanding said objections, defendant cannot comply at this time. Simplex communications do not record. Discovery and investigation are continuing.

**REQUEST NO. 101:**

All DOCUMENTS which reflect any difficulties undercover officers had communicating with others of YOUR employees during THE SUMMER FLOYD PROTESTS, as described by YOU in the SAFE LA After Action Report.

**RESPONSE TO REQUEST NO. 101:**

Objection. This request is over broad and unduly burdensome. It seeks privileged official information. Notwithstanding said objections, defendant cannot comply at this time. Simplex communications do not record. Discovery and investigation are continuing.

**REQUEST NO. 102:**

All DOCUMENTS concerning the number and type of less lethal munitions used during THE SUMMER FLOYD PROTESTS.

L20-01783

**RESPONSE TO REQUEST NO. 102:**

Objection. This request is over broad and unduly burdensome. It seeks privileged official information. Notwithstanding said objections, defendant will comply to the best of its ability. OSS after Action Expenditure Report

**REQUEST NO. 103:**

All communications with or by the LAPD concerning providing persons involved in the CHALEFF REPORT with an accounting of the number or type of less lethal munitions used during THE SUMMER FLOYD PROTESTS.

**RESPONSE TO REQUEST NO. 103:**

Objection. This request is over broad and unduly burdensome. It seeks privileged official information. Notwithstanding said objections, defendant will comply to the best of its ability. OSS after Action Expenditure Report.

**REQUEST NO. 104:**

All DOCUMENTS reflecting the LAPD's system for monitoring number of less lethal munitions deployed during protests.

**RESPONSE TO REQUEST NO. 104:**

Objection. This request is over broad and unduly burdensome. It seeks privileged official information. Notwithstanding said objections, defendant will comply to the best of its ability. ICS 2.11 and 2.14 forms, Metro sergeant reports.

**REQUEST NO. 105:**

All DOCUMENTS or COMMUNICATIONS concerning the decision to expand the use of the 40 mm to routine patrol operations.

L20-01783

11

1  **RESPONSE TO REQUEST NO. 105:**

2      Objection. This request is over broad and unduly burdensome. It seeks

3  privileged official information. Notwithstanding said objections, defendant will

4  comply to the best of its ability. 10 year over of UOF Investigations Update

5  40mm Pilot Program Conclusion 40 mm Pilot Program Extension 40 mm Pilot

6  Program IG Report 2017 OIG 10 Year Overview OIG Inspection of Taser and Bean

7  Bag Police Commission Vision Uniform Committee Approval of 40 mm

8  **REQUEST NO. 106:**

9      All DOCUMENTS or COMMUNICATIONS concerning the Board of Police

10  Commissioner's approval in 2017 to expand the use of the 40 mm to routine patrol

11  operations.

12  **REQUEST NO. 107:**

13      All DOCUMENTS or COMMUNICATIONS concerning the Inspector

14  General's report related the decision to expand the use of the 40 mm to routine patrol

15  operations.

16  **RESPONSE TO REQUEST NO. 106:**

17      Objection. This request is over broad and unduly burdensome. It seeks

18  privileged official information. Notwithstanding said objections, defendant will

19  comply to the best of its ability. 10 year over of UOF Investigations Update 40mm

20  Pilot Program Conclusion 40 mm Pilot Program Extension 40 mm Pilot Program IG

21  Report 2017 OIG 10 Year Overview OIG Inspection of Taser and Bean Bag  Police

22  Commission Vision Uniform Committee Approval of 40 mm.

23

24

25

26

27

28

**RESPONSE TO REQUEST NO. 107:**

Objection. This request is over broad and unduly burdensome. It seeks privileged official information. Notwithstanding said objections, defendant will comply to the best of its ability. 10 year over of UOF Investigations Update 40mm Pilot Program Conclusion 40 mm Pilot Program Extension 40 mm Pilot Program IG Report 2017 OIG 10 Year Overview OIG Inspection of Taser and Bean Bag  Police Commission Vision Uniform Committee Approval of 40 mm.

**REQUEST NO. 108:**

All DOCUMENTS reflecting or depicting the training referenced in the CHALEFF REPORT at p. 8, described as a two-hour training on the use of the 40 mm in a ten hour integrated communications, de-escalation, and crowd control course.

**RESPONSE TO REQUEST NO. 108:**

Objection. This request is over broad and unduly burdensome. It seeks privileged official information. Notwithstanding said objections, defendant will comply to the best of its ability. 10 year over of UOF Investigations Update 40mm Pilot Program Conclusion 40 mm Pilot Program Extension 40 mm Pilot Program IG Report 2017 OIG 10 Year Overview OIG Inspection of Taser and Bean Bag Police Commission Vision Uniform Committee Approval of 40 mm

**REQUEST NO. 109:**

All DOCUMENTS identifying LAPD officers who operated a 40 mm launcher at the time of THE SUMMER FLOYD PROTESTS

**RESPONSE TO REQUEST NO. 109:**

Objection. This request is over broad and unduly burdensome. It seeks privileged official information. Notwithstanding said objections, defendant will comply to the best of its ability. ICS 2.11 and 2.14 forms, Metro sergeant reports.

**REQUEST NO. 110:**

All DOCUMENTS identifying the training in the use of the 40 mm system for each of YOUR employees identified in the preceding REQUEST.

L20-01783

13

**RESPONSE TO REQUEST NO. 110:**

Objection. This request is over broad and unduly burdensome. it seeks privileged official information. Notwithstanding said objections, defendant will comply to the best of its ability. List of officers trained on 40 mm.

**REQUEST NO. 111:**

All DOCUMENTS identifying YOUR officers who operated the 40 mm system at THE SUMMER FLOYD PROTESTS but YOU identified as lacked the training to operate the 40 mm system.

**RESPONSE TO REQUEST NO. 111:**

Objection. This request is over broad and unduly burdensome. it seeks privileged official information. Notwithstanding said objections, defendant will comply to the best of its ability. List of officers trained on 40 mm.

**REQUEST NO. 112:**

All DOCUMENTS reflecting all trainings over the five years prior to THE SUMMER FLOYD PROTESTS concerning the use of the 40 mm system.

**RESPONSE TO REQUEST NO. 112:**

Objection. This request is over broad and unduly burdensome. it seeks privileged official information. Notwithstanding said objections, defendant will comply to the best of its ability. List of officers trained on 40 mm.

**REQUEST NO. 113:**

All DOCUMENTS reflecting which LAPD Officers at THE SUMMER FLOYD PROTESTS equipped with less lethal weapons (including the 40 mm and 37 mm launcher) were trained and/or certified in the use of these weapons.

**RESPONSE TO REQUEST NO. 113:**

Objection. This request is over broad and unduly burdensome. it seeks privileged official information. Notwithstanding said objections, defendant will comply to the best of its ability. List of officers trained on 40 mm; ICS 2.11 and 2.14 forms, Metro Sergeant logs.

L20-01783

**REQUEST NO. 114:**

Any training, directives, or orders concerning use of the 40 mm launcher other than that described in the CHALEFF REPORT at p. 8 as a two-hour training on the use of the 40 mm in a ten-hour integrated communications, de-escalation, and crowd control course.

**RESPONSE TO REQUEST NO. 114:**

Objection. This request is over broad and unduly burdensome. it seeks privileged official information. Notwithstanding said objections, defendant will comply to the best of its ability. MFF Training handout, Training bulletin on 40 mm and crowd control and management.

**REQUEST NO. 115:**

Any documents reflecting the frequency with which officers are trained concerning use of the 40 mm launcher.

**RESPONSE TO REQUEST NO. 115:**

Objection. This request is over broad and unduly burdensome. it seeks privileged official information. Notwithstanding said objections, defendant will comply to the best of its ability. List of officers trained on 40 mm.

**REQUEST NO. 116:**

Any documents reflecting the frequency with which officers are trained concerning use of the 37 mm launcher.

**RESPONSE TO REQUEST NO. 116:**

Objection. This request is over broad and unduly burdensome. it seeks privileged official information. Notwithstanding said objections, defendant will comply to the best of its ability. List of officers trained on 37 mm.

**REQUEST NO. 117:**

All DOCUMENTS reflecting or related to the Metropolitan Division's training on use of the 40 mm launcher.

L20-01783

15

**RESPONSE TO REQUEST NO. 117:**

Objection. This request is over broad and unduly burdensome. it seeks privileged official information. Notwithstanding said objections, defendant will comply to the best of its ability. 40 mm training bulletin, List of officers trained on 40 mm.

**REQUEST NO. 118:**

All DOCUMENTS reflecting or related to training use of the 40 mm launcher for persons not in the Metropolitan Division.

**RESPONSE TO REQUEST NO. 118:**

Objection. This request is over broad and unduly burdensome. it seeks privileged official information. Notwithstanding said objections, defendant will comply to the best of its ability. 40 mm training bulletin, List of officers trained on 40 mm.

**REQUEST NO. 119:**

All DOCUMENTS indicating the number of officers from each division present at THE SUMMER FLOYD PROTESTS.

**RESPONSE TO REQUEST NO. 119:**

Objection. This request is over broad and unduly burdensome. It seeks privileged official information. Notwithstanding said objections, defendant will comply to the best of its ability. ICS 2.11 and 2.14 forms.

**REQUEST NO. 120:**

All DOCUMENTS reflecting the number of LAPD officers from the Metropolitan Division present at THE SUMMER FLOYD PROTESTS.

**RESPONSE TO REQUEST NO. 120:**

Objection. This request is over broad and unduly burdensome. It seeks privileged official information. Notwithstanding said objections, defendant will comply to the best of its ability. ICS 2.11 and 2.14 forms, Metro sergeant logs.

L20-01783

**REQUEST NO. 121:**

All training materials, directives, or orders concerning the department's use of the 37 mm launcher.

**RESPONSE TO REQUEST NO. 121:**

Objection. This request is over broad and unduly burdensome. It seeks privileged official information. Notwithstanding said objections, defendant will comply to the best of its ability. 37 mm training bulletin, crowd control and crowd management training bulletin.

**REQUEST NO. 122:**

All DOCUMENTS directing, approving or authorizing shooting a 37 mm launcher directly at a person during THE SUMMER FLOYD PROTESTS, rather than skip-firing it.

**RESPONSE TO REQUEST NO. 122:**

Defendant cannot comply. The 37 mm is never direct fired at persons so no documents exist.

**REQUEST NO. 123:**

All DOCUMENTS describing YOUR policies/directives/orders on the filing of Categorical Use of Force Reports, including any policy, directive or order for the filing of Categorical Use of Force Reports for the deployment of the 40 mm and 37mm weapons used at THE SUMMER FLOYD PROTESTS and THE RECENT PROTESTS.

**RESPONSE TO REQUEST NO. 123:**

Objection. This request is vague. Further, the request is burdensome in that use of force categorization can be found on line so it is equally available to requesting party.

**REQUEST NO. 124:**

All DOCUMENTS describing YOUR policies/directives/orders on the filing of Non-Categorical Use of Force Reports, including any policy, directive or order for

L20-01783

the filing of Non-Categorical Use of Force Reports for the deployment of the 40 mm
and 37mm weapons used at THE SUMMER FLOYD PROTESTS and THE RECENT
PROTESTS.

**RESPONSE TO REQUEST NO. 124:**

Objection. This request is vague. Further, the request is burdensome in that use
of force categorization can be found on line so it is equally available to requesting
party. Discovery and investigation are continuing.

**REQUEST NO. 125:**

All DOCUMENTS for any Categorial Use of Force Investigation conducted by
YOU resulting from the use of the 40 mm and 37 mm weapons at THE SUMMER
FLOYD PROTESTS.

**RESPONSE TO REQUEST NO. 125:**

Objection. This request is over broad and unduly burdensome. It seeks
privileged official information. It seeks 3rd party privacy information. It may involve
confidential medical information. Defendant will not comply at this time but will meet
and confer on redaction of privileged information.

**REQUEST NO. 126:**

All DOCUMENTS for any Non-Categorial Use of Force Investigation
conducted by YOU resulting from the use of the 40 mm and 37 mm weapons at THE
SUMMER FLOYD PROTESTS.

**RESPONSE TO REQUEST NO. 126:**

Objection. This request is over broad and unduly burdensome. It seeks
privileged official information. It seeks 3rd party privacy information. It may involve
confidential medical information. Defendant will not comply at this time but will meet
and confer on redaction of privileged information.

**REQUEST NO. 127:**

All videos or photographs of LAPD officers deploying the 40 mm during THE
SUMMER FLOYD PROTESTS.

L20-01783

**RESPONSE TO REQUEST NO. 127:**

Objection. This request seeks privileged official information.  This request is unduly burdensome. Thousands of hours of body cams show less lethals being deployed. Further the request seeks social media and news videos of such activity. Defendant will not comply at this time, but will meet and confer with counsel as the requested body cam evidence is being sought via a CPRA request.

**REQUEST NO. 128:**

All videos or photographs of LAPD officers deploying the 37 mm during THE SUMMER FLOYD PROTESTS.

**RESPONSE TO REQUEST NO. 128:**

Objection. This request seeks privileged official information.  This request is unduly burdensome. Thousands of hours of body cams show less lethals being deployed. Further the request seeks social media and news videos of such activity. Defendant will not comply at this time, but will meet and confer with counsel as the requested body cam evidence is being sought via a CPRA request.

**REQUEST NO. 129:**

All DOCUMENTS or COMMUNICATIONS related to the LAPD's planning for large-scale detentions during THE SUMMER FLOYD PROTESTS.

**RESPONSE TO REQUEST NO. 129:**

Defendant will comply. See Incident Action Plans.

**REQUEST NO. 130:**

All DOCUMENTS or COMMUNICATIONS related to the LAPDs coordinating detentions of persons participating in THE SUMMER FLOYD PROTESTS.

**RESPONSE TO REQUEST NO. 130:**

Objection. This request seeks privileged official information.  This request is unduly burdensome. Notwithstanding said objections, Defendant will comply. See

Incident Action Plans, filed jail location, communications with City Attorney's Office, Emails re: civil unrest bookings.

**REQUEST NO. 131:**

All DOCUMENTS or COMMUNICATIONS related to YOUR planning to transport detained persons from THE SUMMER FLOYD PROTESTS.

**RESPONSE TO REQUEST NO. 131:**

Objection. This request seeks privileged official information. This request is unduly burdensome. Notwithstanding said objections, Defendant will comply. See Incident Action Plans, filed jail location, communications with City Attorney's Office, Emails re: civil unrest bookings.

**REQUEST NO. 132:**

All COMMUNICATIONS related to the LAPD's coordinating transportation of persons from THE SUMMER FLOYD PROTESTS.

**RESPONSE TO REQUEST NO. 132:**

Objection. This request seeks privileged official information. This request is unduly burdensome. Notwithstanding said objections, Defendant will comply. See Incident Action Plans, filed jail location, communications with City Attorney's Office, Emails re: civil unrest bookings.

**REQUEST NO. 133:**

All COMMUNICATIONS related to the LAPDs planning for processing persons arrested at THE SUMMER FLOYD PROTESTS.

**RESPONSE TO REQUEST NO. 133:**

Objection. This request seeks privileged official information. This request is unduly burdensome. Notwithstanding said objections, Defendant will comply. See Incident Action Plans, filed jail location, communications with City Attorney's Office, Emails re: civil unrest bookings.

L20-01783

20

**REQUEST NO. 134:**

All COMMUNICATIONS related to the LAPD's coordinating processing persons arrested THE SUMMER FLOYD PROTESTS.

**RESPONSE TO REQUEST NO. 134:**

Objection. This request seeks privileged official information. This request is unduly burdensome. Notwithstanding said objections, Defendant will comply. See Incident Action Plans, filed jail location, communications with City Attorney's Office, Emails re: civil unrest bookings.

**REQUEST NO. 135:**

Any COMMUNICATIONS between the LAPD and the City Attorney's office during THE SUMMER FLOYD PROTESTS concerning crimes for which protestors could be arrested.

**RESPONSE TO REQUEST NO. 135:**

Objection. This request seeks privileged official information. This request is unduly burdensome. Notwithstanding said objections, Defendant will comply. See Incident Action Plans, filed jail location, communications with City Attorney's Office, Emails re: civil unrest bookings.

**REQUEST NO. 136:**

Any COMMUNICATIONS between the LAPD and the City Attorney's office during THE SUMMER FLOYD PROTESTS concerning when a person could or would be detained and transported rather than released pursuant to California Penal Code 853.5(a).

**RESPONSE TO REQUEST NO. 136:**

Objection. This request seeks privileged official information. This request is unduly burdensome. Notwithstanding said objections, Defendant will comply. See Incident Action Plans, filed jail location, communications with City Attorney's Office, Emails re: civil unrest bookings.

L20-01783

**REQUEST NO. 137:**

Any DOCUMENTS, including trainings, customs, or policies, concerning when, if ever, the LAPD should consult with the City Attorney concerning a charges for which a person could be detained or transported, as opposed to released pursuant to California Penal Code 853.5(a).

**RESPONSE TO REQUEST NO. 137:**

Objection. This request seeks privileged official information. This request is unduly burdensome. Notwithstanding said objections, Defendant will comply. See Incident Action Plans, filed jail location, communications with City Attorney's Office, Emails re: civil unrest bookings.

**REQUEST NO. 138:**

All DOCUMENTS and COMMUNICATIONS concerning the basis for arresting each protestor cited for a violation of Municipal Code Section 80.02.

**RESPONSE TO REQUEST NO. 138:**

Objection. This request is vague. Protesters were cited and released for LAMC 80.02, but arrested on probable cause for various misdemeanor charges.

**REQUEST NO. 139:**

All DOCUMENTS supporting the contention in the LAPD's AFTER ACTION REPORT that persons cited for violation of LA Municipal Code Section 80.02 were in fact arrested for violations of Penal Code 409 and 415. (See p. 64).

**RESPONSE TO REQUEST NO. 139:**

Objection. This request seeks privileged official information. It is unduly burdensome. Notwithstanding said objections, defendant will comply. See, After Action Report; Discovery and investigation are continuing.

**REQUEST NO. 140:**

Any DOCUMENTS or COMMUNICATIONS concerning any decision by the LAPD to cite persons arrested for violations LA Municipal Code Section 80.02 rather than any other violation, such as of Penal Code 409 or 415.

L20-01783

**RESPONSE TO REQUEST NO. 140:**

Objection. This request is vague and argumentative. Protesters were cited and released for LAMC 80.02, but arrested on probable cause for various misdemeanor charges. See, After Action Report; Discovery and investigation are continuing.

**REQUEST NO. 141:**

Any COMMUNICATIONS concerning any decision by the LAPD to arrest persons for violations of Penal Code 409 or 415, notwithstanding they would be charged with another violation.

**RESPONSE TO REQUEST NO. 141:**

Objection. This request is vague and argumentative. Protesters were cited and released for LAMC 80.02, but arrested on probable cause for various misdemeanor charges. See, After Action Report; Discovery and investigation are continuing.

**REQUEST NO. 142:**

Any DOCUMENTS reflecting LAPD training as to whether individuals may be arrested for a violation of Municipal Code 80.02.

**RESPONSE TO REQUEST NO. 142:**

Defendant cannot comply. Defendant has no documents in its possession that satisfies this request.

**REQUEST NO. 143:**

Any DOCUMENTS reflecting LAPD training as to the process for arresting persons charged with an infraction, including releasing such persons if they provide identification and promise to appear.

**RESPONSE TO REQUEST NO. 143:**

Objection. This request is vague and argumentative. Protesters were cited and released for LAMC 80.02, but arrested on probable cause for various misdemeanor charges. See, After Action Report; Discovery and investigation are continuing.

L20-01783

23

**REQUEST NO. 144:**

Any DOCUMENTS, including training, directives, or orders concerning whether persons charged with an infraction may be transported elsewhere or detained for a prolonged period of time.

**RESPONSE TO REQUEST NO. 144:**

Objection. This request is vague and argumentative. Protesters were cited and released for LAMC 80.02, but arrested on probable cause for various misdemeanor charges. See, After Action Report; Discovery and investigation are continuing.

**REQUEST NO. 145:**

Any DOCUMENTS reflecting LAPD's training, customs, policies, or procedures concerning field jails.

**RESPONSE TO REQUEST NO. 145:**

Defendant will comply. See Field Jail Guideline Vol. 6

**REQUEST NO. 146:**

Any DOCUMENTS or COMMUNICATIONS related to the LAPD's decisions to select the field jail locations it chose for THE SUMMER FLOYD PROTESTS, including the decision to select the UCLA Jackie Robinson Stadium as a field jail.

**RESPONSE TO REQUEST NO. 146:**

Defendant will comply. See Field Jail Guideline Vol. 6, jail locations.

**REQUEST NO. 147:**

Any training, directives, or orders concerning field jail procedures provided to the personnel assigned to such jails during THE SUMMER FLOYD PROTESTS.

**RESPONSE TO REQUEST NO. 147:**

Defendant will comply. See Field Jail Guideline Vol. 6, jail locations.

**REQUEST NO. 148:**

Any DOCUMENTS reflecting the availability of busses or other methods mass transportation for persons arrested during THE SUMMER FLOYD PROTESTS.

L20-01783

**RESPONSE TO REQUEST NO. 148:**

Defendant will comply. See Field Jail Guideline Vol. 6, Discovery and investigation are continuing.

**REQUEST NO. 149:**

Any DOCUMENTS concerning any delays in transporting arrestees due to a lack of availability of transportation.

**RESPONSE TO REQUEST NO. 149:**

Defendant cannot comply. After action reports have some information. Discovery and investigation are continuing.

**REQUEST NO. 150:**

Any COMMUNICATIONS concerning whether arrestees should be released from custody rather than booked but subjected to delays in transportation.

**RESPONSE TO REQUEST NO. 150:**

Defendant cannot comply. After action reports have some information. Discovery and investigation are continuing.

**REQUEST NO. 151:**

Any DOCUMENTS reflecting an inability of LAPD officers to adequately address crime control or public order policing because they were involved in maintaining custody of arrestees from THE SUMMER FLOYD PROTESTS for long periods of time.

**RESPONSE TO REQUEST NO. 151:**

Defendant cannot comply. After action reports have some information. Discovery and investigation are continuing.

**REQUEST NO. 152:**

Any DOCUMENTS reflecting the appropriate or necessary chain of command in responding to a protest.

**RESPONSE TO REQUEST NO. 152:**

L20-01783

25

**REQUEST NO. 153:**

Any DOCUMENTS reflecting the LAPD's chain of command in responding to THE SUMMER FLOYD PROTESTS.

**RESPONSE TO REQUEST NO. 153:**

Defendant will comply. See IAPs.

**REQUEST NO. 154:**

Any DOCUMENTS reflecting Incident Command Systems in place for each protest in THE SUMMER FLOYD PROTESTS.

**RESPONSE TO REQUEST NO. 154:**

Defendant will comply. See IAPs and ICS forms.

**REQUEST NO. 155:**

Any training, directives, or orders concerning the functioning of Incident Command Systems.

**RESPONSE TO REQUEST NO. 155:**

Defendant will comply. See, ICS Refresher Course Outline, ICS PowerPoint

**REQUEST NO. 156:**

Any DOCUMENTS reflecting instances where command staff officers issued orders without coordinating with the incident commander during THE SUMMER FLOYD PROTESTS.

**RESPONSE TO REQUEST NO. 156:**

Defendant cannot comply. Defendant has no documents in its possession that satisfies this request.

**REQUEST NO. 157:**

Any DOCUMENTS reflecting instances of conflicting commands from command staff during THE SUMMER FLOYD PROTESTS.

**RESPONSE TO REQUEST NO. 157:**

Defendant cannot comply. Defendant has no documents in its possession that satisfies this request.

L20-01783

**REQUEST NO. 158:**

Any DOCUMENTS reflecting instances of conflicting commands from command staff during THE SUMMER FLOYD PROTESTS.

**RESPONSE TO REQUEST NO. 158:**

Defendant cannot comply. Defendant has no documents in its possession that satisfies this request.

**REQUEST NO. 159:**

All DOCUMENTS reflecting the training or preparation for command staff concerning how to manage or respond to protests.

**RESPONSE TO REQUEST NO. 159:**

Defendant will comply. See, Crowd Management Control Management 21751 (L302)

**REQUEST NO. 160:**

Any training, directive, or orders concerning crowd control.

**RESPONSE TO REQUEST NO. 160:**

Defendant will comply. See, Use of Less Lethal Launchers During Demonstrations 2021

**REQUEST NO. 161:**

Any DOCUMENTS reflecting any eight and ten-hour crowd management courses provided to LAPD officers before 2017.

**RESPONSE TO REQUEST NO. 161:**

Defendant will comply. See, 2007 ECO, Crowd Management Control - Patrol 21752 (T209); 2007 ECO, Crowd Management Control Management 21751 (L302); 2013 ECO, Crowd Management Control Patrol LAPD-Only 3 Hr (T310); 2017 ECO, Crowd Control 21954 (T268) (T210n)

**REQUEST NO. 162:**

Any DOCUMENTS and COMMUNICATIONS relating to the decision to reduce the hours of training in the crowd management curriculum after 2017.

L20-01783

27

**RESPONSE TO REQUEST NO. 162:**

Defendant will comply. See, 02-2018 ECO, Crowd Control 21954 (T268); 10-2018 ECO, Crowd Control 21954 (T268)

**REQUEST NO. 163:**

Any DOCUMENTS related to the four-hour crowd management mobile field force training conducted by the LAPD after 2017.

**RESPONSE TO REQUEST NO. 163:**

Defendant will comply. See, 02-2018 ECO, Crowd Control 21954 (T268); 10-2018 ECO, Crowd Control 21954 (T268)

**REQUEST NO. 164:**

Any DOCUMENTS and COMMUNICATIONS related to the decision to dismantle the Incident Management Team mentor program.

**RESPONSE TO REQUEST NO. 164:**

Defendant cannot comply as no documents are in its possession responsive to this request. Discovery and investigation are continuing.

**REQUEST NO. 165:**

Any training, directives or orders concerning public order or crowd control policing for command staff.

**RESPONSE TO REQUEST NO. 165:**

Defendant will comply. See, Crowd Management Control Management 21751 (L302)

**REQUEST NO. 166:**

ALL training materials, directives, or orders relating to firing less lethal projectiles at violent protestors located behind non-violent ones.

**RESPONSE TO REQUEST NO. 166:**

Defendant cannot comply with that specific request, other than with the previously produced less lethal training bulletins, use of force policy and crowd

1:20-01783

management and control documents previously provided. Discovery and investigation are continuing.

**REQUEST NO. 167:**

ALL DOCUMENTS supporting the proposition that firing less lethal projectiles at violent protestors who locate themselves behind non-violent ones is appropriate.

**RESPONSE TO REQUEST NO. 167:**

Defendant cannot comply with that specific request, other than with the previously produced less lethal training bulletins, use of force policy and crowd management and control documents previously provided. Discovery and investigation are continuing.

**REQUEST NO. 168:**

ALL training materials, directives, or orders related to identifying potentially violent elements in a protest.

**RESPONSE TO REQUEST NO. 168:**

Defendant will comply. See, JRIC Intel; MCD Intel Emails on Social Media (Multimedia) from MCD; RHD Intel

**REQUEST NO. 169:**

ALL DOCUMENTS which support the contention in the LAPD's AFTER ACTION REPORT that "[p]reviously unseen tactics and communication methods were used by protesters and criminal opportunists to organize themselves . . . ." Report at p. 2.

**RESPONSE TO REQUEST NO. 169:**

Defendant will comply. See, JRIC Intel; MCD Intel Emails on Social Media (Multimedia) from MCD; RHD Intel

**REQUEST NO. 170:**

ALL DOCUMENTS reflecting the contention that during THE SUMMER FLOYD PROTESTS civilians used previously unseen tactics and communication methods.

**RESPONSE TO REQUEST NO. 170:**

Defendant will comply. See, JRIC Intel; MCD Intel Emails on Social Media (Multimedia) from MCD; RHD Intel; also media and social media video equally available to requesting party.

**REQUEST NO. 171:**

ALL DOCUMENTS related to protestors using drones to stream live videos of the officers' deployment and search for plain clothes officers.

**RESPONSE TO REQUEST NO. 171:**

Defendant cannot comply as no documents are in its possession responsive to this request. Discovery and investigation are continuing.

**REQUEST NO. 172:**

ALL DOCUMENTS which support the contention in the LAPD AFTER ACTION REPORT that drones caused dangerous conditions for Air Units flying over demonstrations.

**RESPONSE TO REQUEST NO. 172:**

Defendant cannot comply as no documents are in its possession responsive to this request. Discovery and investigation are continuing.

**REQUEST NO. 173:**

ALL COMMUNICATIONS with other law enforcement agencies or organizations from May 25 to June 7, concerning whether protests following George Floyd's death may be expected in Los Angeles, and if so, whether such protests may be large or challenging for the LAPD to address.

///

L20-01783

**RESPONSE TO REQUEST NO. 173:**

Defendant will comply. See, Chief Assoc. AARprt 2020 Prot and Civil Unrest_Pol & Strat

**REQUEST NO. 174:**

ALL COMMUNICATIONS involving LAPD Command Staff concerning whether protests following George Floyd's death may be expected in Los Angeles, and if so, whether such protests may be large or challenging for the LAPD to address.

**RESPONSE TO REQUEST NO. 174:**

Defendant will comply. See, JRIC Intel; MCD Intel Emails on Social Media (Multimedia) from MCD; RHD Intel

**REQUEST NO. 175:**

All videos or photographs of persons throwing items (rocks, bottles, or any other item) at the LAPD during THE SUMMER FLOYD PROTESTS.

**RESPONSE TO REQUEST NO. 175:**

Objection. All body worn is unduly burdensome. It may call for privileged information. Without waiving said objections, defendant will comply by identifying previously disclosed video, and subject to the CPRA request, additional videos of the protests.

**REQUEST NO. 176:**

All DOCUMENTS reflecting instances where a person committed an assault or battery against an LAPD officer in THE SUMMER FLOYD PROTESTS. This includes each of the reported 97 assaults or batteries against officers reference in

**RESPONSE TO REQUEST NO. 176:**

Objection. This request seeks privileged information relating to open and ongoing criminal investigations. It may invade third party privacy and HIPPA rights. Notwithstanding said objections, defendants will comply: Defendant will produce crime reports with redactions as appropriate.

L20-01783

31

**REQUEST NO. 177:**

All DOCUMENTS reflecting instances where a person committed an assault or battery against an LAPD officer in THE SUMMER FLOYD PROTESTS. This includes each of the reported 97 assaults or batteries against officers reference in page 57 of the LAPD AFTER ACTION REPORT.

**RESPONSE TO REQUEST NO. 177:**

Objection. This request seeks privileged information relating to open and ongoing criminal investigations. It may invade third party privacy and HIPPA rights. Notwithstanding said objections, defendants will comply: Defendant will produce crime reports with redactions as appropriate.

**REQUEST NO. 178:**

All DOCUMENTS reflecting instances where there was an assault or attempted assault on an officer with any weapon in THE SUMMER FLOYD PROTESTS.

**RESPONSE TO REQUEST NO. 178:**

Objection. This request seeks privileged information relating to open and ongoing criminal investigations. It may invade third party privacy and HIPPA rights. Notwithstanding said objections, defendants will comply: Defendant will produce crime reports with redactions as appropriate.

**REQUEST NO. 179:**

All DOCUMENTS reflecting instances where a person attempted to murder a police officer in THE SUMMER FLOYD PROTESTS, including the 5 attempts referenced in page 57 of the LAPD AFTER ACTION REPORT.

**RESPONSE TO REQUEST NO. 179:**

Objection. This request seeks privileged information relating to open and ongoing criminal investigations. It may invade third party privacy and HIPPA rights. Notwithstanding said objections, defendants will comply: Defendant will produce crime reports with redactions as appropriate.

L20-01783

**REQUEST NO. 180:**

All videos or photographs of persons pointing laser pointers toward officers' eyes during THE SUMMER FLOYD PROTESTS.

**RESPONSE TO REQUEST NO. 180:**

Objection. All body worn is unduly burdensome. It may call for privileged information. Without waiving said objections, defendant will comply by identifying previously disclosed video, and subject to the CPRA request, additional videos of the protests.

**REQUEST NO. 181:**

All DOCUMENTS reflecting injuries to officers which you contend occurred during THE SUMMER FLOYD PROTESTS.

**RESPONSE TO REQUEST NO. 181:**

Objection. This request seeks privileged information relating to open and ongoing criminal investigations. It may invade third party privacy and HIPPA rights. Notwithstanding said objections, defendants will comply: Defendant will produce crime reports with redactions as appropriate.

**REQUEST NO. 182:**

All DOCUMENTS related to categorical uses of force by the LAPD during THE SUMMER FLOYD PROTESTS, including but not limited to the five referenced in the LAPD AFTER ACTION REPORT at p. 71.

**RESPONSE TO REQUEST NO. 182:**

Objection. This request seeks privileged information relating to open and ongoing criminal investigations. It may invade third party privacy and HIPPA rights. Notwithstanding said objections, defendants will comply: Defendant will produce FID reports with redactions as appropriate.

///

L20-01783

**REQUEST NO. 183:**

All DOCUMENTS reflecting non-categorical uses of force by the LAPD during THE SUMMER FLOYD PROTESTS, including but not limited to the thirty-six referenced in the LAPD AFTER ACTION REPORT at p. 72.

**RESPONSE TO REQUEST NO. 183:**

Objection. This request seeks privileged information relating to open and ongoing criminal investigations. It may invade third party privacy and HIPPA rights. Notwithstanding said objections, defendants will comply: Defendant will produce non-categorical use of force reports with redactions as appropriate.

**REQUEST NO. 184:**

All DOCUMENTS related to the LAPD's September 2020 update to its Use of Force Directive on the beanbag shotgun.

**RESPONSE TO REQUEST NO. 184:**

Defendant will comply, See, Beanbag Shotgun Directive 9_2020; UOF Directive 6_4 Beanbag Sept_2020

**REQUEST NO. 185:**

All trainings, directives, or orders in any way related to the "Twenty-One Foot Rule."

**RESPONSE TO REQUEST NO. 185:**

Defendant                will                comply.                See, 09_15_2020_oss_notice_weapons_other_than_firearms_twenty_one_foot_rule Weapons other than Firearms May 2003

**REQUEST NO. 186:**

All COMMUNICATIONS with or between the LAPD concerning the application of the "Twenty-One Foot Rule" in any way related to THE SUMMER FLOYD PROTESTS.

L20-01783

**RESPONSE TO REQUEST NO. 186:**

Defendant                will                comply.                See, 09_15_2020_oss_notice_weapons_other_than_firearms_twenty_one_foot_rule Weapons other than Firearms May 2003

**REQUEST NO. 187:**

All modifications or updates to LAPD training, policies, or orders concerning the use of force from June 7 to PRESENT.

**RESPONSE TO REQUEST NO. 187:**

Defendant will comply. See, UOF Directive 1.2 October_2020; Directive 11.1_Crowd Management, Intervention, and Control October_2020; UOF Directive 11.2 __April 2021

**REQUEST NO. 188:**

All modifications or updates to LAPD training, policies, or orders concerning crowd control from June 7 to PRESENT.

**RESPONSE TO REQUEST NO. 188:**

Defendant will comply. See, UOF Directive 1.2 October_2020; Directive 11.1_Crowd Management, Intervention, and Control October_2020; UOF Directive 11.2 __April 2021

**REQUEST NO. 189:**

All modifications or updates to LAPD training, policies, or orders from June 7 to PRESENT concerning detaining individuals during protests.

**RESPONSE TO REQUEST NO. 189:**

Defendant will comply. See, UOF Directive 1.2 October_2020; Directive 11.1_Crowd Management, Intervention, and Control October_2020; UOF Directive 11.2 __April 2021

LA20-01783

**REQUEST NO. 190:**

All modifications or updates to LAPD training, policies, or orders from June 7 to PRESENT concerning detaining individuals during protests.

**RESPONSE TO REQUEST NO. 190:**

Defendant will comply. See, UOF Directive 1.2 October_2020; Directive 11.1_Crowd Management, Intervention, and Control October_2020; UOF Directive 11.2 __April 2021

**REQUEST NO. 191:**

All modifications or updates to LAPD training, policies, or orders from June 7 to PRESENT concerning arresting individuals during protests.

**RESPONSE TO REQUEST NO. 191:**

Defendant will comply. See, UOF Directive 1.2 October_2020; Directive 11.1_Crowd Management, Intervention, and Control October_2020; UOF Directive 11.2 __April 2021

**REQUEST NO. 192:**

All modifications or updates to LAPD training, policies, or orders from June 7 to PRESENT concerning processing persons arrested during a protest.

**RESPONSE TO REQUEST NO. 192:**

Defendant will comply. See, UOF Directive 1.2 October_2020; Directive 11.1_Crowd Management, Intervention, and Control October_2020; UOF Directive 11.2 __April 2021

**REQUEST NO. 193:**

All DOCUMENTS related to the Metropolitan Division's Mobile Field Force Training allegedly begun on September 14, 20201 and referenced on page 81 of the LAPD AFTER ACTION REPORT.

**RESPONSE TO REQUEST NO. 193:**

Defendant will comply. See, CROWD_CONTROL_21954

1.20-01783

36

**REQUEST NO. 194:**

The LAPD's "Training Bulletin - Rendering Aid," referred to on page 82 of the LAPD AFTER ACTION REPORT.

**RESPONSE TO REQUEST NO. 194:**

Defendant will comply. See, Training Bulletin Rendering Aid Oct 2020

**REQUEST NO. 195:**

The LAPD's "Training Bulletin - Tactical Hand and Arm Signals," referred to on page 82 of the LAPD AFTER ACTION REPORT.

**RESPONSE TO REQUEST NO. 195:**

Defendant will comply. See, Training Bulletin Tactical Hand and Arm Signal Oct 2020

**REQUEST NO. 196:**

The LAPD's Training Bulletins Mobile Field Force Part 1 and Part 2, referred to on page 82 of the LAPD AFTER ACTION REPORT.

**RESPONSE TO REQUEST NO. 196:**

Defendant will comply. See, Training Bulletin Mobile Field Force Part 1; Training Bulletin Mobile Field Force Part 2

**REQUEST NO. 197:**

The LAPD's "Tactical Directive - Crowd Management, Intervention, and Control" referred to on page 82 of the LAPD AFTER ACTION REPORT.

**RESPONSE TO REQUEST NO. 197:**

Defendant will comply. See, Directive 11.1_Crowd Management, Intervention, and Control October_2020 – Copy

**REQUEST NO. 198:**

The LAPD's "Training Video Directive - Squad Formations," referred to on

**RESPONSE TO REQUEST NO. 198:**

Defendant will comply. See, Mobile Filed Force video; MFF Shield video; Protective Body Shield video

L.20-01783

**REQUEST NO. 199:**

The LAPD's Crowd Control Shield Training, referred to on page 82 of the LAPD AFTER ACTION REPORT.

**RESPONSE TO REQUEST NO. 199:**

Defendant will comply. See, Mobile Filed Force video; MFF Shield video; Protective Body Shield video

**REQUEST NO. 200:**

The LAPD's Guidelines for Crowd Management and Crowd Control, referred to on page 87 of the LAPD AFTER ACTION REPORT.

**RESPONSE TO REQUEST NO. 200:**

Defendant will comply. See, Emergency Operations Guide Volume 5 Guidelines for Crowd Management and Control 2009 Dispersal

**REQUEST NO. 201:**

The LAPD's Mobile Field Force Training, including as referred to on pages 87 to 88 of the LAPD AFTER ACTION REPORT.

**RESPONSE TO REQUEST NO. 201:**

Defendant will comply. See,  2007 ECO, Crowd Management Control Management 21751-L302; 2013 ECO, Crowd Management Control Patrol LAPD-Only 3 Hr-T310; 2018 Advanced Strategies for Command & Control (De-Escalation and Tactical Communication); 2018  Integrating Communication, De-Escalation & Crowd Control (Crowd Control); 2012 Crowd Management Control Patrol LAPD-Only 3 Hr (T310); 2007  Crowd Management Control Management 21751 (L302); 2007  ECO CROWD MANAGEMENT CONTROL-PATROL 21752 (T209) (T209n); 2007 ECO, Crowd Management Control - Patrol 21752

**REQUEST NO. 202:**

Any training, policy, or directive concerning de-escalation techniques, including as applied to protests.

L20-01783

38

**RESPONSE TO REQUEST NO. 202:**

Defendant will comply. See, 1850-49100 Use of Force De-escalation (Crisis Negotiation IGP) De-escalation Resource Guide for Instructors_May 2018; 2016 - Tactical De-escalation; 2018  Integrating Communication, De-Escalation & Crowd Control (Crowd Control)

**REQUEST NO. 203:**

All DOCUMENTS related to LAPD Command staff's training on crowd control.

**RESPONSE TO REQUEST NO. 203:**

Defendant will comply. See, #159 AND #203 Crowd Management Control Management 21751 (L302); COMMAND OFFICER REFRESHE ECO 10.01.20 (1); Volume 4 - Command Officer's Guide

**REQUEST NO. 204:**

All DOCUMENTS related to the LAPD's training on "Conversations in 21st Century Policing."

**RESPONSE TO REQUEST NO. 204:**

Defendant will comply. See, #159  AND #203 Crowd Management Control Management 21751 (L302); COMMAND OFFICER REFRESHE ECO 10.01.20 (1); Volume 4 - Command Officer's Guide.

**REQUEST NO. 205:**

All DOCUMENTS related to the LAPD's training on "Ferguson Overview & Lessons Learned in Crowd Management & Control Debrief."

**RESPONSE TO REQUEST NO. 205:**

Defendant will comply. See, Ferguson UO After Action Report

**REQUEST NO. 206:**

All DOCUMENTS related to the Watch Commander School training.

L20-01783

39

**RESPONSE TO REQUEST NO. 206:**

Defendant will comply. See, WC ECO Lesson plans Training Curricula & Records; 1850-10822 Watch Commander School

**REQUEST NO. 207:**

The LAPD's Unlawful Assembly Checklist.

**RESPONSE TO REQUEST NO. 207:**

Defendant will comply. See Unlawful Assembly Checklist.

**REQUEST NO. 208:**

Any LAPD Unlawful Assembly Checklist completed during THE SUMMER FLOYD PROTESTS.

**RESPONSE TO REQUEST NO. 208:**

Defendant cannot comply as no documents have been yet found responsive to this request. Discovery and investigation are continuing.

**REQUEST NO. 209:**

All images, videos, or recordings which depict the use of 40 mm weapons at "THE RECENT PROTESTS," which means the protests in: (a) Echo Park, Los Angeles on March 25, and March 26, 2021; (b) in Hollywood, Los Angeles on March 14, 2021 concerning the killing of Breonna Taylor; (c) the August 26, 2020 protest in downtown Los Angeles concerning the killing of Jacob Blake; and (d) the August 21, 2010 protest in Sunland-Tujunga, Los Angeles.

**RESPONSE TO REQUEST NO. 209:**

Objection. This request seeks privileged official information and unduly burdensome and not proportional in this case. Defendant has already produced videos of llm's from those events. Defendant will not comply at this time absent a showing of relevance and proportionality.

**REQUEST NO. 210:**

All images, videos, or recordings depicting the use of 37 mm weapons at THE RECENT PROTESTS.

L20-01783

40

**RESPONSE TO REQUEST NO. 210:**

Objection. This request seeks privileged official information and unduly burdensome and not proportional in this case. Defendant has already produced videos of llm's from those events. Defendant will not comply at this time absent a showing of relevance and proportionality.

**REQUEST NO. 211:**

All images, videos, or recordings depicting the use of bean bag shotguns at THE RECENT PROTESTS.

**RESPONSE TO REQUEST NO. 211:**

Objection. This request seeks privileged official information and unduly burdensome and not proportional in this case. Defendant has already produced videos of llm's from those events. Defendant will not comply at this time absent a showing of relevance and proportionality.

**REQUEST NO. 212:**

All images, videos, or recordings depicting the use of skirmish lines at the August 26, 2020 protest in downtown Los Angeles.

**RESPONSE TO REQUEST NO. 212:**

Objection. This request seeks privileged official information and unduly burdensome and not proportional in this case. Defendant has already produced videos of llm's from those events. Defendant will not comply at this time absent a showing of relevance and proportionality.

**REQUEST NO. 213:**

All images, videos, or recordings related to any declaration of unlawful assembly at THE RECENT PROTESTS.

**RESPONSE TO REQUEST NO. 213:**

Defendant will comply. See, Sgt. Lee's list and associated videos.

L20-01783

41

**REQUEST NO. 214:**

All DOCUMENTS related to authorizing LAPD officers to deploy the 40 mm, 37 mm, or beanbag shotguns at the RECENT PROTESTS. This includes but is not limited to any communications providing such authorization.

**RESPONSE TO REQUEST NO. 214:**

Objection. This request is vague and argumentative. It is not relevant or proportional to the remaining claims on this case. Only 37 mm need IC approval. 40 mm and bb shotguns do not require authorization. Defendant will comply in part: See, 214 Docs authorizing LL Blake - none found yet; Breonna Taylor – 2.11/2.14 ; Chrono page 20; Echo Park – none found yet; Tujunga – documents pending info from OVB

**REQUEST NO. 215:**

All videos, photographs, or recordings of persons throwing items (rocks, bottles, or any other item) at the LAPD during THE RECENT PROTESTS.

**RESPONSE TO REQUEST NO. 215:**

Objection. This request seeks privileged official information and unduly burdensome and not proportional in this case. Defendant has already produced videos of llm's from those events. Defendant will not comply at this time absent a showing of relevance and proportionality to the remaining claims in this case.

**REQUEST NO. 216:**

All videos, photographs, or recording of persons pointing laser pointers toward officers' eyes during THE RECENT PROTESTS.

**RESPONSE TO REQUEST NO. 216:**

Objection. This request seeks privileged official information and unduly burdensome and not proportional in this case. Defendant has already produced videos of llm's from those events. Defendant will not comply at this time absent a showing of relevance and proportionality to the remaining claims in this case.

**REQUEST NO. 217:**

All videos, photographs, or recording of a person who committed assault or battery against an LAPD officer in THE RECENT PROTESTS.

**RESPONSE TO REQUEST NO. 217:**

Objection. This request seeks privileged official information and unduly burdensome and not proportional in this case. Defendant has already produced videos of llm's from those events. Defendant will not comply at this time absent a showing of relevance and proportionality to the remaining claims in this case.

**REQUEST NO. 218:**

All DOCUMENTS related to any Categorical Use of Force Investigation conducted by YOU resulting from the use of the 40 mm and 37 mm weapons at THE RECENT PROTESTS.

**RESPONSE TO REQUEST NO. 218:**

Objection. This request seeks privileged official information and unduly burdensome and not proportional in this case. Defendant has already produced videos of llm's from those events. Defendant will not comply at this time absent a showing of relevance and proportionality to the remaining claims in this case.

**REQUEST NO. 219:**

All DOCUMENTS related to any Non-Categorical Use of Force Investigation conducted by YOU resulting from the use of the 40 mm and 37 mm weapons at THE RECENT PROTESTS.

**RESPONSE TO REQUEST NO. 219:**

Objection. This request seeks privileged official information and unduly burdensome and not proportional in this case. Defendant has already produced videos of llm's from those events. Defendant will not comply at this time absent a showing of relevance and proportionality to the remaining claims in this case.

**REQUEST NO. 220:**

All DOCUMENTS related to any Categorical Use of Force Investigation conducted by YOU resulting from the use bean bag shotguns or batons at THE RECENT PROTESTS.

**RESPONSE TO REQUEST NO. 220:**

Objection. This request seeks privileged official information and unduly burdensome and not proportional in this case. Defendant has already produced videos of llm's from those events. Defendant will not comply at this time absent a showing of relevance and proportionality to the remaining claims in this case.

**REQUEST NO. 221:**

All DOCUMENTS related to any Non-Categorical Use of Force Investigation conducted by YOU resulting from the use bean bag shotguns or batons at THE RECENT PROTESTS.

**RESPONSE TO REQUEST NO. 221:**

Objection. This request seeks privileged official information and unduly burdensome and not proportional in this case. Defendant has already produced videos of llm's from those events. Defendant will not comply at this time absent a showing of relevance and proportionality to the remaining claims in this case.

**REQUEST NO. 222:**

All DOCUMENTS reflecting any Internal Affairs investigation or other internal investigation concerning LAPD officers' conduct in THE RECENT PROTESTS.

**RESPONSE TO REQUEST NO. 222:**

Objection. This request seeks privileged official information and unduly burdensome and not proportional in this case. Defendant has already produced videos from those events. Defendant will not comply at this time absent a showing of relevance and proportionality to the remaining claims in this case.

L20-01783

**REQUEST NO. 223:**

All DOCUMENTS reflecting complaints filed against the LAPD concerning its officers' conduct in THE RECENT PROTESTS.

**RESPONSE TO REQUEST NO. 223:**

Objection. This request seeks privileged official information and unduly burdensome and not proportional in this case. Defendant has already produced videos from those events. Defendant will not comply at this time absent a showing of relevance and proportionality to the remaining claims in this case.

**REQUEST NO. 224:**

All DOCUMENTS reflecting which LAPD Officers at THE RECENT PROTESTS equipped with less lethal weapons (including the 40 mm and 37 mm launcher, and beanbag shotgun) were trained and/or certified in the use of these weapons.

**RESPONSE TO REQUEST NO. 224:**

Objection. This request seeks privileged official information and unduly burdensome and not proportional in this case. Defendant has already produced videos of llm's from those events. Defendant will not comply at this time absent a showing of relevance and proportionality to the remaining claims in this case.

**REQUEST NO. 225:**

Any LAPD Unlawful Assembly Checklist completed during THE RECENT PROTESTS.

**RESPONSE TO REQUEST NO. 225:**

Objection. This request seeks privileged official information and unduly burdensome and not proportional in this case. Defendant has already produced videos from those events. Defendant will not comply at this time absent a showing of relevance and proportionality to the remaining claims in this case.

L20-01783

45

**REQUEST NO. 226:**

All DOCUMENTS related to the arrest of any persons at THE RECENT
PROTESTS. This includes but is not limited to booking information.

**RESPONSE TO REQUEST NO. 226:**

Objection. This request seeks privileged official information and unduly
burdensome and not proportional in this case. Defendant has already produced videos
from those events. Defendant will not comply at this time absent a showing of
relevance and proportionality to the remaining claims in this case.

DATED:  July 14, 2021

**MICHAEL N. FEUER**, City Attorney
**KATHLEEN A. KENEALY**, Chief Asst. City Atty.
**SCOTT MARCUS**, Senior Asst. City Atty
**CORY M. BRENTE**, Senior Asst. City Atty.

/s/ *Geoffrey Plowden*

By: _____

**GEOFFREY PLOWDEN**
Deputy City Attorney

Attorneys for Defendants,
CITY OF LOS ANGELES, CHIEF MICHEL
MOORE AND CDR. RIMKUNAS

LI.20-01783

46

## PROOF OF SERVICE

I am employed in the County of Los Angeles, California. I am over the age of 18 and not a party to the within action; my business address is: Office of the City Attorney, 200 North Main Street, 6th Floor City Hall East, Los Angeles, CA 90012.

On July 14, 2021, I served copies of the following document(s) described as: **DEFENDANTS CITY OF LOS ANGELES, CHIEF MICHEL MOORE AND CDR. RIMKUNAS'S RESPONSES TO PLAINTIFFS BLACK LIVES MATTER LOS ANGELES, ET AL.'S REQUEST FOR PRODUCTION, SET TWO** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

[x]   **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above and placing each for collection and mailing on that date following ordinary business practices. I am "readily familiar" with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in Los Angeles, California, in a sealed envelope with postage fully prepaid.

[ ]   **BY OVERNIGHT DELIVERY:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed as above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

[x]   **BY ELECTRONIC SERVICE:** Based on a court order and an agreement of the parties to accept service by electronic transmission, I caused the document(s) described above to be sent to the persons at the e-mail addresses listed on the attached Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[x]   **FEDERAL:** I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I hereby certify under the penalty of perjury that the foregoing is true and correct.

Executed on this _14th day of July, 2021 at Los Angeles, California.

/s/ Melinda Crowe
Melinda Crowe

L20-01783

47

## SERVICE LIST

*Black Lives Matter Los Angeles, et al.* v. City of Los Angeles, *et al.*
USDC Case No.: CV20-05027-CBM-AS

### Attorneys for Plaintiffs:

Cynthia Anderson Barker SBN 75764
NATIONAL LAWYERS GUILD
3435 Wilshire Boulevard, Suite 2910
Los Angeles, CA 90010
Tel: 213 381-3246 Fax: 213 381-3246
Email: cablaw@hotmail.com

Paul Hoffman, SBN 71244
Michael Seplow SBN 150183
Aidan McGlaze SBN 277270
John Washington SBN 315991
SCHONBRUN, SEPLOW, HARRIS,
HOFFMAN & ZELDES LLP
9415 Culver Boulevard, #115
Culver City, CA 90232
Tel: 310 396-0731; Fax: 310 399-7040
Emails: hoffpaul@aol.com
jwashington@sshhzlaw.com
mseplow@sshhzlaw.com
amcglaze@sshhzlaw.com

Carol A. Sobel, SBN 84483
Katherine Robinson SBN 323470
Weston Rowland SBN 327599
LAW OFFICE OF CAROL A. SOBEL
1158 26th Street, #552
Santa Monica, CA 90403
Tel: 310 393-3055
Email: carolsobellaw@gmail.com
Email: klrobinson1aw@gmail.com
Email: rowland.weston@gmail.com

Barrett S. Litt, SBN 45527
Lindsay Battles SBN 262862
Marie Bolanos
MCLANE, BEDNARSKI & LITT, LLP
975 E. Green Street
Pasadena, California 91106
Tel: 626 844-7660 Fax: 626 844-7670
Email: blitt@mbllegal.com
Email: lbattles@mbllegal.com
Email: mbolanos@mbllegal.com

L20-01783

48

1

SERVICE LIST

2

Black Lives Matter Los Angeles, *et al.* v. City of Los Angeles, *et al.*
USDC Case No.: CV20-05027-CBM-AS

3

4

Pedram Esfandiary SBN 312569
Email: pesfandiary@baumhedlundlaw.com

5

Monique Alarcon SBN 311650
Email: malarcon@baumhedlundlaw.com

6

Bijan Esfaniliari SBN 223216
Email: besfandiari@baumhedlundlaw.com

7

R. Brent Wisner SBN 276023
Email: rbwisner@baumhedlundlaw.com

8

BAUM, HEDLUND, ARISTEI &
GOLDMAN, P.C.

9

10940 Wilshire Boulevard, 17th Floor
Los Angeles, CA 90024

10

Tel:  310 207-3233
Fax: 310 820-7444

11

12

Colleen Flynn, SBN 234281
LAW OFFICE OF COLLEEN FLYNN
3435 Wilshire Boulevard, Suite 2910

13

Los Angeles, CA 90010
Tel: 213 252-9444

14

r. 213 252-0091
Email: cflynnlaw@yahoo.com

15

16

Matthew Strugar, SBN 232951
LAW OFFICE OF MATTHEW STRUGAR
3435 Wilshire Boulevard, Suite 2910

17

Los Angeles, CA 90039
Tel: 323 696-2299

18

Email:  matthewstrugar@gmail.com

19

Jorge Gonzalez SBN 100799
A PROFESSIONAL CORPORATION

20

2485 Huntington Drive, Suite 238
San Marino, CA 91108-2622

21

Tel: 626 328-3081
Email: jgonzalezlawoffice@gmail.com

22

Olu Orange SBN 213653
Orange Law Offices

23

3435 Wilshire Boulevard, Suite 2910

24

Los Angeles, CA 90010-2015
Tel:  213 736-9900

25

Fax: 213 417-8800
Email:  o.orange@orangelawoffices.com

26

27

28

L20-01783

49

SERVICE LIST

Black Lives Matter Los Angeles, *et al.* v. City of Los Angeles, *et al.*
USDC Case No.: CV20-05027-CBM-AS

James Do Kim SBN231038
Law Offices of Do Kim, APLC
3435 Wilshire Blvd., Suite 2700
Los Angeles, CA  90010
Tel: (213) 251-5440
Fax: (213) 232-4919
Email: dkim@dokimlaw.com

L20-01783