**MICHAEL N. FEUER**, City Attorney – SBN 111529
**SCOTT MARCUS,** Chief Assistant City Attorney – SBN 184980
**CORY M. BRENTE,** Senior Assistant City Attorney – SBN 115453
**GABRIEL S. DERMER**, Assistant City Attorney – SBN 229424
**GEOFFREY PLOWDEN**, Deputy City Attorney – SBN 146602
**JOSEPH S. PERSOFF**, Deputy City Attorney – SBN 307986
200 No. Main Street, 6th Floor City Hall East
Los Angeles, California 90012
Email: geoffrey.plowden@lacity.org
Phone: (213) 978-7038 Fax No: (213) 978-8785

*Attorneys for Defendants*
**CITY OF LOS ANGELES and CHIEF MICHEL MOORE**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACK LIVES MATTER LOS ANGELES, CANGRESS (DBA LA CAN), STEVEN ROE, NELSON LOPEZ, TINA ČRNKO, JONATHAN MAYORCA, ABIGAIL RODAS, KRYSTLE HARTFIELD, NADIA KHAN, CLARA ARANOVICH, ALEXANDER STAMM, MAIA KAZIM, ALICIA BARRERA-TRUJILO, SHANNON LEE MOORE, DEVON YOUNG, LINUS SHENTU, individually and on behalf of a class of similarly situated persons,<br><br>PLAINTIFFS,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity, CHIEF MICHEL MOORE , and DOES 1-10 inclusive,<br><br>DEFENDANTS. | CASE NO. **CV20-05027 CBM-AS**<br><br>**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>[Filed concurrently with Notice of Motion and Motion to Dismiss for Lack of Subject-Matter Jurisdiction; Notice of Motion for Judgment on the Pleadings; [Proposed] Order Granting Motion to Dismiss for Lack of Subject-Matter Jurisdiction; and [Proposed] Order Granting Motion for Judgment on the Pleadings]<br><br>**Hearing**<br><br>Date: December 13, 2022<br>Time: 10:00 a.m.<br>Courtroom: 8D or 9B |

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

## I. INTRODUCTION

The United States Supreme Court found it "obvious" that violation of a state criminal procedure law does not violate the Fourth Amendment based on its holdings for more than half a century; the California Supreme Court expressly found that a violation of Cal. Penal Code § 853.5 cannot give rise to a claim under 42 U.S.C. § 1983 for a violation of the Fourth Amendment; and the Ninth Circuit has held that a violation of a state law governing arrest procedure is "irrelevant" to determining whether the federal constitution was violated by the arrest. In light of this conclusive authority, Plaintiffs' claim the City violated the Fourth Amendment by violating Cal. Penal Code § 853.5 is foreclosed as a matter of law and Plaintiffs' Fourth Claim for Relief should be dismissed without leave to amend.

Plaintiffs' Fifth Claim for Relief for violation of California's Bane Act, Cal. Civ. Code § 52.1 is also foreclosed. The Bane Act provides in part that an individual may assert a claim "in their own name and on their own behalf," precluding the claim's assertion as a class claim. Plaintiffs seek recovery under the Bane Act on behalf of all three of the damages classes, however. As this is contrary to the express language of the Bane Act, Plaintiffs' class action Bane Act claim should also be dismissed without leave to amend.

## II. PLAINTIFFS' ALLEGATIONS

Plaintiffs, including the three certified Direct Force, Infraction, and Arrest Classes, assert claims for damages against Defendants City of Los Angeles and Chief Michel Moore for alleged injuries that occurred during protests following George Floyd's murder in May 2020. (See generally, Sec. Am. Compl., ECF No. 115.) Specifically, Plaintiffs' Fourth Claim for Relief for a violation of 42 U.S.C. § 1983 alleges that members of the Infraction Class suffered a violation of their Fourth Amendment rights because they were "taken into custody and not released in the field,

1

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

as required by [Cal.] Penal Code § 853.5." (*Id*. at 62-63.)  Additionally, Plaintiffs' Fifth Claim for Relief seeks recovery on behalf of all three damages classes for violation of California's Bane Act, Cal. Civ. Code § 52.1.  (*Id*. at 63-64.)

## III.   LEGAL ARGUMENT

### A.   Legal Standard

Under Fed. R. Civ. P. 12(c), a party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial.  A motion for judgment on the pleadings is "functionally identical" to a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and is therefore subject to the same standard of review as a motion to dismiss. *Cafasso, U.s. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054, n.4 (9th Cir. 2011).  Under this standard, a court inquires whether the complaint's factual allegations, drawing all reasonable inferences in a plaintiff's favor, state a plausible claim for relief. *Id*. at 1054.  Conclusory allegations are not "well-pleaded" and therefore not entitled to the presumption of truth.  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).  In order to state a claim for which relief may be granted, a complaint must allege facts that plausibly establish liability; allegations of facts "merely consistent" with liability are insufficient. *Id*. at 678.

A party may bring a motion for judgment on the pleadings in conjunction with any other motion under Fed. R. Civ. P. 12.  Fed. R. Civ. P. 12(g)(1).

### B.   Plaintiffs' Fourth Claim For Relief Fails Because Cal. Penal Code § 853.5 Cannot Give Rise To A Violation Of The United States Constitution As A Matter Of Law.

Plaintiffs allege that the Infraction Class members had their Fourth Amendment rights violated when they "were charged with infractions, arrested and taken into custody and not released in the field, as required by Penal Code § 853.5."  (Sec. Am. Compl. 62, ECF No. 115.)  Cal. Penal Code § 853.5 provides, in relevant part, that "in

2

any case in which a person is arrested for an offense declared to be an infraction, the person may be released according to the procedures set forth by this chapter for the release of persons arrested for an offense declared to be a misdemeanor." Conversely, it declares that "[o]nly if the arrestee refuses to sign a written promise, has no satisfactory identification, or refuses to provide a thumbprint or fingerprint may the arrestee be taken into custody." So, Plaintiffs contend, they were arrested in violation of the Fourth Amendment simply because they were arrested in violation of Cal. Penal Code § 853.5. This claim fails as a matter of law because the United States Supreme Court has held that a violation of state criminal procedure is not tantamount to a violation of the Fourth Amendment, *Virginia v. Moore*, 553 U.S. 164 (2008), and the California Supreme Court has held specifically that an arrest that violates § 853.5 does not thereby simultaneously violate the Fourth Amendment, *People v. McKay*, 27 Cal.4th 601, 605, 618 (2002). The Ninth Circuit followed suit, likewise holding that an arrest that violates § 853.5 does not thereby violate the Fourth Amendment. *Edgerly v. City and Cnty. of S.F.*, 599 F.3d 946, 956 (9th Cir. 2010).

In *Virginia v. Moore*, 553 U.S. 164 (2008), the United States Supreme Court was presented with the issue of "whether a police officer violates the Fourth Amendment by making an arrest based on probable cause but prohibited by state law." The Court held that state law has no bearing on whether a police officer violates the Fourth Amendment: "We thought it obvious that the Fourth Amendment's meaning did not change with local law enforcement practices—even practices set by rule." *Id*. at 172. Rather, the probable cause standard is the only standard for determining a violation. *Id*. at 173; *see also Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.").

Following United States Supreme Court precedent, the California Supreme Court rejected Plaintiffs' very theory. The Court began its analysis by noting that "California has, in various statutes, limited the circumstances in which a peace officer may effect a custodial arrest for minor offenses," providing a list of examples, including Cal. Pen. Code § 853.5. *People v. Mckay*, 27 Cal.4th 601, 605 (2002). The Court concluded, "in accordance with United States Supreme Court precedent, that custodial arrests for fine-only offenses do not violate the Fourth Amendment and that compliance with state arrest procedures is not a component of the federal constitutional inquiry." *Id*. Rather, the Court explained, "so long as the officer has probable cause to believe that an individual has committed a criminal offense, a custodial arrest—even one effected in violation of state arrest procedures—does not violate the Fourth Amendment." *Id.* at 618. In reaching its conclusion, the California Supreme Court noted that nine Circuit Courts of Appeals, including the Ninth Circuit, as well as a number of state courts, have also concluded that "once the officer has probable cause to believe a violation of law has occurred, the constitutionality of the arrest does not depend upon compliance with state procedures that are not themselves compelled by the Constitution." *Id*. at 613-14; *see U.S. v. Mota*, 982 F.2d 1384, 1387 (9th Cir. 1993) ("We have held in the context of a suit brought under 42 U.S.C. § 1983, that state law governing an arrest is irrelevant to determining whether the arrest deprived an individual of rights secured by the federal constitution or a federal statute.").

Following the United States Supreme Court, the Ninth Circuit has re-affirmed that a violation of Cal. Pen. Code § 853.5 does not give rise to a constitutional violation. *Edgerly*, 599 F.3d at 956; *see also Valentin v. Jackson*, No. CV 15-09011-BRO, 2017 WL 11628118, at *8 (C.D. Cal. Mar. 16, 2017) (following *People v. McKay*); *Leon v. City of Santa Ana*, No. SACV 14-00387-JLS, 2015 WL 13916799, at *6 (C.D. Cal. June 19, 2015) (same).

Therefore, the law has been conclusively established for over 10 years that Plaintiffs' Fourth Claim for Relief is meritless.

### C. Plaintiffs' Fourth Claim For Relief Should Be Dismissed Against Chief Moore For The Additional Reason It Is Barred Due To Qualified Immunity

Plaintiffs' Fourth Claim for Relief should be dismissed against Chief Moore for the additional reason that it is barred due to qualified immunity. The doctrine of qualified immunity provides "government officials breathing room to make reasonable but mistaken judgments;" it "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. al-Kidd*, 563 U.S. 731,743 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Qualified immunity protects government officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A clearly established right is one that is clear enough that every reasonable official would have understood that what he is doing violates that right. *Hyde v. City of Willcox*, 23 F.4th 863, 869 (9th Cir. 2022). To determine the application of qualified immunity, a "court asks, in the order it chooses, (i) whether the alleged misconduct violated a constitutional right and (ii) whether the right was clearly established at the time of the alleged misconduct." *Id*.

Here, Plaintiffs state no claim for violation of their constitutional rights, in light of the conclusive authority discussed above. This authority also confirms that qualified immunity requires dismissal of the claim against Chief Moore.

### D. Plaintiffs' Fifth Claim For Relief Fails To State A Claim On Behalf Of The Three Damages Classes Because California's Bane Act Cannot Be Asserted As A Class Claim.

Plaintiffs assert a violation of California's Bane Act, Cal. Civ. Code § 52.1, on behalf of all three damages classes. (Sec. Am. Compl. 63-64, ECF No. 115.) But the

Bane Act's plain text precludes asserting a Bane Act violation on behalf of a class; the class claims for violation of the Bane Act should be dismissed without leave to amend.

The Bane Act prohibits its assertion as a class claim: "Any individual . . . may institute and prosecute **in their own name and on their own behalf** a civil action for damages . . . ." Cal. Civ. Code § 52.1(c) (emphasis added). Federal courts are split on the interpretation of this language, and the only California court to interpret the language has interpreted it in a way inconsistent with the federal courts' holding that a Bane Act claim may be asserted as a class claim.

The federal court concluded no class claims can be asserted based on a plain reading of the above language:

> [A] plain reading of the statute reveals that Section 52.1(b) does not encompass class actions. The statute specifies that an individual may bring a civil action "on his or her own behalf." In addition, Section 52.1(a) authorizes the Attorney General, district attorneys, and city attorneys to bring claims "in the name of the people of the State of California against a person who interferes with the exercise or enjoyment of the rights of an individual or individuals." Thus, the legislation addresses representative actions but only provides for such actions under Section 52.1(a), not Section 52.1(b). Because the language and structure of the statute reveal that Section 52.1(b) does not authorize a representative action, the Section 52.1(b) class claim is dismissed.

*Taggart v. Solano Cnty.*, No. CIV-S-05-0783, 2005 WL 3325752, at *4 (E.D. Cal. Dec. 6, 2005).[1]

Two subsequent district courts have disagreed. Those two district courts reasoned that the purpose of the "on their own" language is not to limit the types of claims that can be asserted under the Bane Act, but rather to distinguish that subsection, which authorizes individual claims, with the prior subsection, which authorizes claims by the Attorney General. *Craft v. Cnty. of San Bernardino*, No. EDCV 05-359-SGL, 2006 WL

---

[1] At the time of the *Taggart* decision, the "on their own" language was contained in subsection (b) of the Bane Act. The Bane Act was subsequently amended, and the "on their own" language is now contained in subsection (c). Assemb. B. 3250, 2017-18 Reg. Sess. (Cal. 2018).

4941829, at *3 (C.D. Cal. Mar. 21, 2006); *see also Schilling v. Transcor Am., LLC*, No. C 08–941, 2010 WL 583972, at *11 (N.D. Cal. Feb. 16, 2010) (following *Craft*).  To further support its conclusion, the *Craft* court referenced another subsection of the Bane Act, which, according to the court, "makes clear that any of the remedies available under section 52.1 are in addition to 'any other action, remedy, or procedure that may be available to an aggrieved individual under any other provision of law.'  Such 'other remedy' includes that provided by California Code of Civil Procedure section 382, the class action statute."  *Craft*, 2006 WL 4941829, at *3.

      The *Craft* court's reasoning is faulty.  As to the court's first point, reading the "may institute" language as merely clarifying that claims may be brought by an individual rather than the Attorney General renders the "may institute" language surplusage.  That is because the subsection begins with, "Any individual," words which themselves declare that an individual may bring an action.  Further, if the Legislature intended the "may institute" language only to imply that an individual (as opposed to the Attorney General) may bring an action, it could have done so in fewer words: "Any individual . . . may institute and prosecute ~~in their own and name and on their own behalf~~ a civil action for damages."

      As to the *Craft* court's second point, the Bane Act's language regarding additional remedies actually contradicts the court's point.  The subsection the court references is now subsection (h) and provides, "An action brought pursuant to this section is **independent** of any other action, remedy, or procedure that may be available to an aggrieved individual under any other provision of law, including, but not limited to, an action, remedy, or procedure brought pursuant to Section 51.7."  Cal. Civ. Code § 52.1(h) (emphasis added).  Significantly, the court did not reference the word "independent" used in the statute.  Instead, the court used the phrase "in addition to" which is not contained in the statute.  Due the Legislature's use of the word

7

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

"independent," even if any other "remedy" or "procedure" did mean a class action, that would have to be a class action for a claim *other than* a Bane Act claim, otherwise "independent" would not mean "independent."

There is no California authority resolving this issue, but there is one published California Court of Appeal opinion interpreting the Bane Act in a way inconsistent with the *Craft* and *Schilling* approaches. In *Bay Area Rapid Transit Dist. v. Sup. Ct.*, 38 Cal. App. 4th 141 (Cal. Ct. App. 1995), the court relied on the "on their own" language of the Bane Act to hold that the Bane Act is a "*personal* cause of action" that is "limited to plaintiffs who themselves have been the subject of violence or threats." Other district courts have followed this ruling to limit the assertion of Bane Act claims to the individual who allegedly suffered the harm. *See Icon Desert Logistics v. City of Blythe Police Dep't*, No. 5:20-cv-02225-CAS-JCx, 2020 WL 7229853, at *7 (C.D. Cal. Dec. 7, 2020) ("[A] claim brought pursuant to the Bane Act is not cognizable unless it is brought by the individual person whose rights have allegedly been violated due to the threats or intimidation."); *Lopez v. Cnty. of L.A.*, No. CV 15-01745-MMM, 2015 WL 3913263, at *8-9 (C.D. Cal. June 25, 2015) (following *Bay Area Rapid Transit Dist.*) Therefore, the state court found the "on their own" language does provide a substantive limit on how a Bane Act claim can be asserted, and that the purpose of the "on their own" language is not simply to distinguish between claims brought by an individual versus the attorney general, contrary to the *Craft* and *Schilling* courts.

Because a class action claim for violation of the Bane Act is not cognizable, the class claims for violation of the Bane Act should be dismissed without leave to amend.

## IV. CONCLUSION

Because a violation of Cal. Pen. Code § 853.5 cannot give rise to a violation of the United States Constitution and because California's Bane Act cannot be asserted as a class claim, Plaintiffs' Fourth Claim for Relief asserting class and individual claims and

8

Fifth Claim for Relief asserting class claims should be dismissed without leave to amend.

DATED: November 14, 2022

Respectfully Submitted,

**MICHAEL N. FEUER**, City Attorney
**SCOTT MARCUS**, Chief Assistant City Attorney
**CORY M. BRENTE**, Senior Assistant City Attorney
**GABRIEL S. DERMER**, Assistant City Attorney
**GEOFFREY PLOWDEN**, Deputy City Attorney
**JOSEPH S. PERSOFF**, Deputy City Attorney

By:  /s/ Joseph S. Persoff
        JOSEPH S. PERSOFF
        Deputy City Attorney

Attorneys for Defendants
**CITY OF LOS ANGELES and
CHIEF MICHEL MOORE**

9

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS