# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACK LIVES MATTER LOS ANGELES, et al.,<br><br>    Plaintiff,<br>v.<br>CITY OF LOS ANGELES, et al.,<br><br>    Defendant. | Case No.:  2:20-cv-05027-CBM-(ASx)<br><br>**ORDER RE: DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO DISMISS [178, 179]** |

The matters before the Court are Defendants' Motion for Judgment on the Pleadings (Dkt. No. 178-1) and Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction. (Dkt. No. 179-1.)

## I.    BACKGROUND

This putative class action arises out of protests and demonstrations which occurred throughout Los Angeles in late May and early June of 2020 in response to the death of George Floyd.  On October 3, 2022, the Court issued an Order certifying the class seeking injunctive relief under Rule 23(b)(2) and three classes seeking damages under Rule 23(b)(3) or 23(c)(4).

Plaintiffs, including the three certified Direct Force, Infraction, and Arrest Classes, assert claims for damages against the Defendants City of Los Angeles and Chief Michael Moore for alleged injuries that occurred during the protests.

Plaintiffs' Fourth Cause of Action for violation of 42 U.S.C. 1983 alleges that members of the Infraction Class suffered a violation of their Fourth Amendment rights because they were "taken into custody and not released in the field as required by Cal. Penal Code § 853.5. Additionally, Plaintiffs' Fifth Cause of Action for Relief seeks recovery on behalf of all three damages classes for violation of California's Bane Act, Cal. Civ. Code § 52.1.

Defendants assert that Plaintiffs' claim that the City violated the Fourth Amendment by violating Cal. Penal Code § 835.5 is foreclosed as a matter of law and should be dismissed without leave to amend. Defendants further assert that Plaintiff' Fifth Cause of Action for violation of the Bane Act, Cal. Civ. Code § 52.1 is foreclosed as it provides in part that an individual may assert a claim "in their own name and on their own behalf," precluding the claim's assertion as a class claim. Defendants move to dismiss the remaining state law claims asserted by the Infraction Class for lack of subject matter jurisdiction.

## II. STATEMENT OF THE LAW

In ruling on a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the Court "inquires whether the complaint at issue contains 'sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face.'" *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Moreover, Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Dismissal of a complaint under Rule 12(c) or Rule 12(b)(6) may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In a motion for a judgment on the pleadings or motion to dismiss for failure to state a claim, the Court accepts as true all well-pleaded allegations of material

fact and construes them in a light most favorable to the non-moving party. *Blantz v. Cal. Dep't of Corr. & Rehab.*, 727 F.3d 917, 922 (9th Cir. 2013); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008). The Court must also assume as true contents of documents incorporated by reference and attached to the Complaint. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The Court may also consider facts contained in materials properly the subject of judicial notice. *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999).

### III.   DISCUSSION

**A.   Motion for Judgment on the Pleadings**

Defendants move for judgment on the pleadings on the following grounds: (1) Plaintiffs' Fourth Cause of Action fails because Cal. Penal Code § 853.5 cannot give rise to a claim under 42 U.S.C. § 1983 for a violation of the Fourth Amendment as a matter of law; and (2) Plaintiff's Fifth Cause of Action for violation of California's Bane Act, Cal. Civ. Code § 52.1, cannot be asserted as a class claim.  With respect to Defendants' first argument regarding Cal. Penal Code § 853.5, Plaintiffs concede that under *Virginia v. Moore*, 553 U.S. 164 (2008), the Infraction Class does not assert a viable Fourth Amendment claim.  Therefore, the Court **GRANTS** the Motion for Judgment on the Pleadings with respect to Plaintiffs' Fourth Cause of Action.[1]

As to Plaintiff's Fifth Cause of Action for violation of the Bane Act, Cal. Civ. Code § 52.1, Defendants argue that it should be dismissed because a class action claim is not cognizable under the plain text of the statute.  The Bane Act

---

[1] Defendants also contend that Plaintiffs' Fourth Cause of Action should be dismissed against Chief Moore for the additional reason that it is barred due to qualified immunity.  Given the Court's ruling on the Infraction Class's Fourth Amendment claim, the Court does not reach this issue.

provides in pertinent part:

> Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (b), **may institute and prosecute in their own name and on their own behalf a civil action for damages** . . . .

Cal. Civ. Code § 52.1(c) (emphasis added). For support, Defendants cite *Taggart v. Solano County*, 2005 WL 3325752 (E.D. Cal. Dec.6, 2005), which held that section 52.1(c) expressly limits civil actions brought by private parties to those "on his or her own behalf," and subsection (b) provides a class action remedy but limits such relief to suits filed by the state Attorney General, district attorneys, and city attorneys "in the name of the people of the State of California." *Id*. at * 4. Defendants also notes that two subsequent district courts have disagreed with the *Taggert* court's holding that no class claims can be asserted based on a plain reading of the Bane Act but disagrees with the reasoning of those courts. *See Craft v. Cnty. of San Bernardino,* No. EDCV 05-359-SGL, 2006 WL 4941829, at *3 (C.D. Cal. Mar. 21, 2006); *see also Schilling v. Transcor Am., LLC,* No. C 08–941, 2010 WL 583972, at *11 (N.D. Cal. Feb. 16, 2010) (following *Craft*).

Most recently, in *Fitzpatrick v. City of Los Angeles*, 2022 WL 18142509, at *11 (C.D. Cal. Nov. 17, 2022), Judge Bernal agreed with the *Craft* court that Bane Act claims could proceed in a class action. Likewise, this Court agrees with the rationale of *Craft* and *Fitzpatrick*, that the Bane Act's "language and structure" including the "other remedy" language in the statute, suggest that class actions remain a viable alternative for individuals pursuing a subsection (b) cause of action. *See Craft*, 2006 WL 4941829, at *3; *Fitzpatrick,* 2022 WL18142509, at *11. Therefore, the Court **DENIES** Defendants' motion with respect to the Bane Act.

**B.     Motion to Dismiss**

Defendants move to dismiss the Infraction Class's remaining state law

claims for violation of the Bane Act and false arrest/false imprisonment on the grounds that the Court must decline supplemental jurisdiction upon dismissal of Plaintiffs' federal claim under 42 U.S.C § 1983. Defendants argue there is no basis for supplemental jurisdiction over the state law claims since Plaintiffs' Section 1983 claim is not colorable and even if the section 1983 claim is colorable, the Court should decline to exercise supplemental jurisdiction over the state law claims. In opposition, Plaintiffs argue that all the federal and state claims arise out of the same set of underlying events, supported by the fact that the Infraction Class members are, by definition, also members of the Arrest Class. Accordingly, the evidence presented by both classes will overlap substantially since such evidence is relevant to claims asserted by both classes.

The supplemental jurisdiction statute provides, "the district courts shall have supplemental jurisdiction ***over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III*** of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a) (emphasis added.) Supplemental jurisdiction under Section 1367 does not require the party asserting a related state claim to also assert the federal claim—rather, it provides that supplemental jurisdiction extends to all state claims that are part of the same case or controversy as the federal claim. *See* Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 2B-6, Supplemental Jurisdiction ("Supplemental jurisdiction in federal question cases extends to claims by ***any party*** that are sufficiently related to the federal claim to be part of the 'same case or controversy' (28 USC § 1367(a)). As long as such relationship exists, the district court may adjudicate state law claims asserted by plaintiff or by defendant (by counterclaim, crossclaim or impleader) or by any properly joined third party, ***without any other basis for federal jurisdiction***.") (emphasis added). By definition, the Infraction Class

members are also members of the Arrest Class, for which the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1343. Therefore, because the Infraction Class's state claims are part of the same case or controversy as the Arrest Class's federal and state claims, the Court has supplemental jurisdiction over the Infraction Class's state law claims. Therefore, the Court **DENIES** Defendants' Motion to Dismiss for lack of subject-matter jurisdiction.

### IV.  CONCLUSION

Accordingly, the Court **GRANTs in part** and **DENIES in part** Defendants' Motion for Judgment on the Pleadings. The Court **DENIES** Defendants' Motion to Dismiss for lack of subject-matter jurisdiction.

**IT IS SO ORDERED.**

DATED: APRIL 4, 2023

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE