Cynthia Anderson Barker SBN 175764
NATIONAL LAWYERS GUILD
3435 Wilshire Blvd., Suite 2910
Los Angeles, California 90010
t. 213 381-3246  f. 213 381-3246
e. cablaw@hotmail.com

Paul Hoffman, SBN 71244
Michael Seplow SBN 150183
John Washington SBN 315991
SCHONBRUN, SEPLOW, HARRIS,
HOFFMAN & ZELDES LLP
9415 Culver Blvd, #115
Culver City, California 90230
t. 310 396-0731; f. 310 399-7040
e. hoffpaul@aol.com
e. jwashington@sshhlaw.com

Attorneys for Plaintiffs
Additional Counsel on Next Page

Barrett S. Litt, SBN 45527
Lindsay Battles SBN 262862
MCLANE, BEDNARSKI & LITT
975 E. Green Street
Pasadena, California 91106
t. 626 844-7660 f. 626 844-7670
e. blitt@mbllaw.com
e. lbattles@mbllaw.com

Pedram Esfandiary SBN 312569
e. pesfandiary@wisnerbaum.com
Monique Alarcon SBN 311650
e. malarcon@wisnerbaum.com
Bijan Esfandiari SBN 223216
e. besfandiari@wisnerbaum.com
R. Brent Wisner SBN 276023
e. rbwisner@winserbaum.com
WISNER BAUM P.C.
3435 Wilshire Blvd., Ste. 2910
t. 310 207-3233 f. 310 820-7444

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| BLACK LIVES MATTER LOS ANGELES, ET AL., <br><br> PLAINTIFFS, <br><br> v. <br><br> CITY OF LOS ANGELES, ET AL, <br><br> DEFENDANTS. | Case No.: 2:20-cv-05027 CBM-AS <br><br> JOINT STATUS REPORT <br><br> Date: June 17, 2024 <br> Time: n/a <br> Crtm: 8D Hon. Consuelo Marshall |

1

1  Carol A. Sobel, SBN 84483
   Weston Rowland  SBN 327599
2  LAW OFFICE OF CAROL A. SOBEL
   2632 Wilshire Blvd., #552
3  Santa Monica, CA 90403
   t. 310 393-3055
4  e. carolsobel@aol.com
   e. rowland.weston@gmail.com
5

   Olu Orange SBN SBN 213653
   Orange Law Offices
   3435 Wilshire Blvd., Ste. 2910
       Los Angeles, CA. 90010-2015
   t. 213 736-9900
   f, 213 417-8800
   e. o.orange#orangelawoffices.com

6  Colleen Flynn, SBN 234281
   LAW OFFICE OF COLLEEN FLYNN
7  3435 Wilshire Blvd., Suite 2910
   Los Angeles, CA 90010
8  t. 213 252-9444
   r. 213 252-0091
9  e. cflynn@yahoo.com

   James Do Kim, SBN 231038
   LAW OFFICE OF DO KIM, APLC
   3435 Wilshire Blvd, Suite 2700
   Los Angeles, CA 90010
   t. 213 251-5440
   f, 213 232 -4919
   e. dkim@dokimlaw.com

10 Matthew Strugar, SBN 232951
   LAW OFFICE OF MATTHEW STRUGAR
11 3435 Wilshire Blvd., Suite 2910
   Los Angeles, CA 90039
12 t. 323 696-2299
13 e. matthewstrugar@gmail.com

   Denisse Gastelum
   GASTELUM LAW, APC
   3767 Worsham Ave.
   Long Beach, CA 90808-1774
   t. 213 340 6112
   e. dgastelum@gastelumfirm.com

14 Christian Contreras, SBN 330269
   LAW OFFICES OF CHRISTIAN CONTRERAS, APC
15 360 E. 2nd St., 8th Floor
   Los Angeles, California 90012
16 t. (323) 435-8000  f: (323) 597-0101
   e: CC@Contreras-Law.co

2

Pursuant to the Court's Order directing the filing of a joint status report by June 17, 2024, [Doc 210], the parties, by and through their undersigned counsel, provide the following information.

As the Court is aware, appealed the order granting class certification. The appeal was argued at the Ninth Circuit on March 28, 2024. No decision has issued.

After the Ninth Circuit granted Defendants' motion for an interlocutory appeal, the parties filed with the Court a Stipulated Request to Vacate Scheduling Order Pending Appeal to the Ninth Circuit. [Doc. 190]. The document also included a stipulation to continue discovery while the appeal is pending.

In the Stipulated Request to Vacate filed nearly 18 months ago, the parties again advised the Court that there were unexpected delays in discovery as a result of medical and trial issues for defense counsel. Although the prior city attorney later retired, no new city attorney came on the case until late April, 2023, although Plaintiffs continued to propound discovery. The same delays related to medical and trial issues occurred with the current deputy city attorney assigned to the case.

Pursuant to Court order, the parties filed status reports in late August, 2023. At that time, Plaintiffs advised the Court that there were still significant delays in obtaining discovery from the City. While the City has since produced additional materials, it was only after lengthy delays and much remains outstanding.

The City has farmed out all of the Floyd protest cases to outside counsel except for the class action. All discovery remains with the City's in-house Discovery Unit, staffed by LAPD officers. The documents sought, whether reports, Body Worn Video and other materials generated by the LAPD as evidence in these cases is not, somehow, outside the scope of discovery simply because the City hired outside counsel to litigate the case for Defendants to meet the capacity demands of multiple cases arising from the Floyd protests. Approximately a dozen of the individual cases are before the Court as related cases, so the Court is familiar

3

with the exhibits from LAPD documents, regardless of who is assigned as defense counsel.

      Defendants do not agree with Plaintiffs description of "lengthy delays," as Defendants have requested assistance from Counsel to ensure Plaintiffs are obtaining the Discovery they have been requesting. It should also be noted that Counsel for Plaintiff has requested information which they have become aware exists in other cases, which are not being handled by the City and have separate Investigators handling such Discovery. Defendants contend these cases are outside of the underlying case, so City Defense Counsel only becomes aware that Plaintiffs want such Discovery because Plaintiffs Counsel makes note of these other documents involving persons outside of the Plaintiffs in this matter.

      As an example, the City produced an Internal Affairs Division report for C.J. Montano, but it is as a PDF so the links to evidence included in the report and relied on by the LAPD in determining whether the use of force against Mr. Montano was lawful are not available. This includes materials by the LAPD Force Investigation Division on the particular less-lethal munitions used against Mr. Montano. While Plaintiffs did not represent Mr. Montano, they represent other individuals who were injured on the same day at or near the same location, and many with the same munitions. In addition, the investigation of Mr. Montano's claims was among the most detailed by Defendants, no doubt because it was the subject of a significant story in the media.

      The parties anticipate a ruling by the Ninth Circuit soon on Defendants' appeal of class certification. Plaintiffs anticipate likely filing a Fourth Amended Complaint; however, they believe that should occur after the ruling by the Ninth Circuit. As Plaintiffs previously advised the Court, they will proceed with the claims of all putative members of the force class as a class, or as multiple plaintiff or individual plaintiff actions, depending upon the ruling from the Ninth Circuit.

Plaintiffs previously notified Defendants and the Court that they currently have been contacted by 90 individuals who allege unlawful use of forcé, most as a result of less lethal munitions and batons.

The parties believe it would be helpful to the progress of this action to set a new scheduling order with a trial date in late Spring 2025. This matter has already been delayed significantly. Defendants believe a Trial Date in Summer of 2025 or early 2026 is more realistic. The parties would also welcome a status conference to discuss the scheduling and discovery issues. As set forth above, Plaintiffs anticipate amending the complaint. Exactly what the amendments will be will depend, in part, on the decision of the Ninth Circuit.

Respectfully submitted,

Dated:  June 17, 2024

McLane, Bednarski & Litt
Schonbrun, Seplow, Harris, Hoffman & Zeldes
Law Office of Carol A. Sobel

    /s/  Carol A. Sobel            .
By: CAROL A. SOBEL
Attorneys for Plaintiffs

Dated: June 17, 2024

Hydee Feldstein Soto, City Attorney
Christian Bojorquez, Dep. City Attorney

    /s Christian Bojorquez         .
By: CHRISTIAN BOJORQUEZ
Attorneys for Defendants