Cynthia Anderson Barker SBN 175764
NATIONAL LAWYERS GUILD
3435 Wilshire Blvd., Suite 2910
Los Angeles, California 90010
t. 213 381-3246 f. 213 381-3246
e. cablaw@hotmail.com

Paul Hoffman, SBN 71244
Michael Seplow SBN 150183
John Washington SBN 315991
SCHONBRUN, SEPLOW, HARRIS,
HOFFMAN & ZELDES LLP
9415 Culver Blvd, #115
Culver City, California 90230
t. 310 396-0731; f. 310 399-7040
e. hoffpaul@aol.com
e. jwashington@sshhlaw.com

Barrett S. Litt, SBN 45527
Lindsay Battles SBN 262862
MCLANE, BEDNARSKI & LITT
975 E. Green Street
Pasadena, California 91106
t. 626 844-7660 f. 626 844-7670
e. blitt@mbllaw.com
e. lbattles@mbllaw.com

Pedram Esfandiary SBN 312569
e. pesfandiary@wisnerbaum.com
Monique Alarcon SBN 311650
e. malarcon@wisnerbaum.com
Bijan Esfandiari SBN 223216
e. besfandiari@wisnerbaum.com
R. Brent Wisner SBN 276023
e. rbwisner@winserbaum.com
WISNER BAUM P.C.
11111 Santa Monica Blvd., Ste 1750,
Los Angeles, CA 90025
t. 310 207-3233 f. 310 820-7444

Attorneys for Plaintiffs
Additional Counsel on Next Page

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| BLACK LIVES MATTER LOS ANGELES, ET AL., <br><br>                   PLAINTIFFS, <br> v. <br> CITY OF LOS ANGELES, ET AL, <br><br>                   DEFENDANTS. | Case No.: 2:20-cv-05027 CBM-AS <br><br> CORRECTED: <br><br> PLAINTIFFS' MOTION TO MODIFY THE PROTECTIVE ORDER <br><br> Date:  November 6, 2025 <br> Time: 10:00 a.m. <br> Ctrm: Roybal 540, Hon. Alka Sagar |

This motion is made following the meet and confer of counsel on September 23, 2025.

Carol A. Sobel, SBN 84483
Weston Rowland  SBN 327599
LAW OFFICE OF CAROL A. SOBEL
2632 Wilshire Blvd., #552
Santa Monica, CA 90403
t. 310 393-3055
e. carolsobel@aol.com
e. rowland.weston@gmail.com

Olu Orange SBN SBN 213653
Orange Law Offices
3435 Wilshire Blvd., Ste. 2910
Los Angeles, CA. 90010-2015
t. 213 736-9900
f, 213 417-8800
e. o.orange#orangelawoffices.com

Colleen Flynn, SBN 234281
LAW OFFICE OF COLLEEN FLYNN
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
t. 213 252-9444
r. 213 252-0091
e. cflynn@yahoo.com

James Do Kim, SBN 231038
LAW OFFICE OF DO KIM, APLC
3435 Wilshire Blvd, Suite 2700
Los Angeles, CA 90010
t. 213 251-5440
f, 213 232 -4919
e. dkim@dokimlaw.com

Matthew Strugar, SBN 232951
LAW OFFICE OF MATTHEW STRUGAR
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90039
t. 323 696-2299
e. matthewstrugar@gmail.com

Denisse Gastelum
GASTELUM LAW, APC
3767 Worsham Ave.
Long Beach, CA 90808-1774
t. 213 340 6112
e. dgastelum@gastelumfirm.com

Christian Contreras, SBN 330269
LAW OFFICES OF CHRISTIAN CONTRERAS, APC
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
t. (323) 435-8000  f: (323) 597-0101
e: CC@Contreras-Law.com

Shakeer Rahman  SBN 332888
Law Office of Shakeer Rahman
3435 Wilshire Blvd Ste 2910,
Los Angeles, CA 90010-2015
t. 323-546-9236
e. shakeer@loosr.net

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs bring this motion to amend the protective order entered in Black Lives Matter, et al. v. City of Los Angeles, et al., 2:20-cv-05027 CBM-AS [Doc.   ] to remove the Body Worn Video and make it available for other litigation and for the public to see. In late May and early June 2020, nearly 10,000 people took to the streets of Los Angeles to protest the killing of George Floyd by the Minneapolis police. The events of those days produced several gigabites of video, all recording public protests and the acts of the police, public employees. is not subject to the protective order absent a particularized showing by the City that there is a basis for maintaining the protcctive order as to each video in view of the public nature of the videos.

## II. THE STANDARD FOR REVIEW

At the outset, the Court must start from the position that cases involving a civil rights claim against a police department are moderately pre-weighted in favor of disclosure. *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995). *Harmon v. City of Santa Clara*, 323 F.R.D. 617 (N.D. Cal. 2018) dealt with police video. The Court held that the videos' contents did not generate a privacy interest or showing of particularized harm that outweighs the public interest in disclosure where the incident was clearly visible from the public street or sidewalk where any casual passerby could have witnessed or filmed the incident. Id. at 624-25.

Even where, as here, the parties' stipulated to a protective order, the Court retains an unflagging obligation to consider whether there is "good cause" for a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FRCP 26(c). The Court's review begins with a strong presumption in favor of access to court records.

*Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). Broad, undifferentiated protective orders are disfavored and the party claiming the need for a protective offer "must show prejudice 'for each particular document it seeks to protect.'" *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

This standard was recently affirmed by the Ninth Circuit in *Cordero v. Stemilt AG Servs., LLC*, 142 F.4th 1201 (9th Cir. 2025), emphasizing that "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id*. at 1201, citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Significantly, "the requirement to demonstrate good cause cannot be waived, and remains even where the parties stipulate to the order." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*-N. Dist. (San Jose), 187 F.3d 1096, 1103 (9th Cir. 1999).

## II. THE DECISION OF THE NINTH CIRCUIT IN *CORDERO*

### A. The Decision in *Cordero* Supports Making the Video Public

The decision of the Ninth Circuit last month reaffirms the Circuit's commitment to making discovery available publicly. *Cordero v. Stemilt AG Servs., LLC*, 105 F.4th 1168 (9th Cir. July 10, 2025), 2025 U.S. App. LEXI 17010, *12. In Cordero, attorneys for a group of farm laborers sought to make the materials public so that they could be used in similar litigation. The original attorneys, representing other laborers, had agreed to a protective order as part of a settlement of their action.

When the original case settled, the lawyers for the non-party litigants stated in a declaration that the order had a chilling effect on their advocacy in other matters. Columbia stated that they regularly use non-confidential information obtained from discovery in its impact litigation, legislative advocacy, and community education efforts. Columbia further identified several documents it

4

would use in other advocacy efforts if permitted to do so. Stemlit argued that Columbia lacked standing to challenge the court order, but the court found that the inability to use the information from the records about the abuses of farmworkers or shortcomings in the H-2A system was not supported by the law and the discovery should be made public. The same is true in this instance.

### B. *Cordero* Supports Making The BWV Public For Use In Other Cases

The holding in *Cordero* is important for a second reason. Not only does the public have a right to see these videos, but the materials are critical to establishing Plaintiffs' Monell claims in the more recent cases by showing the unabated unlawful use of force and meritless arrests of protestors.

In recent months, the Los Angeles Police Department responded to protests against the ICE raids in Los Angeles with the same force and weapons challenged in the 2020 Floyd protests. Plaintiffs' counsel in the BLM case are also counsel in *Los Angeles Press Club, et al. v. City of Los Angeles, et al.*, Case No. 2:25-cv-05423 HDV – Ex. The LAPD's use of force with 40mm munitions and batons is at issue in both actions, among other common questions regarding training and discipline. Each and all of these issues goes directly to establishing *Monell* liability for the defendant municipality on several grounds, including but not limited to unlawful policy re deployment of the munitions and arrests, failure to train, failure to discipline, and ratification.

Plaintiffs and other non-party attorneys should be able to use the evidence produced in this case in the new case(s) raising the same tactics by the LAPD. As *Coredero* emphasized, the Ninth Circuit "strongly favors access to discovery materials" for those engaged in other litigation because "[a]llowing the fruits of one litigation to facilitate preparation for other cases advances the interests of judicial economy for avoiding the wasteful duplication of discovery." *Cordero* at

5

*12, citing *Foltz v. State Farm Mutual Auto Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003).

## IV.   THE DECISIONS SUPPORTING DISCLOSURE OF THE VIDEO

Even before *Cordero*, both the Ninth Circuit and numerous district courts declined to issue sweeping protective orders, stressing the public's right of access to discovery materials. The Ninth Circuit expressly held that an officer does not have a reasonable expectation of privacy in BWV of an on-duty event. *See Santa Ana Police Officers Association v. City of Santa Ana*, 723 F. Appx. 399, 402 (9th Cir. 2018). When police act in public, officers' privacy interests are diminished.

*Dominguez v. City of Los Angeles,* Case No. CV174557 DMG, 2018 WL 6333661, at *3 (C.D. Cal. Apr. 23, 2018) is particularly instructive.  There the Court there lifted a protective order on LAPD video recordings. The Court emphasized that the litigation was "highly public in nature" as it took place in public and was witnessed by numerous people. *Id*. For those reasons, the Court found that any "privacy concerns are diminished for public actors subject to legitimate public scrutiny." *Id*., (citation omitted).

In *Harmon*, *supra*, the Court found that, even though the officers shown in the video were part of an undercover unit, the required showing of "particularized harm" was not met because the incident took place in public and the police department is a public entity. 323 F.R.D at 624.

More recently, in *LaRocca v. City of Los Angeles*, Case No. 2:22-cv-06948-SVW-PDx,  2023 U.S. Dist. LEXIS 95111 (C.D. Cal. 2023), the LAPD assaulted individuals at an outdoor concert. The Court denied the expansive protective order requested for the officers' BWV because the Defendant LAPD did not explain how those attending a public, outdoor concert had a reasonable expectation of privacy.  *Id.* at *11-12. The Court held that "Defendants have

failed to meet their burden of establishing good cause to maintain the confidentiality of the BWC footage under the Protective Order pursuant to Rule 26(c). Plaintiff's motion is granted and the Videos are not subject to the protective order." *Id.* at *12. The same is true here where those individuals captured in the BWV of public employee were attending public protests.

## V.   CONCLUSION

For the reasons set forth above, the protective order should be modified to exclude all BWV produced by the Defendants and to be produced in this action absent a particularized showing of harm in each BWV that would outweigh the public's interest in full disclosure.

Dated: October 1, 2025                Respectfully submitted,

Law Office of Carol A. Sobel

　　　　/s/   Carol A. Sobel　　　.
By: Carol A. Sobel
Attorneys for Plaintiffs

7