**HYDEE FELDSTEIN SOTO**, City Attorney – SBN 106866
**DENISE C. MILLS,** Chief Deputy City Attorney – SBN 191992
**KATHLEEN KENEALY,** Chief Assistant City Attorney – SBN 212289
**CHRISTIAN BOJORQUEZ**, Assistant City Attorney – SBN 192872
**GABRIEL S. DERMER**, Assistant City Attorney – SBN 229424
**JOSEPH S. PERSOFF**, Deputy City Attorney – SBN 307986
200 No. Main Street, 6th Floor City Hall East
Los Angeles, California 90012
Email: christian.bojorquez@lacity.org
Phone: (213) 978-7023; Fax No: (213) 978-8785

*Attorneys for Defendants*
**CITY OF LOS ANGELES and CHIEF JIM McDONNELL**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACK LIVES MATTER LOS ANGELES, et al., <br><br> PLAINTIFFS, <br><br> v. <br><br> CITY OF LOS ANGELES, et al., <br><br> DEFENDANTS. | CASE NO. **CV20-05027 CBM-AS** <br><br> **DEFENDANTS' MOTION TO DISSOLVE PRELMINARY INJUNCTION** <br><br> [Filed concurrently with Notice of Motion; Declaration of Joseph Persoff; and [Proposed] Order] <br><br> **Hearing** <br><br> Date: November 18, 2025 <br> Time: 10:00 a.m. <br> Courtroom: 8D |

DEFENDANTS' MOTION TO DISSOLVE PRELIMINARY INJUNCTION

## I.   INTRODUCTION

Over four years ago, this Court issued a preliminary injunction setting forth the circumstances when LAPD officers could use 40mm and 37mm less-lethal force. With the benefit of hindsight and in light of comments from the Ninth Circuit in this case and the Supreme Court's recent decision emphasizing that injunctions must focus on the named plaintiffs, the Court's May 10, 2021 injunction should be dissolved, as the named Plaintiffs did not and do not have standing to obtain injunctive relief.

## II.   RELEVANT BACKGROUND

Plaintiffs initiated this lawsuit on June 5, 2020, challenging LAPD's conduct during the protests that arose throughout the City in May and June 2020 following the murder of George Floyd. *See, generally*, Compl., ECF No. 1. A few weeks later, Plaintiffs moved for a temporary restraining order and preliminary injunction. ECF No. 14. The Court denied Plaintiffs' Motion, finding that Plaintiffs had not demonstrated they are likely to suffer irreparable harm absent issuance of an injunction. Order Re: Notice of Ex Parte App. for TRO and Mot. for Prelim. Inj. at 3-5, ECF No. 28 ("Although Plaintiffs proffer evidence that they previously suffered irreparable harm while protesting and intend to continue those activities, the irreparable harm Plaintiffs allege rests on the assumption that more protests will lead to more constitutional violations.").

Plaintiffs again moved for a TRO and Preliminary Injunction on April 13, 2021, based on events that occurred in March 2021 and on August 26, 2020. App. for TRO and Prelim. Inj., ECF No. 53. Relying on evidence submitted by non-Plaintiffs, the Court issued an injunction, finding that Plaintiffs "established that extreme or very serious damage will result absent an injunction and their Fourth Amendment rights will be violated." Order Re: Prelim. Inj. at 10-11, ECF No. 101. The Court's Preliminary Injunction generally restricts use of 40mm and 37mm launchers. Prelim. Inj., ECF No. 102.

### III. LEGAL ARGUMENT

Dissolution of the preliminary injunction entered on May 10, 2021 is warranted because the named Plaintiffs do not have standing to obtain an injunction as they have not established a sufficient likelihood that they will again be harmed by LAPD in a similar way. The named Plaintiffs allege wrongful uses of force that occurred over five years ago, but the incidents that the Court relied on in granting the injunction did not involve those Plaintiffs, and the incidents that Plaintiffs raised to the Court in their contempt motion did not involve those Plaintiffs either. In its ruling vacating the certification of the classes, the Ninth Circuit highlighted this issue sua sponte, and the Supreme Court's *CASA, Inc.* decision teaches that in granting injunctive relief, courts must focus on the named plaintiffs.

In order to demonstrate entitlement to a preliminary injunction, a party must establish, among other things, that they are likely to suffer irreparable harm in the absence of preliminary relief. *LA Alliance for Human Rights v. Cnty. of L.A.*, 14 F.4th 947, 956 (9th Cir. 2021). A plaintiff seeking prospective injunctive relief must also establish standing by demonstrating a sufficient likelihood that she will again be wronged in a similar way. *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 680-81 (9th Cir. 2023).

District courts have inherent authority to modify a preliminary injunction. *A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1098 (9th Cir. 2002). A party is justified in seeking a modification or dissolution of an injunction due to a change in facts or law. *Alto v. Black*, 738 F.3d 1111, 1120 (9th Cir. 2013).

In its ruling vacating the certification of the classes, the Ninth Circuit noted that "[t]he City argued before the district court that the Injunctive Relief Class lacked Article III standing, but the district court granted a preliminary injunction without addressing that argument." *Black Lives Matter Los Angeles v. City of L.A.*, 113 F.4th 1249, 1265, n.3 (9th Cir. 2024); *see also* Defs.' Resp. to OSC Re Preliminary Inj. at 11-16, ECF No.

83 (raising issue of lack of standing); Order Re: Preliminary Inj., ECF No. 101. Since that ruling, the Supreme Court issued its decision in *Trump v. CASA, Inc.*, 606 U.S. 831 (2025). There, the Court held that an injunction's scope must be limited to providing complete relief to the plaintiff before the court. *Id*. at 852.

At the time of issuance of the preliminary injunction, eight Plaintiffs alleged wrongful uses of less-lethal force.[1] Second Amend. Compl. at 9-27, ECF No. 9. In moving for a Temporary Restraining Order, which evolved into the Preliminary Injunction, Plaintiffs submitted evidence from incidents occurring subsequent to the incidents at issue in this lawsuit and not involving the named Plaintiffs alleging wrongful uses of less-lethal force. *See* ECF No. 56 at 1-2 (Index of Exhibits and Declarations). The Court relied on this non-Plaintiff evidence in granting the Injunction. Order Re: Prelim. Inj. at 9-10. In their motion for contempt, Plaintiffs rely on incidents that occurred earlier this year, none of which involved the named Plaintiffs. *See* ECF Nos. 238-2 – 238-11.

A lesson learned from the *CASA* decision is that in considering the propriety of injunctive relief, courts must focus on the named plaintiffs. Here, the basis of each direct force Plaintiffs' claim is a use of force that occurred over five years ago.[2] This is insufficient to show a likelihood that Plaintiffs will be wronged again in a similar way. *See Sterling v. Feek*, 150 F.4th 1235, 1246 (9th Cir. 2025) ("To meet this requirement, a plaintiff generally must show that the threat of injury is 'actual and imminent, not conjectural or hypothetical.'"). Therefore, Plaintiffs did not and do not have standing to obtain injunctive relief and the Preliminary Injunction should be dissolved.

---

[1] Steven Roe, Tina Crnko, Abigail Rodas, Nadia Khan, Clara Aranovich, Jeffrey Trotter, Orlando Hinkston, Shannon Moore. Mr. Hinkston is not identified as a Plaintiff in the operative complaint. *See* Fourth Amend. Compl., ECF No. 233.

[2] Plaintiffs no longer assert a direct force damages class. *See generally,* Fourth Amend. Compl., ECF No. 233.

## IV.  CONCLUSION

Because no Plaintiff has demonstrated a sufficient likelihood that they will again be harmed by LAPD, Plaintiffs did not and do not have standing to obtain injunctive relief, as made clear by recent decisions of the Ninth Circuit and the Supreme Court. Therefore, the Court's May 10, 2021 Preliminary Injunction should be dissolved.

DATED: October 7, 2025      Respectfully Submitted,

**HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS,** Chief Deputy City Attorney
**KATHLEEN KENEALY**, Chief Asst. City Attorney
**CHRISTIAN BOJORQUEZ**, Assistant City Attorney
**GABRIEL S. DERMER**, Assistant City Attorney
**JOSEPH S. PERSOFF**, Deputy City Attorney

By:   /s/ Joseph S. Persoff
         JOSEPH S. PERSOFF
         Deputy City Attorney

Attorneys for Defendants
**CITY OF LOS ANGELES and
CHIEF JIM McDONNELL**